JUDGE RAKOFF

05 CV 2140

HEALY & BAILLIE, LLP
Attorneys for Plaintiff
61 Broadway
New York, NY 10006
(212) 943-3980
Richard V. Singleton (RS-9489)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
3 1 5 2005
U.S.D.C. S.D. N.Y.
CASHIERS

IROQUOIS GAS TRANSMISSION SYSTEM L.P.,

                                   Plaintiff,

        -against-

ASSOCIATED ELECTRIC & GAS INSURANCE
SERVICES LTD., Hamilton, Bermuda (AEGIS),

                                 Defendant.

**COMPLAINT IN ACTION
FOR DECLARATORY
JUDGMENT**

       Plaintiff, Iroquois Gas Transmission System L.P. (hereinafter "Iroquois"), by its attorneys Healy & Baillie, LLP, complaining of Defendant, Associated Electric & Gas Insurance Services Ltd., Hamilton, Bermuda (hereinafter "AEGIS"), alleges as follows:

       1.     This is an action for a judgment pursuant to 28 U.S.C. § 2201.

       2.     This Court has diversity jurisdiction over the claim asserted herein pursuant to 28 U.S.C. §1332, on the grounds that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, and/or of a foreign state.

       3.     Plaintiff is a limited liability partnership organized and existing under the laws of the State of Delaware, with an office and place of business at 1 Corporate Drive, Shelton, Connecticut 06484.

4.    Defendant AEGIS is a corporation organized and existing under the laws of the Commonwealth of Bermuda, with and office and place of business at 10 Exchange Place, Jersey City, New Jersey 07302.

5.    Defendant AEGIS is subject to jurisdiction in the State of New York and has appointed an agent for service of process in New York.

6.    Venue is proper in that defendant is a corporation subject to jurisdiction in New York.

### THE CONSTRUCTION CONTRACT

7.    On April 12, 2002, Iroquois, through its agent, Iroquois Pipeline Operating Company, entered into a contract with Horizon Offshore Contractors, Inc. (hereinafter "Horizon") for the construction of a 34-mile underwater natural gas pipeline from Northport, New York to Hunts Point, New York ("the Contract").

8.    Pursuant to § 12 of the Contract, Horizon was obligated to maintain various insurance policies in accordance with the terms and conditions of Exhibit G to the Contract.

9.    Section 2.4 of Exhibit G to the Contract obligated Horizon to name Iroquois as an additional assured on Horizon's variously enumerated insurance policies.

10.    Section Clause 2.4.2 of Exhibit G to the Contract provided that the coverage Horizon was contractually bound to provide Iroquois was deemed to be primary coverage in relation to other policies held directly by Iroquois.

11.    Pursuant to its contractual obligation, Horizon named Iroquois as an additional assured on various policies held by Horizon including the following:

273929.1

(a)    an AEGIS Policy providing the first layer of applicable insurance coverage extending to a limit of $1,000,000 (hereinafter the "AEGIS Policy");

(b)    an American Home policy providing excess cover beyond the AEGIS Policy to a limit of $10,000,000; and

(c)    an ARS policy providing excess cover beyond the American Home excess policy to a limit of $140,000,000.

12.    The American Home policy and the ARS policy are follow-on policies to the AEGIS Policy with some variations not here relevant.

## THE AEGIS POLICY

13.    The cover note to the AEGIS Policy issued in favor of Iroquois recites under "OTHER TERMS, CLAUSES AND CONDITIONS" that AEGIS agreed to such coverage as follows:

2.    ADDITIONAL INSURED CLAUSE AND OTHER PROVISIONS

i.)    The insured has privilege to name others as an additional insured for their respective rights and interests and/or waive any rights of recovery, but only to the extent as may be required under contract or agreement.

14.    AEGIS, agreed to provide primary cover to Iroquois pursuant to the Contract, and the cover note to the Horizon AEGIS Policy further states the following with respect to primary coverage:

iii.)    It is agreed that in respect of additional insured(s), the coverage provided hereunder shall be primary in respect of any coverage carried by said additional insured(s) but only to the extent as may be required by contract or agreement.

