HEALY & BAILLIE, LLP
Attorneys for Plaintiff
61 Broadway
New York, NY 10006
(212) 943-3980
Richard V. Singleton (RS-9489)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| IROQUOIS GAS TRANSMISSION SYSTEM L.P.,<br><br>            Plaintiff,<br>-against-<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD., Hamilton, Bermuda (AEGIS), and CERTAIN UNDERWRITERS AT LLOYD'S,<br><br>            Defendants. | (ECF Case)<br><br>05 Civ. 2149 (JSR)<br><br>**AMENDED COMPLAINT IN ACTION FOR DECLARATORY JUDGMENT** |

Plaintiff, Iroquois Gas Transmission System L.P. (hereinafter "Iroquois"), by its attorneys Healy & Baillie, LLP, complaining of Defendants, Associated Electric & Gas Insurance Services Ltd., Hamilton, Bermuda (hereinafter "AEGIS") and of Certain Underwriters at Lloyd's (hereinafter "Lloyd's Underwriters"), alleges as follows:

1.  This is an action for a judgment pursuant to 28 U.S.C. § 2201.

2.  This Court has diversity jurisdiction over the claim asserted herein pursuant to 28 U.S.C. §1332, on the grounds that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, and/or of a foreign state.

3. Plaintiff is a limited liability partnership organized and existing under the laws of the State of Delaware, with an office and place of business at 1 Corporate Drive, Shelton, Connecticut 06484.

4. Defendant AEGIS is a corporation organized and existing under the laws of the Commonwealth of Bermuda, with and office and place of business at 10 Exchange Place, Jersey City, New Jersey 07302.

5. Defendant AEGIS is subject to jurisdiction in the State of New York and has appointed an agent for service of process in New York.

6. Defendants Lloyd's Underwriters are insurers and underwriters obligated to provide coverage pursuant to an insurance policy issued through Aon Risk Services of Texas, Inc. for the period from May 1, 2002 through May 1, 2003, bearing the number ARS-3246 and subject to Insuring Conditions identified as LE0280715. A list of each of these insurers and/or underwriters and their relative shares of cover under this contract of insurance, as is relevant to coverage under Section 1A of said policy, is attached hereto as "A."

7. Venue is proper in that defendants are corporations or other entities subject to jurisdiction within the Southern District of New York.

## THE CONSTRUCTION CONTRACT

8. On April 12, 2002, Iroquois, through its agent, Iroquois Pipeline Operating Company, entered into a contract with Horizon Offshore Contractors, Inc. (hereinafter "Horizon") for the construction of a 34-mile underwater natural gas pipeline from Northport, New York to Hunts Point, New York ("the Contract").

276240.2

- 2 -

9. Pursuant to § 12 of the Contract, Horizon was obligated to maintain various insurance policies in accordance with the terms and conditions of Exhibit G to the Contract.

10. Section 2.4 of Exhibit G to the Contract obligated Horizon to name Iroquois as an additional assured on Horizon's variously enumerated insurance policies.

11. Section Clause 2.4.2 of Exhibit G to the Contract provided that the coverage Horizon was contractually bound to provide Iroquois was deemed to be primary coverage in relation to other policies held directly by Iroquois.

12. Pursuant to its contractual obligation, Horizon named Iroquois as an additional assured on various policies held by Horizon including the following:

> (a) an AEGIS Policy providing the first layer of applicable insurance coverage extending to a limit of $1,000,000 (hereinafter the "AEGIS Policy");
>
> (b) an American Home policy providing excess cover beyond the AEGIS Policy to a limit of $10,000,000; and
>
> (c) an ARS policy providing excess cover beyond the American Home excess policy to a limit of $140,000,000.

13. The Steamship Policy, the American Home Policy, and the Conglomerate Excess Policy are follow-on policies to the AEGIS Policy with some variations not here relevant.

14. Horizon also procured an additional policy of hull insurance underwritten (as is relevant here) by the Lloyd's Underwriters. The policy was issued by Aon Risk

276240.2                                     - 3 -

Services of Texas, Inc. for the period from May 1, 2002 through May 1, 2003 and bears the number ARS-3246. A list of the Lloyd's Underwriters, including each insurer's and/or underwriter's relative share of said cover, is attached hereto as "A." This policy is hereinafter referred to as the "Lloyd's Hull Policy."

