DONOVAN PARRY McDERMOTT & RADZIK
Edward C. Radzik (ER-2473)
Attorneys for Defendants, Lloyd's Underwriters
Wall Street Plaza
88 Pine Street - 21ˢᵗ Floor
New York, NY 10005-1801
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

IROQUOIS GAS TRANSMISSION
SYSTEM L.P.,

                       Plaintiffs,

       - against -

ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LTD.,
Hamilton, Bermuda (AEGIS), and
CERTAIN UNDERWRITERS AT LLOYD'S,

                       Defendants.

----------------------------------------------------------X

**ECF CASE**

05 Civ.2149 (JSR)

**ANSWER TO
AMENDED COMPLAINT**

Interested Underwriters and Insurers Subscribing to Marine Hull Policy

Number LEO 280715 covering the period May 1, 2002, through May 1, 2003, sued herein

as **"CERTAIN UNDERWRITERS AT LLOYD'S** (hereinafter called **Lloyd's**

**Underwriters** or Defendants), by their attorneys DONOVAN PARRY McDERMOTT &

RADZIK, answering the Amended Complaint of **IROQUOIS GAS TRANSMISSION**

**SYSTEM L.P. ("Iroquois")**, alleges on information and belief as follows:

1. Admit the allegations contained in Paragraph "1" of the Amended Complaint.

2. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Amended Complaint.

3. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Amended Complaint.

4. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Amended Complaint.

5. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Amended Complaint.

6. Admit that **Lloyd's Underwriters** are insurers and underwriters under a Marine Hull Policy identified as LEO 280715, covering the period May 1, 2002 through May 1, 2003, and that **Aon Risk Services of Texas, Inc.** served as the broker for the insured, **Horizon Offshore Contractors, Inc.** Except as so admitted, they deny the remaining allegations contained in Paragraph "6" of the Amended Complaint.

7. Admit that **Lloyd's Underwriters** are subject to personal jurisdiction in the State of New York but deny that venue in this District is proper because of an Order in a related case issued in the United States District Court for the Southern District of Texas, sub-nom *In Re Horizon Vessels Inc. et al.*, Civil Action No. H-03-3280, *inter alia*, prohibiting plaintiff from bringing this action against **Lloyd's Underwriters.**

- 2 -

8.      Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Amended Complaint.

9.      Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Amended Complaint.

10.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Amended Complaint.

11.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Amended Complaint.

12.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Amended Complaint.

13.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Amended Complaint.

14.     Admit that **Lloyd's Underwriters** are insurers and underwriters under a Marine Hull Policy identified as LEO 280715, covering the period May 1, 2002 through May 1, 2003, and that **Aon Risk Services of Texas, Inc.** served as the broker for the insured for the insured, **Horizon Offshore Contractors, Inc.** Except as so admitted, they deny the remaining allegations contained in Paragraph "14" of the Amended Complaint.

15.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Amended Complaint.

- 3 -

16.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Amended Complaint.

17.    Admit the allegations contained in Paragraph "17" of the Amended Complaint.

18.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Amended Complaint.

19.    Admit the allegations contained in Paragraph "19" of the Amended Complaint.

20.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Amended Complaint.

21.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Amended Complaint.

22.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Amended Complaint.

23.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Amended Complaint.

24.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Amended Complaint.

25.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Amended Complaint.

- 4 -

26.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Amended Complaint.

27.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Amended Complaint.

28.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Amended Complaint.

29.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Amended Complaint.

30.     Admit that the language said to be quoted from the **Lloyd's Underwriters'** Marine Hull Policy LEO 280715 in Paragraph "30" of the Amended Complaint appears to be an accurate excerpt of that Policy. Except as so admitted, they deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "30" of the Amended Complaint.

31.     Admit that the **Lloyd's** Hull Policy allows entities other than the Assured to be included as Additional Assureds. Except as so admitted, they deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "31" of the Amended Complaint.

