NOURSE & BOWLES, LLP
Attorneys for Defendant
ASSOCIATED ELECTRIC &
GAS INSURANCE SERVICES LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IROQUOIS GAS TRANSMISSION SYSTEM L.P., :
                                        :
                        Plaintiff,      :    05 Civ. 2149 (JSR)
                                        :
            - against -                 :    **ECF CASE**
                                        :
ASSOCIATED ELECTRIC & GAS INSURANCE     :    **AMENDED ANSWER TO**
SERVICES LTD., Hamilton, Bermuda (AEGIS), :  **AMENDED COMPLAINT**
and CERTAIN UNDERWRITERS AT LLOYD'S,    :
                                        :
                        Defendants.     :
-----------------------------------------------------------------X

Defendant, ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

("AEGIS"), by its attorneys, Nourse & Bowles, LLP, answering the Amended Complaint of

IROQUOIS GAS TRANSMISSION SYSTEM L.P., ("Iroquois"), alleges on information and

belief as follows:

        1.    It admits the allegations contained in paragraph 1 of the Amended Complaint.

        2.    It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 2 of the Amended Complaint.

        3.    It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 3 of the Amended Complaint.

        4.    It admits the allegations contained in paragraph 4 of the Amended Complaint.

        5.    It admits the allegations contained in paragraph 5 of the Amended Complaint.

6. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 6 of the Amended Complaint.

7. It admits that AEGIS is subject to personal jurisdiction in the State of New York but denies that venue in this District is proper because (a) of an Order in a related case issued in the United States District Court for the Southern District of Texas, sub-nom *In Re Horizon Vessels Inc. et al.,* Civil Action No. H-03-3280, *inter alia*, prohibiting Plaintiff from bringing this action against AEGIS, and (b) as stated below the Amended Complaint with respect to it should be dismissed or stayed in favor of adjudication by the AEGIS directors or arbitration in London.

8. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 8 of the Amended Complaint.

9. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 9 of the Amended Complaint.

10. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 10 of the Amended Complaint.

11. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 11 of the Amended Complaint.

12. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 12 of the Amended Complaint.

13. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 13 of the Amended Complaint.

14. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 14 of the Amended Complaint.

15.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 15 of the Amended Complaint.

16.  It admits that the lay barge GULF HORIZON is named as an insured vessel under a Certificate of Insurance and Acceptance issued by AEGIS for account of Horizon Offshore Inc. and others, for the period noon 20th February 2002, (GMT) to 12:01 a.m. 1st May 2003 (CST), pursuant to the terms and conditions of that Certificate and its incorporated Rules of the Steamship Mutual Underwriting Association (Bermuda) Limited (the "Policy").

17.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 17 of the Amended Complaint.

18.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 18 of the Amended Complaint.

19.  It admits the allegations contained in paragraph 19 of the Amended Complaint.

20.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 20 of the Amended Complaint.

21.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 21 of the Amended Complaint.

22.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 22 of the Amended Complaint.

23.  It admits that the language quoted in paragraph 23 of the Amended Complaint is included within the Policy.  It denies the other allegations contained in Paragraph 23 of the Amended Complaint.

24.  It admits that the language quoted in paragraph 24 of the Amended Complaint is included within the Policy, but denies that the language quoted in paragraph 24 of the Amended

Complaint contains the full and complete terms and conditions with respect to primary cover. It denies the other allegations in paragraph 24 of the Amended Complaint.

25. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 25 of the Amended Complaint.

26. It admits that the Policy provided a Limit of Liability of $950,000 – any one accident or occurrence or series of accidents or occurrences arising out of one event including legal and survey fees and expenses subject to a general aggregate limit of US$15,000,000 for the period, excess of US$50,000 – any one accident or occurrence or series of accidents or occurrences arising out of one event, including legal and survey fees and expenses. It denies the other allegations contained in paragraphs 26, 27, and 28 of the Amended Complaint.

27. See paragraph 26.

28. See paragraph 26.

29. It admits that the above-described clauses set out some of the obligations of AEGIS under the Policy which, include *inter alia*, payment of legal fees respecting covered risks. It denies that those quoted clauses set out the full and complete terms and conditions of coverage. It denies knowledge or information sufficient to form a belief as to the other allegations made in paragraph 29 of the Amended Complaint.

30. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 30 of the Amended Complaint.

31. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 31 of the Amended Complaint.

32. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 32 of the Amended Complaint.

33.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 33 of the Amended Complaint.

34.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 34 of the Amended Complaint.

35.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 35 of the Amended Complaint.

36.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 36 of the Amended Complaint.

37.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 37 of the Amended Complaint.

38.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 38 of the Amended Complaint.

39.  It denies the matters alleged with respect to it in paragraph 39 of the Amended Complaint.  It denies that it has knowledge or information sufficient to form a belief as to the other matters alleged in paragraph 39 of the Amended Complaint.

40.  It denies that any sums are due to Plaintiff from AEGIS.  It denies that it has knowledge or information sufficient to form a belief as to the other matters alleged in paragraph 40 of the Amended Complaint.

41.  It denies the allegations made with respect to AEGIS in paragraph 41 of the Amended Complaint.  It denies that it has knowledge or information sufficient to form a belief as to all the other matters alleged in paragraph 41 of the Amended Complaint.

42. It denies the allegations made with respect to AEGIS in paragraph 42 of the Amended Complaint. It denies that it has knowledge or information sufficient to form a belief as to all the other matters alleged in paragraph 42 of the Amended Complaint.

43. It denies the allegations made with respect to AEGIS in paragraph 43 of the Amended Complaint. It denies that it has knowledge or information sufficient to form a belief as to all the other matters alleged in paragraph 43 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
## (ENGLISH LAW)

44. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 43.

45. The Policy Certificate of Insurance and Acceptance ("Certificate") under which Iroquois has apparently filed this Amended Complaint, states that:

> To the extent specified herein, the Rules of the Steamship Mutual Underwriting Association (Bermuda) Limited ("the Association") apply to the contract of insurance evidenced by this certificate, and references to specific Rule numbers and paragraphs are references to the Rules of the Association in force at the date hereof.

46. The Certificate, under the caption "Incorporation of Terms" provides:

> The "Class 1 Rules – Protection and Indemnity" of the Steamship Mutual Underwriting Association (Bermuda) Limited (the "Rules") in effect at the attachment date are hereby incorporated into this certificate, insofar as they may be applicable, subject to the following amendments and exceptions. All references in the Rules to "the Club" shall be read as references to "AEGIS" and/or where the context permits, its agent; all references to "the Directors" shall be read as references to AEGIS; all references to "the Member" shall be read as references to the "Assured" or "Insured"; all references to "the Managers" shall be read as references to "ORIGIN"; and references to "entry" and "entered" shall be read as references to "insurance" and "Assured"; and the Rules shall be deemed amended accordingly.

47.  The Certificate clause captioned "Service of Suit Clause" states:

> Notwithstanding the fact that this Certificate of Insurance was issued from Bermuda, AEGIS hereby undertakes to accept service of any proceedings instituted by the Assured in the US Courts through its duly authorized agents, LeBoeuf, Lamb, Greene Macrae, LLP at their offices, 125 West 55th Street, New York, NY 10019.  It is further agreed that such service may be made upon such agent personally or by mailing the summons to the above address by first-class registered United States mail.  The foregoing is without prejudice to the rights of AEGIS to contest jurisdiction and is specifically subject to Rule 36.

48.  Rule 36, Dispute Resolution, as published but which is modified per paragraph 46 above, provides:

**i a** If any difference or dispute shall arise between a Member and the Club concerning the construction of these Rules or of the Rules applicable to any Class in the Club or of any Bye-Law passed thereunder, or the insurance afforded by the Club under these Rules, or any amount due from the Club to the Member, such difference or dispute shall in the first instance be referred to and adjudicated by the Directors.

**b** If the Member does not accept the decision of the Directors the difference or dispute shall be referred to the arbitration of two arbitrators, one to be appointed by each of the parties, in London, and the submission to arbitration and all the proceedings therein shall be subject to the provisions of the English Arbitration Act, 1950 and the Schedules thereto or any statutory modification or re-enactment thereof.

