DONOVAN PARRY McDERMOTT & RADZIK
Edward C. Radzik (ER-2473)
Attorneys for Defendants, Lloyd's Underwriters
Wall Street Plaza
88 Pine Street - 21st Floor
New York, NY 10005-1801
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

**ECF CASE**

IROQUOIS GAS TRANSMISSION
SYSTEM L.P.,

05 Civ.2149 (JSR)

                Plaintiffs,

**ANSWER TO SECOND
AMENDED COMPLAINT**

- against -

ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LTD.,
Hamilton, Bermuda; CERTAIN
UNDERWRITERS AT LLOYD'S; AON
RISK SERVICES OF TEXAS, INC.; and
AMERICAN HOME ASSURANCE CO.,

                Defendants.

------------------------------------------------------------X

       Interested Underwriters and Insurers Subscribing to Marine Hull Policy

Number LEO 280715 covering the period May 1, 2002, through May 1, 2003, ("hereinafter

called **Lloyd's Underwriters** or Defendants"), sued herein as "**CERTAIN**

**UNDERWRITERS AT LLOYD'S,** by their attorneys DONOVAN PARRY McDERMOTT

& RADZIK, answering the Second Amended Complaint of **IROQUOIS GAS**

**TRANSMISSION SYSTEM L.P. ("Iroquois")**, alleges on information and belief as follows:

    1.    Admit the allegations contained in Paragraph "1" of the Second Amended Complaint.

    2.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Second Amended Complaint.

    3.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Second Amended Complaint.

    4.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Second Amended Complaint.

    5.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Second Amended Complaint.

    6.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Second Amended Complaint

7.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Second Amended Complaint

8.    Admit that **Lloyd's Underwriters** are insurers and underwriters under a Marine Hull Policy identified as LEO 280715, covering the period May 1, 2002 through May 1, 2003, and that **Aon Risk Services of Texas, Inc.** served as the broker for the insured, **Horizon Offshore Contractors, Inc.** Except as so admitted, they deny the remaining allegations contained in Paragraph "8" of the Second Amended Complaint.

9.    Admit that **Lloyd's Underwriters** are subject to personal jurisdiction in the State of New York but deny that venue in this District is proper because of an Order in a related case issued in the United States District Court for the Southern District of Texas, sub-nom *In Re Horizon Vessels Inc. et al.*, Civil Action No. H-03-3280, *inter alia*, prohibiting plaintiff from bringing this action against **Lloyd's Underwriters**.

10.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Second Amended Complaint.

11.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Second Amended Complaint.

12.    Admit the allegations contained in Paragraph "12" of the Second Amended Complaint.

13.    Admit the allegations contained in Paragraph "13" of the Second Amended Complaint.

14.    Admit that **Lloyd's Underwriters** are subject to personal jurisdiction in the State of New York but deny that venue in this District is proper because of an Order in a related case issued in the United States District Court for the Southern District of Texas, sub-nom *In Re Horizon Vessels Inc. et al.*, Civil Action No. H-03-3280, *inter alia*, prohibiting plaintiff from bringing this action against **Lloyd's Underwriters**.

15.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Second Amended Complaint.

16.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Second Amended Complaint.

17.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Second Amended Complaint.

18.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Second Amended Complaint.

19.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Second Amended Complaint.

20.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Second Amended Complaint.

21.    Admit that **Lloyd's Underwriters** are insurers and underwriters under a Marine Hull Policy identified as LEO 280715, covering the period May 1, 2002 through May 1, 2003, and that **Aon Risk Services of Texas, Inc.** served as the broker for the insured, **Horizon Offshore Contractors, Inc.** Except as so admitted, they deny the remaining allegations contained in Paragraph "21" of the Second Amended Complaint.

22.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Second Amended Complaint.

23.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Second Amended Complaint.

24.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Second Amended Complaint.

25.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Second Amended Complaint.

26.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Second Amended Complaint.

27.    Admit the allegations contained in Paragraph "27" of the Second Amended Complaint.

28.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Second Amended Complaint.

