NOURSE & BOWLES, LLP
Attorneys for Defendant
ASSOCIATED ELECTRIC &
GAS INSURANCE SERVICES LTD.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IROQUOIS GAS TRANSMISSION SYSTEM L.P.,  :
                                                                    :
                              Plaintiff,               :      05 Civ. 2149 (JSR)
                                                                    :
                        - against -                   :      **ECF CASE**
                                                                    :
ASSOCIATED ELECTRIC & GAS INSURANCE  :      **ANSWER TO SECOND**
SERVICES LTD., Hamilton, Bermuda (AEGIS),  :      **AMENDED COMPLAINT**
and CERTAIN UNDERWRITERS AT LLOYD'S;   :
AON RISK SERVICES OF TEXAS, INC.; and      :
AMERICAN HOME ASSURANCE CO.,               :
                                                                    :
                              Defendants.            :
-----------------------------------------------------------------X


        Defendant, ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

("AEGIS"), by its attorneys, Nourse & Bowles, LLP, answering the Second Amended Complaint

of IROQUOIS GAS TRANSMISSION SYSTEM L.P., ("Iroquois"), alleges on information and

belief as follows:

        1.    It admits the allegations contained in paragraph 1 of the Second Amended Complaint.

        2.    It admits the allegations contained in paragraph 2 of the Second Amended Complaint.

        3.    It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 3 of the Second Amended Complaint.

        4.    It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 4 of the Second Amended Complaint.

5.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 5 of the Second Amended Complaint.

6.  It admits the allegations contained in paragraph 6 of the Second Amended Complaint.

7.  It admits the allegations contained in paragraph 7 of the Second Amended Complaint.

8.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 8 of the Second Amended Complaint.

9.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 9 of the Second Amended Complaint.

10.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 10 of the Second Amended Complaint.

11.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 11 of the Second Amended Complaint.

12.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 12 of the Second Amended Complaint.

13.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 13 of the Second Amended Complaint.

14.  It admits that AEGIS is subject to personal jurisdiction in the State of New York but denies that venue in this District is proper because (a) of an Order in a related case issued in the United States District Court for the Southern District of Texas, sub-nom *In Re Horizon Vessels Inc. et al.,* Civil Action No. H-03-3280, *inter alia*, prohibiting Plaintiff from bringing this action against AEGIS, and (b) as stated below the Second Amended Complaint with respect to it should be dismissed or stayed in favor of adjudication by the AEGIS directors or arbitration in London.

15.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 15 of the Second Amended Complaint.

16.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 16 of the Second Amended Complaint.

17.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 17 of the Second Amended Complaint.

18.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 18 of the Second Amended Complaint.

19.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 19 of the Second Amended Complaint.

20.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 20 of the Second Amended Complaint.

21.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 21 of the Second Amended Complaint.

22.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 22 of the Second Amended Complaint.

23.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 23 of the Second Amended Complaint.

24.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 24 of the Second Amended Complaint.

25.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 25 of the Second Amended Complaint.

26.  It admits that the lay barge GULF HORIZON is named as an insured vessel under a Certificate of Insurance and Acceptance issued by AEGIS for account of Horizon Offshore Inc. and others, for the period noon 20th February 2002, (GMT) to 12:01 a.m. 1st May 2003 (CST), pursuant to the terms and conditions of that Certificate and its incorporated Rules of the Steamship Mutual Underwriting Association (Bermuda) Limited (the "Policy").

27.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 27 of the Second Amended Complaint.

28.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 28 of the Second Amended Complaint.

29.  It admits the allegations contained in paragraph 29 of the Second Amended Complaint.

30.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 30 of the Second Amended Complaint.

31.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 31 of the Second Amended Complaint.

32.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 32 of the Second Amended Complaint.

33.  It admits that the language quoted in paragraph 33 of the Second Amended Complaint is included within the Policy.  It denies the other allegations contained in Paragraph 33 of the Second Amended Complaint.

34. It admits that the language quoted in paragraph 34 of the Second Amended Complaint is included within the Policy, but denies that the language quoted in paragraph 34 of the Second

Amended Complaint contains the full and complete terms and conditions with respect to primary

cover. It denies the other allegations in paragraph 34 of the Second Amended Complaint.

35. It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 35 of the Second Amended Complaint.

36. It admits that the Policy provided a Limit of Liability of $950,000 – any one accident

or occurrence or series of accidents or occurrences arising out of one event including legal and

survey fees and expenses subject to a general aggregate limit of US$15,000,000 for the period,

excess of US$50,000 – any one accident or occurrence or series of accidents or occurrences

arising out of one event, including legal and survey fees and expenses. It denies the other

allegations contained in paragraphs 36, 37, and 38 of the Second Amended Complaint.