15.    The coverage Horizon was contractually bound to provide Iroquois included cover for the legal cost of defending actions brought against the assured(s), which includes Iroquois.

16.    The AEGIS Policy provided coverage for $950,000 excess of $50,000 per accident/occurrence pursuant to the "Declarations" of the policy.

17.    Clause 4 of the "Declarations" of the policy states:

**SUM(S) INSURED**

US$950,000 any one accident or occurrence, including legal and survey fees and expenses, subject to a general aggregate limit of liability of US$15,000,000 per period.

18.    Clause 5 of the "Deductions" of the policy states:

**EXCESS**

US$50,000 any one accident or occurrence, including legal and survey fees and expenses.

19.    The foregoing clauses set out the obligations of AEGIS to Iroquois, which include, *inter alia*, payment of legal fees incurred by Iroquois respecting covered risks.

**THE DISPUTE**

20.    On or about February 27, 2003, the anchor of the pipe-lay barge, the GULF HORIZON, belonging to Horizon, while performing work pursuant to the Contract, allegedly snagged and damaged an underwater electrical cable belonging to the Power Authority of the State of New York ("NYPA").

21.    Pursuant to the cover note of the AEGIS policy, the GULF HORIZON is named as an insured vessel under the AEGIS Policy.

22.    Shortly after the incident NYPA placed Iroquois on notice that it intended to hold Iroquois fully responsible for all damage resulting from the incident.

23.    On or about August 2003, Horizon commenced litigation in the United States District Court for the Southern District of Texas under the Shipowner's Limited Liability Act ("Act") seeking exoneration from or limitation of liability with respect to the cable damage.

24.    Iroquois and NYPA filed claims in that action as they were required to do under the Act.  NYPA claimed for its damages, and Iroquois claimed for indemnity for any liability it may be found to have to NYPA.

25.    On or about July 21, 2004, NYPA filed cross-claims against Iroquois seeking to recover in full from Iroquois for the cost of repairs and other losses in connection with the incident.

26.    On or about October 13, 2004, NYPA filed a motion for summary judgment against Iroquois.

27.    Iroquois timely notified AEGIS of the commencement of Horizon's limitation action, the filing of NYPA's cross-claim against Iroquois, and of the filing of NYPA's motion for summary judgment.

28.    In response to the actions filed against it Iroquois has expended substantial sums in legal fees to defend itself against the claims of third parties and to assert indemnity claims against Horizon.

29.    As an additional insured under the AEGIS policies, AEGIS is obligated to defend Iroquois and reimburse Iroquois for its legal costs incurred in connection with the cable damage litigations.

30.    Despite due demand AEGIS has failed to reimburse Iroquois' legal costs which now exceed $600,000.

31.    As a result of AEGIS' failure to pay Iroquois' legal costs, Iroquois has had to fund its own legal costs and/or seek on account payments against secondary insurance policies which would otherwise take effect only in the event of non-payment by AEGIS.

32.    AEGIS has continued to fail to respond to Iroquois' requests to defend and for coverage for legal costs and expenses although there is no basis on which to do so.

33.    The continued failure of AEGIS to defend and to reimburse Iroquois' on-going legal costs in the pending litigations may at some point prejudice Iroquois' ability to defend the various claims asserted against it and to pursue recovery against those responsible for the incident.

WHEREFORE, Plaintiff prays for judgment:

1.    declaring AEGIS is bound to cover Iroquois' legal expenses to the limit of Iroquois' cover;

2.    awarding Plaintiff its costs and reasonable attorneys' fees expended to date in connection with the litigation and in defending NYPA's claims;

3.    awarding Plaintiff its costs and reasonable attorneys' fees in connection with this action; and

3.    awarding Plaintiff such other and further relief as this Honorable Court may find to be just.

Dated:  New York, New York
        February 14, 2005

                                    HEALY & BAILLIE, LLP

                        By      _____
                                    Richard V. Singleton (RS-9489)
                                    Attorneys for Plaintiffs
                                    61 Broadway, 32nd Floor
                                    New York, New York 10006-2701
                                    (212) 943-3980