## THE OCCURRENCE

15. On or about February 27, 2003, the anchor of the pipe-lay barge, the GULF HORIZON, belonging to Horizon, while performing work pursuant to the Contract, allegedly snagged and damaged an underwater electrical cable belonging to the Power Authority of the State of New York ("NYPA").

16. The GULF HORIZON is named as an insured vessel under the AEGIS Policy.

17. The GULF HORIZON is named as an insured vessel under the Lloyd's Hull Policy.

18. Shortly after the incident NYPA placed Iroquois on notice that it intended to hold Iroquois fully responsible for all damage resulting from the incident.

19. On or about August 2003, Horizon commenced litigation in the United States District Court for the Southern District of Texas under the Shipowner's Limited Liability Act ("Act") seeking exoneration from or limitation of liability with respect to the cable damage.

20. Iroquois and NYPA filed claims in that action as they were required to do under the Act. NYPA claimed for its damages, and Iroquois claimed for indemnity for any liability it may be found to have to NYPA.

21. On or about July 21, 2004, NYPA filed cross-claims against Iroquois seeking to recover in full from Iroquois for the cost of repairs and other losses in connection with the incident.

22. On or about October 13, 2004, NYPA filed a motion for summary judgment against Iroquois.

## THE AEGIS POLICY

23. The cover note to the AEGIS Policy issued in favor of Iroquois recites under "OTHER TERMS, CLAUSES AND CONDITIONS" that AEGIS agreed to such coverage as follows:

> 2. ADDITIONAL INSURED CLAUSE AND OTHER PROVISIONS
>
> i.) The insured has privilege to name others as an additional insured for their respective rights and interests and/or waive any rights of recovery, but only to the extent as may be required under contract or agreement.

24. AEGIS, agreed to provide primary cover to Iroquois pursuant to the Contract, and the cover note to the Horizon AEGIS Policy further states the following with respect to primary coverage:

> iii.) It is agreed that in respect of additional insured(s), the coverage provided hereunder shall be primary in respect of any coverage carried by said additional insured(s) but only to the extent as may be required by contract or agreement.

25. The coverage Horizon was contractually bound to provide Iroquois included cover for the legal cost of defending actions brought against the assured(s), which includes Iroquois.

26. The AEGIS Policy provided coverage for $950,000 excess of $50,000 per accident/occurrence pursuant to the "Declarations" of the policy.

27. Clause 4 of the "Declarations" of the policy states:

**SUM(S) INSURED**

> US$950,000 any one accident or occurrence, including legal and survey fees and expenses, subject to a general aggregate limit of liability of US$15,000,000 per period.

28. Clause 5 of the "Deductions" of the policy states:

**EXCESS**

> US$50,000 any one accident or occurrence, including legal and survey fees and expenses.

29. The foregoing clauses set out the obligations of AEGIS to Iroquois, which include, *inter alia*, payment of legal fees incurred by Iroquois respecting covered risks.

### THE LLOYD'S HULL POLICY

30. The Lloyd's Hull Policy incorporates "Insuring Conditions" denominated as "LE0280715." Said Conditions provide in pertinent part as follows:

> It is understood and agreed that where required by contract, bid or work order, Additional Assured and/or Waivers of Rights of Subrogation are automatically included hereunder, subject further to Notice Clauses as may be required by written contract only and that coverage provided hereunder shall be primary in respect of any coverage carried by said additional assureds where required by written contract.

31. The Lloyd's Hull Policy grants coverage to other parties identified as Additional Assureds when required by contract, bid or work order.

32. Iroquois is an Additional Assured within the meaning of the foregoing provision.

33. Accordingly, the Lloyd's Hull Policy is obligated to provide coverage that is primary in respect any coverage carried by Iroquois.

34. The obligation of Certain Underwriters at Lloyd's to provide cover to Iroquois additionally includes the obligation to pay legal fees and costs incurred by Iroquois in respect of covered risks.

## THE DISPUTE

35. AEGIS was timely notified on or shortly after the incident which occurred in February of 2003.

36. AEGIS was informed of the commencement of Horizon's limitation action, the filing of NYPA's cross-claim against Iroquois, and of the filing of NYPA's motion for summary judgment.