32.     Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Amended Complaint.

5 -

33. Deny the allegations contained in Paragraph "33" of the Amended Complaint.

34. Admit that certain terms and conditions of the **Lloyd's** Hull Policy provide for *inter alia*, the payment of legal fees in respect of certain covered risks. Except as so admitted, deny the allegations contained in Paragraph "34" of the Amended Complaint.

35. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Amended Complaint.

36. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Amended Complaint.

37. Deny the allegations contained in Paragraph "37" of the Amended Complaint.

38. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Amended Complaint.

39. Deny the matters alleged in respect of **Lloyd's Underwriters** contained in Paragraph "39" of the Amended Complaint. Deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "39" of the Amended Complaint.

40. Deny that any sums are due to Plaintiff from **Lloyd's Underwriters**. Deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "40" of the Amended Complaint.

6 -

41.    Deny the allegations made in respect of **Lloyd's Underwriters** contained in Paragraph "41" of the Amended Complaint. Deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "41" of the Amended Complaint.

42.    Deny the allegations made in respect of **Lloyd's Underwriters** contained in Paragraph "42" of the Amended Complaint. Deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "42" of the Amended Complaint.

43.    Deny the allegations made in respect of **Lloyd's Underwriters** contained in Paragraph "43" of the Amended Complaint. Deny that they have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "42" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44.    The Amended Complaint fails to state a cause of action upon which relief may be granted against defendants, **Lloyd's Underwriters**.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45.    As a condition precedent for coverage under the Marine Hull Policy of Insurance issued by **Lloyd's Underwriters**, plaintiff was obligated and required, under the express terms and conditions of said Policy, to provide **Lloyd's Underwriters** with prompt

notification of any potential claim or of events or circumstances which may give rise to a claim under the Policy.

46.    Plaintiff, **Iroquois**, failed to properly and timely give notification of the subject claim to **Lloyd's Underwriters.**

47.    As the result of plaintiff's improper and untimely notification of the subject claim to **Lloyd's Underwriters,** and plaintiff's failure to satisfy the condition precedent for coverage, any coverage that would have otherwise been applicable, is vitiated as a matter of law and **Lloyd's Underwriters** are relieved of any obligations to plaintiff or others for any of the matters alleged in the Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48.    Plaintiff's Amended Complaint should be dismissed because its causes of action against **Lloyd's Underwriters** are barred and prohibited by reason of the monition and stay order entered by the United States District Court for the Southern District of Texas in the Limitation Proceedings commenced by **Horizon Vessels, Inc.,** *et al.* Civil Action Number H-03-3280.

49.    A subsequent Order of the Southern District of Texas which denied plaintiff, **Iroquois'** motion to transfer the Limitation Proceedings and lifted the stay on a limited basis only to allow **Iroquois** to pursue its personal contract doctrine cause(s) of action against **Horizon Offshore Contractors, Inc.** in another forum. However, the

modification of the stay did not permit **Iroquois** to proceed against **Horizon's** "liability underwriters" in any other forum except for the Southern District of Texas.

50.    In the circumstances, the subject action as against **Lloyd's Underwriters** violates the stay previously imposed by the Southern District of Texas and said action is improper and should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51.    Venue of this matter in this Court is improper and/or inconvenient. This action should be dismissed and/or transferred to the Southern District of Texas without prejudice to sanctions against plaintiff for its violation, and/or contempt, of the Southern District of Texas' order prohibiting the commencement of this action against **Horizon's** liability underwriters in this Court.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52.    To the extent plaintiff **Iroquois** has suffered any loss, which is denied and/or may be exposed to any liabilities to third parties by reason of the matters alleged in the Amended Complaint, or otherwise, such losses and/or exposure to liabilities are not covered by the terms and conditions of the Marine Hull Policy of Insurance issued by defendant, **Lloyd's Underwriters**.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53.    To the extent plaintiff **Iroquois** has suffered any loss, which is denied, and/or may be exposed to liabilities to third parties by reason of the matters alleged in the