**c** No Member shall be entitled to maintain any action, suit or other legal proceedings against the Club upon any such difference or dispute unless and until the same has been submitted to the Directors and they shall have given their decision thereon, or shall have made default for three months in so doing; and, if such decision be not accepted by the Member or such default be made, unless and until the difference or dispute shall have been referred to arbitration in the manner provided in this Rule, and the Award shall have been published; and then only for such sums as the Award may direct to be paid by the Club.  And the sole obligation of the Club to the Member under these Rules or otherwise howsoever in respect of any disputed claim made by the Member shall be to pay such sum as may be directed by such an Award.

**d**   These Rules and any Contract of Insurance between the Club and a Member shall be governed by and construed in accordance with English Law.

provided always that:

no benefit or rights are conferred, or are intended to be conferred, under or through the operation of the Contracts (Rights of Third Parties) Act 1999 or other similar legislation.

49.   Pursuant to Rule 36 (i)(d), above, this dispute is governed by and to be construed in accordance with English law and AEGIS hereby demands application of English law and has preserved such rights.

50.   AEGIS has not waived its right to enforce the above contract provisions.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
## (LONDON ADJUDICATION AND ARBITRATION)

51.   AEGIS repeats and realleges the allegations contained in paragraphs 1 through 50.

52.   Pursuant to Rule 36 (i)(a) set out in paragraph 48 above, Iroquois must in the first instance refer this difference or dispute to adjudication by the directors of AEGIS, which Iroquois has failed to do.

53.   Pursuant to Rule 36 (i)(b) set out in paragraph 48 above, if Iroquois does not accept the decision of AEGIS's directors, the difference or dispute shall be referred to London arbitration.

54.   AEGIS specifically reserves its right to said adjudication procedure and London arbitration of all differences and disputes included within this Amended Complaint or otherwise arising under the Policy.

55.   AEGIS has not waived or otherwise surrendered its right to said adjudication procedure and London arbitration but has preserved such rights by, among other things, reserving its right to arbitration in London.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## (POLICY LIMIT OF LIABILITY)

56.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 55.

**A.  Undertaking for Policy Limit of Liability**

57.  The Policy provides a single "Limit of Liability" of

> US$950,000 – any one accident or occurrence or series of accidents or occurrences arising out of one event including legal and survey fees and expenses subject to a general aggregate limit of US$15,000,000 for the period.

58.  The Policy provides a "Deductible" of

> US$50,000 – any one accident or occurrence or series of accidents or occurrences arising out of one event, including legal and survey fees and expenses.

59.  The Policy was issued to Horizon Offshore, Inc. and other(s) as assured(s).

60.  The Policy provided the assured privilege to name others as an additional assured.

61.  The Policy does not provide or allow for increase of the Limit of Liability in any way. If an additional insured was named by the assured, the single Limit of Liability remains $950,000 to cover the claims of all assureds and additional assureds.

62.  On information and belief, and as alleged in paragraph 19 of the Amended Complaint, Horizon commenced a proceeding in the United States District Court for the Southern District of Texas under the Shipowner's Limited Liability Act Seeking Exoneration From or Limitation of Liability ("Limitation Proceeding").

63.  Prior to commencing the Limitation Proceeding, Horizon requested that AEGIS, and others, issue an undertaking to the Clerk of the Court, United States District Court, Southern District of Texas, Houston Division.  The request made to AEGIS was that its undertaking be in the amount of $1,000,000, which is the Limit of Liability of the Policy.  It was, and remains,

unknown if AEGIS has any obligations to Horizon under the Policy and if so, in what amount.

Partially in order to preserve those unknowns, Horizon agreed to and did issue counter-security

to AEGIS for $1,000,000 which, among other things, preserved all of AEGIS's rights, defenses

and limitations under the Policy.  In exchange therewith, AEGIS on August 15, 2003, issued an

Undertaking to Mr. Michael Milvy, Clerk of the Court, United States District Court, Southern

District of Texas, Houston Division in the amount of $1,000,000 which is strictly subject to the

terms, limits and conditions of the Policy ("Undertaking") and others issued their undertaking(s)

in additional amounts.

64.  The above-described Undertaking is in the amount of $1,000,000 and remains

outstanding and in force.  It is unknown and beyond AEGIS's control, when, and or how the

Limitation Proceeding and/or AEGIS's obligation, if any, under the Undertaking will be

resolved.