29.    Admit the allegations contained in Paragraph "29" of the Second Amended Complaint.

30.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Second Amended Complaint.

31.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Second Amended Complaint.

32.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Second Amended Complaint.

33.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Second Amended Complaint.

34.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Second Amended Complaint.

35.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Second Amended Complaint.

36.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Second Amended Complaint.

- 7 -

37. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Second Amended Complaint.

38. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Second Amended Complaint.

39. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Second Amended Complaint.

40. Admit that the language said to be quoted from the Lloyd's Underwriters' Marine Hull Policy LEO 280715 in Paragraph "40" of the Amended Complaint appears to be an accurate excerpt of that Policy. Except as so admitted, they deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "40" of the Amended Complaint.

41. Admit that the Lloyd's Hull Policy allows entities other than the Assured to be included as Additional Assureds. Except as so admitted, they deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "41" of the Second Amended Complaint.

- 8 -

42.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Second Amended Complaint.

43.   Deny the allegations contained in Paragraph "43" of the Second Amended Complaint.

44.   Admit that certain terms and conditions of the **Lloyd's** Hull Policy provide for *inter alia*, the payment of legal fees in respect of certain covered risks. Except as so admitted, deny the allegations contained in Paragraph "44" of the Second Amended Complaint.

45.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "45" of the Second Amended Complaint.

46.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "46" of the Second Amended Complaint.

47.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "47" of the Second Amended Complaint.

- 9 -

48. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "48" of the Second Amended Complaint.

49. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "49" of the Second Amended Complaint.

50. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of the Second Amended Complaint.

51. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "51" of the Second Amended Complaint.

52. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "52" of the Second Amended Complaint.

53. Deny the allegations contained in Paragraph "53" of the Second Amended

54. Admit that **AON** did not timely notify the **Lloyd's Underwriters** of a potential claim against the **Lloyd's** Hull Policy. Except, as so admitted, deny that they have

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "54" of the Second Amended Complaint.

55.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "55" of the Second Amended Complaint.

56.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "56" of the Second Amended Complaint.

57.    Deny the allegations contained in Paragraph "57" of the Second Amended Complaint.

58.    Deny the allegations contained in Paragraph "58" of the Second Amended Complaint.

59.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of the Second Amended Complaint.

60.    Admit that on or about May 17, 2004, approximately one year and three months after the alleged incident which purportedly gives rise to the claim and approximately six months after **Horizon Offshore, Inc.** commenced its Limitation of Liability action in the Southern District of Texas, **AON** provided its first notification of claim to **Lloyd's Underwriters**.

61.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "61" of the Second Amended Complaint.

62.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of the Second Amended Complaint.

63.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "63" of the Second Amended Complaint.

64.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "64" of the Second Amended Complaint.

65.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of the Second Amended Complaint.

66.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of the Second Amended Complaint.

67. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "67" of the Second Amended Complaint.

68. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "68" of the Second Amended Complaint.

69. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "69" of the Second Amended Complaint.

70. Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "70" of the Second Amended Complaint.

71. Any sums allegedly expended and/or legal activity allegedly undertaken by **Iroquois** to defend itself against the claims of third parties, as alleged in Paragraph "71" of the Second Amended Complaint, were expended and/or undertaken voluntarily and at the sole discretion of plaintiff, without any knowledge of, and/or approval or consent from, **Lloyd's Underwriters**. Except as so stated, defendants **Lloyd's Underwriters** deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "71" of the Second Amended Complaint.

- 13 -

72.    Deny the allegations contained in Paragraph "72" of the Second Amended Complaint.

73.    Deny the allegations contained in Paragraph "73" of the Second Amended Complaint.

74.    Deny the allegations contained in Paragraph "74" of the Second Amended Complaint.

75.    Deny the allegations contained in Paragraph "75" of the Second Amended Complaint.

76.    Deny the allegations contained in Paragraph "76" of the Second Amended Complaint.

77.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "77" of the Second Amended Complaint.

78.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "78" of the Second Amended Complaint.