37. See paragraph 36.

38. See paragraph 36.

39. It admits that the above-described clauses set out some of the obligations of AEGIS

under the Policy which, include *inter alia*, payment of legal fees respecting covered risks. It

denies that those quoted clauses set out the full and complete terms and conditions of coverage.

It denies knowledge or information sufficient to form a belief as to the other allegations made in

paragraph 39 of the Second Amended Complaint.

40. It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 40 of the Second Amended Complaint.

41. It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 41 of the Second Amended Complaint.

42. It denies that it has knowledge or information sufficient to form a belief as to the

matters alleged in paragraph 42 of the Second Amended Complaint.

43.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 43 of the Second Amended Complaint.

44.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 44 of the Second Amended Complaint.

45.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 45 of the Second Amended Complaint.

46.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 46 of the Second Amended Complaint.

47.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 47 of the Second Amended Complaint.

48.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 48 of the Second Amended Complaint.

49.  It admits the allegations contained in paragraph 49 of the Second Amended Complaint.

50.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 50 of the Second Amended Complaint.

51.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 51 of the Second Amended Complaint.

52.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 52 of the Second Amended Complaint.

53.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 53 of the Second Amended Complaint.

54.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 54 of the Second Amended Complaint.

55.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 55 of the Second Amended Complaint.

56.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 56 of the Second Amended Complaint.

57.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 57 of the Second Amended Complaint.

58.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 58 of the Second Amended Complaint.

59.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 59 of the Second Amended Complaint.

60.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 60 of the Second Amended Complaint.

61.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 61 of the Second Amended Complaint.

62.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 62 of the Second Amended Complaint.

63.  It denies the allegations contained in paragraph 63 of the Second Amended Complaint.

64.  It denies the allegations contained in paragraph 64 of the Second Amended Complaint.

65.  It denies the allegations contained in paragraph 65 of the Second Amended Complaint.

66.  It denies the allegations contained in paragraph 66 of the Second Amended Complaint.

67.  It denies the allegations contained in paragraph 67 of the Second Amended Complaint.

68.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 68 of the Second Amended Complaint.

69.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 69 of the Second Amended Complaint.

70.  It denies the allegations contained in paragraph 70 of the Second Amended Complaint.

71.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 71 of the Second Amended Complaint.

72.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 72 of the Second Amended Complaint.

73.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 73 of the Second Amended Complaint.

74.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 74 of the Second Amended Complaint.

75.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 75 of the Second Amended Complaint.

76. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 76 of the Second Amended Complaint.

77. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 77 of the Second Amended Complaint.

78. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 78 of the Second Amended Complaint.

79. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 79 of the Second Amended Complaint.

80. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 80 of the Second Amended Complaint.

81. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 81 of the Second Amended Complaint.

82. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 82 of the Second Amended Complaint.

83. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 83 of the Second Amended Complaint.

84. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 84 of the Second Amended Complaint.

85. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 85 of the Second Amended Complaint.

86. It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 86 of the Second Amended Complaint.

87.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 87 of the Second Amended Complaint.

88.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 88 of the Second Amended Complaint.

89.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 89 of the Second Amended Complaint.

90.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 90 of the Second Amended Complaint.

91.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 91 of the Second Amended Complaint.

92.  It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 92 of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (ENGLISH LAW)

93.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 92.

94.  The Policy Certificate of Insurance and Acceptance ("Certificate") under which Iroquois has apparently filed this Second Amended Complaint, states that:

> To the extent specified herein, the Rules of the Steamship Mutual Underwriting Association (Bermuda) Limited ("the Association") apply to the contract of insurance evidenced by this certificate, and references to specific Rule numbers and paragraphs are references to the Rules of the Association in force at the date hereof.

95.  The Certificate, under the caption "Incorporation of Terms" provides:

> The "Class 1 Rules – Protection and Indemnity" of the Steamship Mutual Underwriting Association (Bermuda) Limited (the "Rules") in effect at the attachment date are hereby incorporated into this certificate, insofar as they may be applicable, subject to the following amendments and exceptions.  All references in the

Rules to "the Club" shall be read as references to "AEGIS" and/or where the context permits, its agent; all references to "the Directors" shall be read as references to AEGIS; all references to "the Member" shall be read as references to the "Assured" or "Insured"; all references to "the Managers" shall be read as references to "ORIGIN"; and references to "entry" and "entered" shall be read as references to "insurance" and "Assured"; and the Rules shall be deemed amended accordingly.