37. Lloyd's Underwriters were also timely notified of the foregoing.

38. In response to the actions filed against it Iroquois has expended substantial sums in legal fees to defend itself against the claims of third parties and to assert indemnity claims against Horizon.

39. As an additional insured under the AEGIS Policy and under the Lloyd's Hull Policy, AEGIS and the Lloyd's Underwriters are obligated to defend and indemnify Iroquois and to reimburse Iroquois for its legal costs incurred in connection with the cable damage litigations.

40. Despite due demand AEGIS and the Hull Underwriters have failed to reimburse Iroquois' legal costs which now exceed $600,000.

41. As a result of the failure of AEGIS and the Lloyd's Underwriters to pay Iroquois' legal costs, Iroquois has had to fund its own legal costs and/or seek on account payments against secondary insurance policies which would otherwise take effect only in the event of non-payment by AEGIS or the Lloyd's Underwriters.

42. AEGIS and the Lloyd's Underwriters have continued to fail to respond to Iroquois' requests to defend and for coverage of legal costs and expenses although there is no basis on which to do so, and accordingly have waived their right to object to coverage and/or are now estopped from denying coverage.

43. The continued failure of AEGIS and the Lloyd's Underwriters to defend and to reimburse Iroquois' on-going legal costs in the pending litigations may at some point prejudice Iroquois' ability to defend the various claims asserted against it and to pursue recovery against those responsible for the incident.

WHEREFORE, Plaintiff prays for judgment:

1. declaring AEGIS is bound to cover Iroquois' legal expenses to the limit of Iroquois' cover;

2. declaring Lloyd's Underwriters are bound to cover Iroquois legal expenses pursuant to the Lloyd's Hull Policy;

3. awarding Plaintiff its costs and reasonable attorneys' fees expended to date in connection with the litigation and in defending NYPA's claims;

5. awarding Plaintiff its costs and reasonable attorneys' fees in connection with this action; and

276240.2

- 8 -

    6.  awarding Plaintiff such other and further relief as this Honorable Court may find to be just.

Dated: New York, New York
    March 23, 2005

                 HEALY & BAILLIE, LLP

          By _____
              Richard V. Singleton (RS-9489)
              Attorneys for Plaintiffs
              61 Broadway, 32nd Floor
              New York, New York 10006-2701
              (212) 943-3980

TO: LaBOEUF, LAMB, GREENE, MACRAE, LLP.
    Agent for Service of Process for Defendant
     Associated Electric & Gas Insurance Services Ltd.
    125 West 55th Street
    New York, New York 10019

    MENDEZ & MOUNT, LLP
    Agent for Service of Process for Defendant
     Certain Underwriters at Lloyd's
    750 Seventh Avenue
    New York, New York 10019-6829

A

June 28, 2002                                                                                      ARS-3246

*Aon Risk Services*

*Natural Resources Group*

## SECURITY:

### Section IA and IB:

| UNDERWRITER | PERCENTAGE WRITTEN |
|---|---|
| Underwriters at Lloyd's Syndicate No. 2020 | 15.0% |
| Underwriters at Lloyd's Syndicate No. 510 | 7.5% |
| Underwriters at Lloyd's Syndicate No. 2791 | 5.0% |
| Underwriters at Lloyd's Syndicate No. 457 | 10.0% |
| Zurich Specialties London Ltd. | 7.5% |
| Great Lakes Reinsurance (UK) Ltd. | 7.5% |
| Underwriters at Lloyd's Syndicate No. 2323 | 2.5% |
| Underwriters at Lloyd's Syndicate No. 2987 | 4.0% |
| International Company of Hannover | 4.5% |
| Underwriters at Lloyd's Syndicate No. 1183 | 5.0% |
| Underwriters at Lloyd's Syndicate No. 382 | 1.5% |
| GE Specialty (UK) Ltd. via JLT Risk Solutions Limited | 20.0% |
| Continental Insurance Company via Marine Office of America/CNA | 5.0% |
| American Employer's Insurance Company | 1.5% |
| Fireman's Fund Insurance Company | 1.3% |
| Markel Insurance Company | 1.7% |
| Royal Insurance Company via Gulf Coast Marine, Inc. | 0.5% |
|  | 100.0% |