- 9 -

Amended Complaint or otherwise, plaintiff must look to coverage provided by co-defendant **AEGIS** and/or to other primary and excess insurers who have expressly agreed to cover plaintiff's and/or **Horizon's** claims for recoupment of legal costs and expenses and indemnification for losses of third parties for which plaintiff and/or **Horizon** may be contractually responsible.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54.      The plaintiff's claims for damage to fixed and floating objects and/or contractual liabilities to third parties and/or for other related matters referred to in the Amended Complaint including, but not limited to, indemnification of legal expenses are excluded and/or limited by, and/or subject to the deductibles of, the terms and conditions of the Hull Policy issued by **Lloyd's Underwriters**, and defendants **Lloyd's Underwriters'** claim the full benefit of any and all such exclusions and/or limitations and/or deductibles of said Hull Policy which shall be produced and proven at trial.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

55.      Plaintiff's action is barred because it failed to properly mitigate or avoid its alleged losses and otherwise failed to act as a prudent uninsured, including but not limited to, the exercise of rights and options available to it under the contacts to which it was a party and/or contracts to which it was an intended beneficiary.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56.     If any coverage is afforded or available under the Hull Policy of Insurance issued by **Lloyd's Underwriters**, which is specifically denied, then all or a portion of **Lloyd's** Policy is excluded and/or limited by reason of the "other insurance" doctrine and the provisions contained in the **Lloyd's Underwriters** Hull Policy.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57.     Plaintiff's action is barred by the doctrines of waiver and estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's action is barred because plaintiff lacks standing.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

59.     Plaintiff's action is barred by the doctrine of laches.

## AS AND FOR A THIRTEEN AFFIRMATIVE DEFENSE

60.     If any coverage is afforded or available under the Hull Policy of Insurance issued by **Lloyd's Underwriters**, which is specifically denied, the Hull Policy of Insurance is not primary as the damages alleged by **NYPA** were caused, in whole or in part, by **Iroquois**' negligence in carrying out its obligations under the contract between **Iroquois** and **Horizon Offshore.**

- 11 -

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

61.    Plaintiff's action is premature as **Lloyd's Underwriters** obligation to **Iroquois**, if any, under the Hull Policy does not arise until Judgment has been entered against **Iroquois** and **Iroquois** has paid damages to third-parties in satisfaction of said judgment.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

62.    If any coverage is afforded or available under the Hull Policy of Insurance issued by **Lloyd's Underwriters**, which is specifically denied, the Hull Policy of Insurance only provides coverage for **Iroquois'** negligence in the operation of the *GULF HORIZON*.

**WHEREFORE**, defendants, **Lloyd's Underwriters** respectfully request judgment dismissing the Amended Complaint against them, with prejudice and with costs, disbursements, and attorneys' fees incurred by them in defending this action, together with such other and further or different relief which this Court deems just and proper.

Dated:    New York, New York
          April 19, 2005

DONOVAN PARRY McDERMOTT & RADZIK
Attorneys for Defendants, **Lloyd's Underwriters**

BY:    _____
       EDWARD C. RADZIK (ER-2473)
       Wall Street Plaza
       88 Pine Street - 21st Floor
       New York, New York 10005-1801
       (212) 376 6400
       (FILE: GM-05-3502 ECR/CEM)

- 12 -

TO:   Richard V. Singleton, Esq.
John C. Koster, Esq.
Healy & Baillie
Attorneys for Iroquois Gas Transmission System L.P.
61 Broadway - 32nd Floor
New York, NY 10006-2701
(212) 709-9264

John P. Vayda, Esq.
Attorneys for Defendant, Associated Electric & Gas
   Insurance Services Ltd., Hamilton, Bermuda (AEGIS)
Nourse & Bowles
One Exchange Plaza
55 Broadway - 30th Floor
New York, NY 10006-3030
(212) 952-6202