65.  The entire Limit of Liability under the Policy is, at present and possibly finally, fully

committed and therefore unavailable to satisfy any other claims, including Iroquois' herein, even

if liability exists, which is denied.

**B.  Other Claims**

66.  Horizon and/or other assured(s) have requested reimbursement of $328,641.39 less

the applicable $50,000 deductible for lawyers' and experts' fees in respect of the same

occurrence referred to in the Amended Complaint and the Limitation Proceeding referred to in

paragraphs 62-65 above.  Numerous further claims have or will be made against Horizon and/or

other assured(s), and Horizon has made or will make further claims against AEGIS under the

Policy with respect to that same occurrence (collectively, the "Claims").

67. If allowed, the Claims would stand against and may exhaust the Limit of Liability of the Policy.

68. Said Claims have not been paid because, among other reasons, AEGIS does not know to whom, if anyone, or in what amounts it may have liability and, for the reasons described in paragraphs 61 through 65, the Limit of Liability of the Policy could become exhausted.

69. Depending on resolution of the Limitation Proceeding, payment of all or part of said Claims, if required, may exhaust the Limit of Liability of the Policy, in which case no Policy funds would be available to Iroquois, even if liability exists, which is denied.

70. For the reasons described in paragraphs 61 to 69 it is possible that the Limit of Liability has already been or will be exhausted leaving no funds available to Iroquois, even if liability exists, which is denied. Determination of said issues are dependent, at least in part, on resolution of the Limitation Proceeding before the U.S. District Court in Houston.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
## (INTEGRATION WITH HULL POLICY)

71. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 70.

## A. **Hull Risks Covered**

72. The risks covered by the Policy include "4/4ths Collision Liability and damage To Fixed and Floating Objects, but excluding amounts recoverable under Hull Risks insurance effected by the Assured." (Emphasis added.)

73. Claims for damage to Fixed and Floating Objects, to the extent they are covered by the Hull Risks insurance effected by the assured, are not recoverable from AEGIS.

74. On information and belief, including information provided by Iroquois, the Hull Risks insurance effected by Horizon provides:

> Including Collision and Tower's Liability amended to include collision and/or contact with fixed and floating objects per lines 78-111 of the American Institute Tug Form (August 1, 1976) Cl.A230, with line 79 amended by adding words 'or contact' after word 'collision' for separate minimum limit of USD 1,000,000 each accident or occurrence or hull value whichever the greater.

75.  In these circumstances, the Hull Risks policy would seem to include the liability in question and that Iroquois should present its claims to the Hull Risk insurers, not AEGIS.

**B.  Amount of Hull Risk Insurance Deductible**

76.  On information and belief, including information provided by Iroquois, the Hull Risks insurance effected by Horizon provides:

> Deductibles:
>
> USD 500,000 each accident or occurrence including total loss. Subject to Annual Aggregate deductible of USD 1,500,000 excluding total loss (Sections 1 & 2) to be reviewed by Leading Underwriters following a change in the fleet schedule hereon.

77.  On information and belief, AEGIS was not advised of the above very high level of deductible of the Hull Risks insurance by Horizon at the time that it was asked to write the Policy.  If Horizon had so advised AEGIS, then AEGIS would have either charged a higher premium, increased the level of deductible of the Policy or declined to write the Policy.

78.  In those circumstances and others, AEGIS is entitled to exclude the Horizon deductible from the Policy amount.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE<br>(INDEMNITY CLAIMS)**

79.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 78.

80.  On information and belief Iroquois may have claims for, among other things, indemnity against other entities such that Iroquois may be entitled to recover over from such

-12-

other entities all of its liabilities and/or expenditures including its legal fees and costs so that it will never have any claims against AEGIS under the Policy.  It is thus premature to consider whether Iroquois is entitled to any recovery from AEGIS under this Policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
## (FAILURE TO STATE CAUSE OF ACTION)

81.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 80.

82.  The Amended Complaint fails to state a cause of action upon which relief may be granted against defendant, AEGIS.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
## (LIMITATION PROCEEDING)

83.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 82.