79.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "79" of the Second Amended Complaint.

80.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "80" of the Second Amended Complaint.

81.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "81" of the Second Amended Complaint.

82.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "82" of the Second Amended Complaint.

83.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "83" of the Second Amended Complaint.

84.   Admits that **Lloyd's Underwriters** have asserted, *inter alia*, late notification of claim as a complete defense to **Iroquois'** claim for coverage under the Hull Policy of Insurance.  Except as so admitted, they deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "84" of the Second Amended Complaint.

85.   Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "85" of the Second Amended Complaint.

- 15 -

86.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "86" of the Second Amended Complaint.

87.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of the Second Amended Complaint.

88.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of the Second Amended Complaint.

89.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of the Second Amended Complaint.

90.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "90" of the Second Amended Complaint.

91.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "91" of the Second Amended Complaint.

92.    Deny that they have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "92" of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93.    The Second Amended Complaint fails to state a cause of action upon which relief may be granted against defendants, **Lloyd's Underwriters**.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94.    As a condition precedent for coverage under the Marine Hull Policy of Insurance issued by **Lloyd's Underwriters**, plaintiff was obligated and required, under the express terms and conditions of said Policy, to provide **Lloyd's Underwriters** with prompt notification of any potential claim or of events or circumstances which may give rise to a claim under the Policy.

95.    Plaintiff, **Iroquois**, failed to properly and timely give notification of the subject claim to **Lloyd's Underwriters**.

96.    As the result of plaintiff's improper and untimely notification of the subject claim to **Lloyd's Underwriters**, and plaintiff's failure to satisfy the condition precedent for coverage, any coverage that would have otherwise been applicable, is vitiated as a matter of law and **Lloyd's Underwriters** are relieved of any obligations to plaintiff or others for any of the matters alleged in the Second Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

97.     Plaintiff's Second Amended Complaint should be dismissed because its causes of action against **Lloyd's Underwriters** are barred and prohibited by reason of the monition and stay order entered by the United States District Court for the Southern District of Texas in the Limitation Proceedings commenced by **Horizon Vessels, Inc.,** *et al.* Civil Action Number H-03-3280.

98.     A subsequent Order of the Southern District of Texas which denied plaintiff, **Iroquois'** motion to transfer the Limitation Proceedings and lifted the stay on a limited basis only to allow **Iroquois** to pursue its personal contract doctrine cause(s) of action against **Horizon Offshore Contractors, Inc.** in another forum. However, the modification of the stay did not permit **Iroquois** to proceed against **Horizon's** "liability underwriters" in any other forum except for the Southern District of Texas.

99.     In the circumstances, the subject action as against **Lloyd's Underwriters** violates the stay previously imposed by the Southern District of Texas and said action is improper and should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

100.     Venue of this matter in this Court is improper and/or inconvenient. This action should be dismissed and/or transferred to the Southern District of Texas without prejudice to sanctions against plaintiff for its violation, and/or contempt, of the Southern

District of Texas' order prohibiting the commencement of this action against **Horizon's**
liability underwriters in this Court.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

101.    To the extent plaintiff, **Iroquois,** has suffered any loss, which is denied
and/or may be exposed to any liabilities to third parties by reason of the matters alleged in
the Second Amended Complaint, or otherwise, such losses and/or exposure to liabilities are
not covered by the terms and conditions of the Marine Hull Policy of Insurance issued by
defendant, **Lloyd's Underwriters**.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

102.    To the extent plaintiff, **Iroquois,** has suffered any loss, which is denied,
and/or may be exposed to liabilities to third parties by reason of the matters alleged in the
Second Amended Complaint or otherwise, plaintiff must look to coverage provided by co-
defendants and/or to other primary and excess insurers who have expressly agreed to cover
plaintiff's and/or **Horizon's** claims for recoupment of legal costs and expenses and
indemnification for losses of third parties for which plaintiff and/or **Horizon** may be
contractually or otherwise responsible.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