96.   The Certificate clause captioned "Service of Suit Clause" states:

Notwithstanding the fact that this Certificate of Insurance was issued from Bermuda, AEGIS hereby undertakes to accept service of any proceedings instituted by the Assured in the US Courts through its duly authorized agents, LeBoeuf, Lamb, Greene Macrae, LLP at their offices, 125 West 55th Street, New York, NY 10019. It is further agreed that such service may be made upon such agent personally or by mailing the summons to the above address by first-class registered United States mail. The foregoing is without prejudice to the rights of AEGIS to contest jurisdiction and is specifically subject to Rule 36.

97.   Rule 36, Dispute Resolution, as published but which is modified per paragraph 95 above, provides:

**i a**   If any difference or dispute shall arise between a Member and the Club concerning the construction of these Rules or of the Rules applicable to any Class in the Club or of any Bye-Law passed thereunder, or the insurance afforded by the Club under these Rules, or any amount due from the Club to the Member, such difference or dispute shall in the first instance be referred to and adjudicated by the Directors.

**b**   If the Member does not accept the decision of the Directors the difference or dispute shall be referred to the arbitration of two arbitrators, one to be appointed by each of the parties, in London, and the submission to arbitration and all the proceedings therein shall be subject to the provisions of the English Arbitration Act, 1950 and the Schedules thereto or any statutory modification or re-enactment thereof.

**c**   No Member shall be entitled to maintain any action, suit or other legal proceedings against the Club upon any such difference or dispute unless and until the same has been submitted to the Directors and they shall have given their decision thereon, or shall have made default for three months

in so doing; and, if such decision be not accepted by the Member or such default be made, unless and until the difference or dispute shall have been referred to arbitration in the manner provided in this Rule, and the Award shall have been published; and then only for such sums as the Award may direct to be paid by the Club.  And the sole obligation of the Club to the Member under these Rules or otherwise howsoever in respect of any disputed claim made by the Member shall be to pay such sum as may be directed by such an Award.

**d**   These Rules and any Contract of Insurance between the Club and a Member shall be governed by and construed in accordance with English Law.

provided always that:

no benefit or rights are conferred, or are intended to be conferred, under or through the operation of the Contracts (Rights of Third Parties) Act 1999 or other similar legislation.

98.  Pursuant to Rule 36 (i)(d), above, this dispute is governed by and to be construed in accordance with English law and AEGIS hereby demands application of English law and has preserved such rights.

99.  AEGIS has not waived its right to enforce the above contract provisions.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE (LONDON ADJUDICATION AND ARBITRATION)

100.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 99.

101.  Pursuant to Rule 36 (i)(a) set out in paragraph 97 above, Iroquois must in the first instance refer this difference or dispute to adjudication by the directors of AEGIS, which Iroquois has failed to do.

102.  Pursuant to Rule 36 (i)(b) set out in paragraph 97 above, if Iroquois does not accept the decision of AEGIS's directors, the difference or dispute shall be referred to London arbitration.

103. AEGIS specifically reserves its right to said adjudication procedure and London arbitration of all differences and disputes included within this Second Amended Complaint or otherwise arising under the Policy.

104. AEGIS has not waived or otherwise surrendered its right to said adjudication procedure and London arbitration but has preserved such rights by, among other things, reserving its right to arbitration in London.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
## (POLICY LIMIT OF LIABILITY)

105. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 104.

### A. Undertaking for Policy Limit of Liability

106. The Policy provides a single "Limit of Liability" of

> US$950,000 – any one accident or occurrence or series of accidents or occurrences arising out of one event including legal and survey fees and expenses subject to a general aggregate limit of US$15,000,000 for the period.

107. The Policy provides a "Deductible" of

> US$50,000 – any one accident or occurrence or series of accidents or occurrences arising out of one event, including legal and survey fees and expenses.

108. The Policy was issued to Horizon Offshore, Inc. and other(s) as assured(s).

109. The Policy provided the assured privilege to name others as an additional assured.

110. The Policy does not provide or allow for increase of the Limit of Liability in any way. If an additional insured was named by the assured, the single Limit of Liability remains $950,000 to cover the claims of all assureds and additional assureds.