84.  Plaintiff's Amended Complaint should be dismissed because its causes of action against AEGIS are barred and prohibited by reason of the monition and stay order entered by the United States District Court for the Southern District of Texas in the Limitation Proceedings commenced by Horizon Vessels, Inc., *et al.* Civil Action Number H-03-3280.

85.  A subsequent Order of the Southern District of Texas denied Plaintiff, Iroquois', motion to transfer the Limitation Proceedings and lifted the stay on a limited basis only to allow Iroquois to pursue its personal contract doctrine cause(s) of action against Horizon Offshore Contractors, Inc. in another forum.  However, the modification of the stay did not permit Iroquois to proceed against Horizon's "liability underwriters" in any other forum except for the Southern District of Texas.

86.  In the circumstances, the subject action as against AEGIS violates the stay previously imposed by the Southern District of Texas and said action is improper and should be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (VENUE)

87.   AEGIS repeats and realleges the allegations contained in paragraphs 1 through 86.

88.   Venue of this matter in this Court is improper and/or inconvenient.  This action should be dismissed and/or transferred to London arbitration or the Southern District of Texas without prejudice to sanctions against Plaintiff for its violation, and/or contempt, of the Southern District of Texas' order prohibiting the commencement of this action against Horizon's liability underwriters in this Court.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (MITIGATION)

89.   AEGIS repeats and realleges the allegations contained in paragraphs 1 through 88.

90.   Plaintiff's action is barred because it failed to properly mitigate or avoid its alleged losses and otherwise failed to act as a prudent uninsured, including but not limited to, the exercise of rights and options available to it under the contracts to which it was a party and/or contracts to which it was an intended beneficiary.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (WAIVER AND ESTOPPEL)

91.   AEGIS repeats and realleges the allegations contained in paragraphs 1 through 90.

92.   Plaintiff's action is barred by the doctrines of waiver and estoppel.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
### (STANDING)

93.   AEGIS repeats and realleges the allegations contained in paragraphs 1 through 92.

94.   Plaintiff's action is barred because Plaintiff lacks standing.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### (LACHES)

95.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 94.

96.  Plaintiff's action is barred by the doctrines of laches.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (THIRD PARTIES)

97.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 96.

98.  To the extent Plaintiff Iroquois has suffered any loss, which is denied and/or may be exposed to any liabilities to third parties by reason of the matters alleged in the Amended complaint, or otherwise, such losses and/or exposure to liabilities are not covered by the terms and conditions of the Policy issued by defendant, AEGIS.

99.  To the extent Plaintiff Iroquois has suffered any loss, which is denied, and/or may be exposed to liabilities to third parties by reason of the matters alleged in the Amended Complaint or otherwise, Plaintiff must look to coverage provided by other entities, if any, who have expressly agreed to cover Plaintiff's and/or Horizon's claims for recoupment of legal costs and expenses and indemnification for losses of third parties for which plaintiff and/or Horizon may be contractually responsible.

WHEREFORE, defendant, AEGIS, demands that the Amended Complaint against it be dismissed with prejudice and with costs, disbursements and attorneys' fees or, in the alternative, stayed pending adjudication by the AEGIS directors and/or London arbitration, and that it may have such other, further and different relief as justice may require.


Dated:   New York, New York
         April 25, 2005

                                              NOURSE & BOWLES, LLP
                                              Attorneys for Defendant
                                              ASSOCIATED ELECTRIC & GAS
                                              INSURANCE SERVICES LTD.

                                              By: _____
                                                  John P. Vayda, Esq. (JV 0339)
                                                  One Exchange Plaza
                                                  At 55 Broadway
                                                  New York, NY 10006-3030
                                                  (212) 952-6200

TO:  HEALY & BAILLIE, LLP
     Attorneys for Plaintiff
     61 Broadway
     New York, NY 10006
     (212) 943-3980
     Attention:  Richard V. Singleton, Esq.
                 John Koster, Esq.

     DONOVAN PARRY McDERMOTT & RADZIK
     Attorneys for Defendants, Lloyd's Underwriters
     Wall Street Plaza, 88 Pine Street
     New York, NY 10005-1801
     (212) 376-6400
     Attention:  Edward C. Radzik, Esq.