103.    The plaintiff's claims for damage to fixed and floating objects and/or
contractual liabilities to third parties and/or for other related matters referred to in the Second
Amended Complaint including, but not limited to, indemnification of legal expenses are

excluded and/or limited by, and/or subject to the deductibles of, the terms and conditions of the Hull Policy issued by **Lloyd's Underwriters**, and defendants **Lloyd's Underwriters'** claim the full benefit of any and all such exclusions and/or limitations and/or deductibles of said Hull Policy which shall be produced and proven at trial.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

104.    Plaintiff's action is barred because it failed to properly mitigate or avoid its alleged losses and otherwise failed to act as a prudent uninsured, including but not limited to, the exercise of rights and options available to it under the contacts to which it was a party and/or contracts to which it was an intended beneficiary.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

105.    If any coverage is afforded or available under the Hull Policy of Insurance issued by **Lloyd's Underwriters**, which is specifically denied, then all or a portion of **Lloyd's** Policy is excluded and/or limited by reason of the "other insurance" doctrine and the provisions contained in the **Lloyd's Underwriters** Hull Policy.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

106.    Plaintiff's action is barred by the doctrines of waiver and estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

107.    Plaintiff's action is barred because plaintiff lacks standing.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

108.    Plaintiff's action is barred by the doctrine of laches.

- 20 -

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

109.   If any coverage is afforded or available under the Hull Policy of Insurance issued by **Lloyd's Underwriters**, which is specifically denied, the Hull Policy of Insurance is not primary as the damages alleged by **NYPA** were caused, in whole or in part, by **Iroquois'** negligence in carrying out its obligations under the contract between **Iroquois** and **Horizon Offshore.**

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

110.   Plaintiff's action is premature as **Lloyd's Underwriters** obligation to **Iroquois**, if any, under the Hull Policy does not arise until Judgment has been entered against **Iroquois** and **Iroquois** has paid damages to third-parties in satisfaction of said judgment.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

111.   If any coverage is afforded or available under the Hull Policy of Insurance issued by **Lloyd's Underwriters**, which is specifically denied, the Hull Policy of Insurance only provides coverage for **Iroquois'** negligence in the operation of the *GULF HORIZON.*

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

112.   Any sums allegedly expended and/or legal activity allegedly undertaken by plaintiff to defend itself against the claims of third parties, were expended and/or undertaken voluntarily and at the sole discretion of the plaintiff, without any knowledge of, and/or approval or consent from, defendants, **Lloyd's Underwriters**. Accordingly, plaintiff

- 21 -

is barred from recovering any such sums from defendants, **Lloyd's Underwriters** under the

doctrines, *inter alia*, of accord and satisfaction, waiver and/or estoppel.

      **WHEREFORE**, defendants, **Lloyd's Underwriters** respectfully request

judgment dismissing the Second Amended Complaint against them, with prejudice and with

costs, disbursements, and attorneys' fees incurred by them in defending this action, together

with such other and further or different relief which this Court deems just and proper.

Dated:     New York, New York
         June 14, 2005

            DONOVAN PARRY McDERMOTT & RADZIK
            Attorneys for Defendants, **Lloyd's Underwriters**

            BY: _____

               EDWARD C. RADZIK (ER-2473)
               Wall Street Plaza
               88 Pine Street - 21st Floor
               New York, New York 10005-1801
               (212) 376-6400
               (FILE: GM-05-3502 ECR/CEM)

TO:   Richard V. Singleton, Esq.
John C. Koster, Esq.
Healy & Baillie
Attorneys for Iroquois Gas Transmission System L.P.
61 Broadway - 32nd Floor
New York, NY 10006-2701
(212) 709-9264

John P. Vayda, Esq.
Attorneys for Defendant, Associated Electric & Gas
   Insurance Services Ltd., Hamilton, Bermuda (AEGIS)
Nourse & Bowles
One Exchange Plaza
55 Broadway - 30th Floor
New York, NY 10006-3030
(212) 952-6202

AON Risk Services of Texas, Inc.
1330 Post Oak Blvd.
Houston, TX 77056

American Home Assurance Company
175 Water Street
New York, NY 10038