111. On information and belief, and as alleged in paragraph 29 of the Second Amended Complaint, Horizon commenced a proceeding in the United States District Court for the

Southern District of Texas under the Shipowner's Limited Liability Act Seeking Exoneration From or Limitation of Liability ("Limitation Proceeding").

112. Prior to commencing the Limitation Proceeding, Horizon requested that AEGIS, and others, issue an undertaking to the Clerk of the Court, United States District Court, Southern District of Texas, Houston Division. The request made to AEGIS was that its undertaking be in the amount of $1,000,000, which is the Limit of Liability of the Policy. It was, and remains, unknown if AEGIS has any obligations to Horizon under the Policy and if so, in what amount. Partially in order to preserve those unknowns, Horizon agreed to and did issue counter-security to AEGIS for $1,000,000 which, among other things, preserved all of AEGIS's rights, defenses and limitations under the Policy. In exchange therewith, AEGIS on August 15, 2003, issued an Undertaking to Mr. Michael Milvy, Clerk of the Court, United States District Court, Southern District of Texas, Houston Division in the amount of $1,000,000 which is strictly subject to the terms, limits and conditions of the Policy ("Undertaking") and others issued their undertaking(s) in additional amounts.

113. The above-described Undertaking is in the amount of $1,000,000 and remains outstanding and in force. It is unknown and beyond AEGIS's control, when, and or how the Limitation Proceeding and/or AEGIS's obligation, if any, under the Undertaking will be resolved.

114. The entire Limit of Liability under the Policy is, at present and possibly finally, fully committed and therefore unavailable to satisfy any other claims, including Iroquois' herein, even if liability exists, which is denied.

## B.  Other Claims

115.  Horizon and/or other assured(s) have requested reimbursement of $328,641.39 less the applicable $50,000 deductible for lawyers' and experts' fees in respect of the same occurrence referred to in the Second Amended Complaint and the Limitation Proceeding referred to in paragraphs 111-114 above.  Numerous further claims have or will be made against Horizon and/or other assured(s), and Horizon has made or will make further claims against AEGIS under the Policy with respect to that same occurrence (collectively, the "Claims").

116.  If allowed, the Claims would stand against and may exhaust the Limit of Liability of the Policy.

117.  Said Claims have not been paid because, among other reasons, AEGIS does not know to whom, if anyone, or in what amounts it may have liability and, for the reasons described in paragraphs 110 through 114, the Limit of Liability of the Policy could become exhausted.

118.  Depending on resolution of the Limitation Proceeding, payment of all or part of said Claims, if required, may exhaust the Limit of Liability of the Policy, in which case no Policy funds would be available to Iroquois, even if liability exists, which is denied.

119.  For the reasons described in paragraphs 110 to 118 it is possible that the Limit of Liability has already been or will be exhausted leaving no funds available to Iroquois, even if liability exists, which is denied.  Determination of said issues are dependent, at least in part, on resolution of the Limitation Proceeding before the U.S. District Court in Houston.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (INTEGRATION WITH HULL POLICY)

120.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 119.

## A. **Hull Risks Covered**

121. The risks covered by the Policy include "4/4ths Collision Liability and damage To Fixed and Floating Objects, <u>but excluding amounts recoverable under Hull Risks insurance effected by the Assured</u>." (Emphasis added.)

122. Claims for damage to Fixed and Floating Objects, to the extent they are covered by the Hull Risks insurance effected by the assured, are not recoverable from AEGIS.

123. On information and belief, including information provided by Iroquois, the Hull Risks insurance effected by Horizon provides:

> Including Collision and Tower's Liability amended to include collision and/or contact with fixed and floating objects per lines 78-111 of the American Institute Tug Form (August 1, 1976) Cl.A230, with line 79 amended by adding words 'or contact' after word 'collision' for separate minimum limit of USD 1,000,000 each accident or occurrence or hull value whichever the greater.

124. In these circumstances, the Hull Risks policy would seem to include the liability in question and that Iroquois should present its claims to the Hull Risk insurers, not AEGIS.

## B. **Amount of Hull Risk Insurance Deductible**

125. On information and belief, including information provided by Iroquois, the Hull Risks insurance effected by Horizon provides:

> Deductibles:
>
> USD 500,000 each accident or occurrence including total loss. Subject to Annual Aggregate deductible of USD 1,500,000 excluding total loss (Sections 1 & 2) to be reviewed by Leading Underwriters following a change in the fleet schedule hereon.

126. On information and belief, AEGIS was not advised of the above very high level of deductible of the Hull Risks insurance by Horizon at the time that it was asked to write the

Policy. If Horizon had so advised AEGIS, then AEGIS would have either charged a higher premium, increased the level of deductible of the Policy or declined to write the Policy.

127. In those circumstances and others, AEGIS is entitled to exclude the Horizon deductible from the Policy amount.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (INDEMNITY CLAIMS)

128. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 127.

129. On information and belief Iroquois may have claims for, among other things, indemnity against other entities such that Iroquois may be entitled to recover over from such other entities all of its liabilities and/or expenditures including its legal fees and costs so that it will never have any claims against AEGIS under the Policy. It is thus premature to consider whether Iroquois is entitled to any recovery from AEGIS under this Policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE CAUSE OF ACTION)

130. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 129.

131. The Second Amended Complaint fails to state a cause of action upon which relief may be granted against defendant, AEGIS.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### (LIMITATION PROCEEDING)

132. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 131.

133. Plaintiff's Second Amended Complaint should be dismissed because its causes of action against AEGIS are barred and prohibited by reason of the monition and stay order entered by the United States District Court for the Southern District of Texas in the Limitation Proceedings commenced by Horizon Vessels, Inc., *et al.* Civil Action Number H-03-3280.

134. A subsequent Order of the Southern District of Texas denied Plaintiff, Iroquois', motion to transfer the Limitation Proceedings and lifted the stay on a limited basis only to allow Iroquois to pursue its personal contract doctrine cause(s) of action against Horizon Offshore Contractors, Inc. in another forum. However, the modification of the stay did not permit Iroquois to proceed against Horizon's "liability underwriters" in any other forum except for the Southern District of Texas.

135. In the circumstances, the subject action as against AEGIS violates the stay previously imposed by the Southern District of Texas and said action is improper and should be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (VENUE)

136. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 135.

137. Venue of this matter in this Court is improper and/or inconvenient. This action should be dismissed and/or transferred to London arbitration or the Southern District of Texas without prejudice to sanctions against Plaintiff for its violation, and/or contempt, of the Southern District of Texas' order prohibiting the commencement of this action against Horizon's liability underwriters in this Court.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (MITIGATION)

138. AEGIS repeats and realleges the allegations contained in paragraphs 1 through 137.

139. Plaintiff's action is barred because it failed to properly mitigate or avoid its alleged losses and otherwise failed to act as a prudent uninsured, including but not limited to, the exercise of rights and options available to it under the contracts to which it was a party and/or contracts to which it was an intended beneficiary.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
## (WAIVER AND ESTOPPEL)

140.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 139.

141.  Plaintiff's action is barred by the doctrines of waiver and estoppel.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
## (STANDING)

142.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 141.

143.  Plaintiff's action is barred because Plaintiff lacks standing.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
## (LACHES)

144.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 143.

145.  Plaintiff's action is barred by the doctrines of laches.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
## (THIRD PARTIES)

146.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 145.

147.  To the extent Plaintiff Iroquois has suffered any loss, which is denied and/or may be exposed to any liabilities to third parties by reason of the matters alleged in the Second Amended Complaint, or otherwise, such losses and/or exposure to liabilities are not covered by the terms and conditions of the Policy issued by defendant, AEGIS.

148.  To the extent Plaintiff Iroquois has suffered any loss, which is denied, and/or may be exposed to liabilities to third parties by reason of the matters alleged in the Second Amended Complaint or otherwise, Plaintiff must look to coverage provided by other entities, if any, who have expressly agreed to cover Plaintiff's and/or Horizon's claims for recoupment of legal costs

and expenses and indemnification for losses of third parties for which plaintiff and/or Horizon

may be contractually responsible.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### (BENEFITS OF IROQUOIS/HORIZON CONTRACT AND
### LIMITATION ON CLAIMED ADDITIONAL ASSURED STATUS)

149.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 148.

150.  Construction Contract No. 02-12 between Plaintiff and Horizon Offshore Contractors,

Inc. dated April 12, 2002 ("Construction Contract") provided:

> 11.1.3 The Contractor shall indemnify, hold harmless and release
> the Company and its affiliates, and its and their officers,
> contractors, employees and agents from and against all
> liabilities or causes of action, demands, suits, damages,
> judgments, fees, fines, penalties, costs and expenses
> resulting from injury to or death of third parties and from
> any damage to property or any losses of any kind suffered
> by third parties, due to or caused by the breach of the
> Contractor of its obligations hereunder, or the willful
> misconduct or <u>negligence of the Contractor or its
> Subcontractors in carrying out its responsibilities under this
> Agreement</u>, except and to the extent such injury, death,
> damage or loss is caused by the negligence or willful
> misconduct of the Company or its affiliates, and its or their
> officers, employees, agents and contractors.

> (underscore added)

151.  Exhibit G to that Construction Contract, "Schedule of Insurance Requirements",

provided:

> 2.4  **Additional Terms**.  All insurance policies provided by the
> Contractor and Subcontractors shall be endorsed to provide
> that:
> 2.4.1 the Company and its parental, partner, divisional,
> affiliate or subsidiary companies and all employees
> thereof shall be included as additional insured (as
> respects General Liability coverage, Company will be
> included as an additional insured pursuant to a CG 20
> 10 (11 85) endorsement to Contractor's and

Subcontractors CGL policies) except Worker's Compensation insurance;

2.4.2   Contractor will waive insurers rights of subrogation and the insurers will include blanket waivers of subrogation on all policies and the insurers will have no right of recovery or subrogation against the Company or its parental, partner, divisional, affiliate, or subsidiary companies, and all employees thereof it being the intention of the parties that the insurance so effected shall protect all parties, and the Contractor's carrier shall be primarily liable for any and all losses covered by the above described insurance <u>for the risks assumed by Contractor herein</u>; and

\* \* \*

2.4.4   Any requirement to name Company and its parent, partner, divisional, affiliate or subsidiary companies as an additional insured or waive subrogation on any of Contractor's policies or that contractor's policies shall be primary to those of company and its parent, partner, divisional, affiliate or subsidiary companies and that the company's and its parent, partner, divisional, affiliate or subsidiary companies' policies shall be excess and non-contributing to any other policies Contractor <u>shall be limited to those risks covered by Contractor's insurances for which Contractor has agreed under the terms of the contract to assume responsibility or indemnify Company</u> and it's parents, partner, divisional, affiliate or subsidiary companies.

\* \* \*

2.9   **Other Insurance Provisions.**

. . . Any requirement to name Company and its parent, partner, divisional, affiliate or subsidiary companies as an additional insured or waive subrogation on any of Contractor's policies or that contractor's policies shall be primary to those of the company and its parent, partner, divisional, affiliate or subsidiary companies and that company's and its parent, partner, divisional, affiliate or subsidiary companies' policies shall be excess and non-contributing to any other policies of Contractor shall be limited to those risks covered by Contractor's insurances for which Contractor has agreed under the terms of the contract

to assume responsibility or indemnify Company and it's parents, partner, divisional, affiliate or subsidiary companies.

152.  Accordingly, on information and belief, insurance coverage and additional assured status was only provided to Iroquois to the extent of the risks assumed by Horizon Offshore Contractors, Inc. in the indemnity provisions of the Construction Contract.

153.  AEGIS is entitled to all of the rights, privileges and immunities to which Horizon Offshore Contractors, Inc. is entitled vis-à-vis Iroquois by contract or by operation of law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
## (OTHER INSURANCE)

154.  AEGIS repeats and realleges the allegations contained in paragraphs 1 through 153.

155.  If any coverage is afforded or available under the Policy of Insurance, then all or a portion of the Policy is excluded and/or limited by reason of the "other insurance" doctrine and the provisions contained in the Policy.

WHEREFORE, defendant, AEGIS, demands that the Second Amended Complaint against it be dismissed with prejudice and with costs, disbursements and attorneys' fees or, in the alternative, stayed pending adjudication by the AEGIS directors and/or London arbitration, and that it may have such other, further and different relief as justice may require.

Dated:   New York, New York
         June 14, 2005

                                    NOURSE & BOWLES, LLP
                                    Attorneys for Defendant
                                    ASSOCIATED ELECTRIC & GAS
                                    INSURANCE SERVICES LTD.

                                    By:   _____
                                          John R. Vayda, Esq. (JV 0339)
                                          One Exchange Plaza
                                          At 55 Broadway
                                          New York, NY 10006-3030
                                          (212) 952-6200

TO:   HEALY & BAILLIE, LLP
      Attorneys for Plaintiff
      61 Broadway
      New York, NY 10006
      (212) 943-3980
      Attention:  Richard V. Singleton, Esq.
                  John Koster, Esq.

      DONOVAN PARRY McDERMOTT & RADZIK
      Attorneys for Defendants, Lloyd's Underwriters
      Wall Street Plaza, 88 Pine Street
      New York, NY 10005-1801
      (212) 376-6400
      Attention:  Edward C. Radzik, Esq.