UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                     :

IROQUOIS GAS TRANSMISSION SYSTEM L.P.,     :
                                       :

                            Plaintiff,     :     05 Civ. 2149 (JSR)
          -against-                         :

                                       :
ASSOCIATED ELECTRIC & GAS INSURANCE     :
SERVICES LTD., Hamilton, Bermuda; CERTAIN     :
UNDERWRITERS AT LLOYD'S; AON RISK     :
SERVICES OF TEXAS, INC.; and AMERICAN     :
HOME ASSURANCE COMPANY,     :
                                       :
                        Defendants.     :
                                       :
-----------------------------------------------------------------------X

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT AON RISK SERVICES OF TEXAS, INC.
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

       Defendant AON RISK SERVICES OF TEXAS, INC. ("ARS TX"), by its undersigned

attorneys, Dechert LLP, as and for its Answer to Plaintiff's Second Amended Complaint,

responds and states on the basis of information available to date as follows:

                  1.      Admits the allegations contained in paragraph 1 of Plaintiff's Second

Amended Complaint.

                  2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint.

                  3.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

8.      Admits that Defendant Lloyd's Underwriters are insurers and underwriters under a Marine Hull insurance policy identified as LEO 280715 covering the period May 1, 2002 through May 1, 2003 and refers to said policy for a complete and accurate statement of its temrs, and states that ARS TX performed services as an insurance broker for Horizon Offshore Contractors, Inc. ("Horizon") in the placement of the Lloyd's Hull Policy, and denies the remaining allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10.     Admits that Defendant ARS TX is a corporation organized and existing under the laws of the State of Texas and that ARS TX has offices in the State of Texas and transacts business in Texas, denies that ARS TX's principal place of business is in Chicago, Illinois, and states that ARS TX's principal place of business is in Houston, Texas.

11.     Admits the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

2

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Denies that venue for this action is proper before this Court.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Refers to each of the policies for a complete and accurate statement of the assureds and the other terms thereof, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Refers to the American Home Excess Liability Policy C-1727 and to the excess liability policy issued by XL Specialty Insurance Co., Liberty Insurance Underwriters, American Home Assurance Co., and Navigators Insurance Co. (the "Conglomerate Excess Liability Policy"), issued to Horizon, for a complete and accurate statement of the terms of each policy, and denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21.    Admits that Horizon procured a hull insurance policy on which Certain Underwriters at Lloyd's ("Lloyd's") participated as underwriters covering the policy period May 1, 2002 through May 1, 2003 identified as LEO 280715, and refers to the Lloyd's Hull Policy for a complete and accurate statement of its terms.

22.    Admits that ARS TX provided services to Horizon as an insurance broker in the placement of the AEGIS P&I Policy, the American Home Excess Liability Policy, the Conglomerate Excess Liability Policy, and the Lloyd's Hull Policy, from ARS TX's office in Houston, Texas, and denies the remaining allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23.    Admits upon information and belief the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint.

24.    Denies that Horizon procured insurance policies from ARS TX, admits that ARS TX provided services to Horizon as an insurance broker with respect to certain insurance coverages, and admits upon information and belief that ARS TX delivered certain insurance policies to Horizon at Horizon's offices in Texas.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint.

26.    Admits upon information and belief the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint.

27.    Admits upon information and belief the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29.    Admits upon information and belief the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Second Amended Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33.    Admits that paragraph 33 of Plaintiff's Second Amended Complaint quotes certain language of the AEGIS Policy, and refers to the entire AEGIS Policy for a complete and accurate statement of the terms of coverage.

34.    Admits upon information and belief that paragraph 34 of Plaintiff's Second Amended Complaint quotes certain language of the AEGIS Policy, and refers to the entire AEGIS Policy for a complete and accurate statement of the terms of coverage.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint.

36.    Admits that the AEGIS Policy provided a limit of liability of $950,000 excess of $50,000, and refers to the AEGIS Policy for a complete and accurate statement of the terms of coverage.

37.    See paragraph 36 above.

38.    <u>See</u> paragraph 36 above.

39.    Denies the allegations contained in paragraph 39 of Plaintiff's Second Amended Complaint, and refers to the AEGIS Policy for a complete and accurate statement of the terms of coverage.

40.    Refers to the Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage.

41.    States that paragraph 41 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage.

42.    States that paragraph 42 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage.

43.    States that paragraph 43 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage.

44.    States that paragraph 44 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage.

45.    Refers to the American Home Excess Liability Policy for a complete and accurate statement of the terms of coverage.

46.    States that paragraph 46 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the American Home Excess Liability Policy for a complete and accurate statement of the terms of coverage.

47.    States that paragraph 47 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the American Home Excess Liability Policy for a complete and accurate statement of the terms of coverage.

48.    States that paragraph 48 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the American Home Excess Liability Policy for a complete and accurate statement of the terms of coverage.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint.

50.    States that paragraph 50 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the American Home Excess Liability Policy for a complete and accurate statement of the terms of coverage.

51.    Admits that ARS TX provided services as an insurance broker for Horizon with respect to the placement of the AEGIS P&I Policy, the American Home Excess Liability Policy, the Conglomerate Excess Liability Policy and the Lloyd's Hull Policy, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint.

52.    Admits that ARS TX received a request from Horizon on or about February 28, 2003, for ARS TX to notify Horizon's Protection & Indemnity ("P&I") underwriters of a February 27, 2003 casualty which might result in a claim involving alleged

damage to a cable owned by the New York Power Authority from an anchor cable of the vessel, GULF HORIZON, and denies the remaining allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint.

53.    Denies the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint.

54.    Admits that ARS TX forwarded notice on behalf of Horizon under the AEGIS P&I Policy and the Excess P&I Policy issued by Steamship Mutual Underwriting Association (Bermuda) Ltd. (the "Steamship Excess P&I Policy"), by notices addressed to JLT Risk Solutions Limited, and also forwarded notice on behalf of Horizon under the American Home Excess Liability Policy and the Conglomerate Excess Liability Policy, of the February 27, 2003 casualty involving the GULF HORIZON, and denies the remaining allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint.  Further answering paragraph 54, ARS TX states upon information and belief that Plaintiff directly reported to Horizon's insurers on or about March 17, 2003, including the carriers on the AEGIS P&I Policy, the Steamship Excess P&I Policy, the American Home Excess Liability Policy, and the Conglomerate Excess Liability Policy, and that upon information and belief, the New York Power Authority ("NYPA") also directly reported to Horizon's insurers on or about March 10, 2003, including the carriers on the AEGIS P&I Policy, the Steamship Excess P&I Policy, the American Home Excess Liability Policy, and the Conglomerate Excess Liability Policy.

55.    States that ARS TX advised Iroquois by letter dated July 17, 2003 of the specific insurance carriers that were notified with respect to the February 27, 2003 casualty involving the GULF HORIZON, and refers to said July 17, 2003 letter for a complete and accurate statement of the contents thereof.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint.

57.     States that paragraph 57 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the entire Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage.

58.     Denies the allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Second Amended Complaint.

60.     Admits that ARS TX provided notice on behalf of Horizon under the Lloyd's Hull Policy by correspondence dated May 17, 2004, refers to said notice for a complete and accurate statement of its terms, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Admits that ARS TX maintains an office in Houston, Texas, and denies the remaining allegations contained in paragraph 61 of the Amended Complaint.

## PLAINTIFF'S COUNT I – AGAINST AEGIS

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's Second Amended Complaint.

63.    States that paragraph 63 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the entire AEGIS Policy for a complete and accurate statement of the terms of coverage.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint.

65.    States that the allegations concerning when Iroquois's secondary insurance policies would take effect asserts a legal conclusion, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint.

66.    States that the allegations of waiver and estoppel assert legal conclusions, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint.

68.    States that paragraph 68 of Plaintiff's Second Amended Complaint asserts a legal conclusion for which no responsive pleading is required.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Second Amended Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Second Amended Complaint.

## PLAINTIFF'S COUNT II – AGAINST LLOYD'S

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's Second Amended Complaint.

72.     States that paragraph 72 of Plaintiff's Second Amended Complaint asserts a legal conclusion, and refers to the Lloyd's Hull Policy for a complete and accurate statement of the terms of coverage thereunder.

73.     Admits upon information and belief that Lloyd's has denied Plaintiff's demand for coverage under the Lloyd's Hull Policy, denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's legal costs exceed $800,000, and states that the allegation concerning due demand states a legal conclusion for which no responsive pleading is required.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's Second Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's Second Amended Complaint, and states that paragraph 75 of Plaintiff's Second Amended Complaint asserts legal conclusions of waiver and estoppel for which no responsive pleading is required.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's Second Amended Complaint.

## PLAINTIFF'S COUNT III – AGAINST AMERICAN HOME

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's Second Amended Complaint.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint.

79.    States that paragraph 79 of Plaintiff's Second Amended Complaint asserts legal conclusions, and refers to the American Home Excess Liability Policy for a complete and accurate statement of the terms of coverage.

80.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint, and states that paragraph 80 of Plaintiff's Second Amended Complaint asserts legal conclusions for which no responsive pleading is required.

81.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiff's Second Amended Complaint, and states that Plaintiff's allegation concerning Iroquois's insurance policies asserts legal conclusions for which no responsive pleading is required.

82.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's Second Amended Complaint, and state that Plaintiff's allegations of waiver and estoppel assert legal conclusions for which no responsive pleading is required.

83.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiff's Second Amended Complaint, and states that paragraph 83 asserts legal conclusions for which no responsive pleading is required.

## PLAINTIFF'S COUNT IV – AGAINST ARS TX

84.    Denies the allegations contained in paragraph 84 of Plaintiff's Second Amended Complaint.

85.    Denies the allegations contained in paragraph 85 of Plaintiff's Second Amended Complaint.

86.    Denies the allegations contained in paragraph 86 of Plaintiff's Second Amended Complaint.

87.    Denies the allegations contained in paragraph 87 of Plaintiff's Second Amended Complaint.

88.    Denies the allegations contained in paragraph 88 of Plaintiff's Second Amended Complaint.

## PLAINTIFF'S COUNT V – AGAINST ARS TX

89.    Denies the allegations contained in paragraph 89 of Plaintiff's Second Amended Complaint.

90.    Admits that ARS TX received commissions on certain insurance coverages placed by ARS TX at the request of Horizon, and denies the remaining allegations contained in paragraph 90 of Plaintiff's Second Amended Complaint.

91.    Denies the allegations contained in paragraph 91 of Plaintiff's Second Amended Complaint.

92.    Denies the allegations contained in paragraph 92 of Plaintiff's Second Amended Complaint.

93.    Denies that Plaintiff is entitled to any of the relief demanded as against ARS TX in this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted as against ARS TX.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.    Venue is not proper within this District.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims against ARS TX should be dismissed under the doctrine of forum non conveniens.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff's claims against ARS TX are barred by the absence of privity between Plaintiff and ARS TX.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff fails to allege the existence of any valid and enforceable contractual agreement between ARS TX and Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff has failed to sufficiently allege the existence of a legal duty supporting a claim of negligence by Plaintiff against ARS TX.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims against ARS TX are barred by principles of waiver.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims against ARS TX are barred by principles of estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Upon information and belief, Plaintiff's claims against ARS TX are barred by the doctrine of res judicata.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.     Upon information and belief, Plaintiff's claims against ARS TX are barred as a result of Plaintiff's litigation with Horizon and other parties concerning the same claim, including but not limited to the cross-claims asserted by Iroquois against Horizon in an action before the Supreme Court for the State of New York, County of New York, captioned Horizon

<u>Offshore Contractors, Inc. v. Iroquois Gas Transmission System, et al</u>, Index No. 600140/04, and by any settlement of litigation or claims between Plaintiff and Horizon.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.     To the extent that Plaintiff was contractually entitled to indemnity from Horizon for loss, expenses and attorney's fees under Section 2.12 of Exhibit G to the Construction Contract between Iroquois and Horizon in the event of non-payment of claim by Lloyd's to Iroquois, Plaintiff has suffered no damages and is not entitled to recovery from ARS TX.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff has failed to mitigate its alleged damages, which damages are specifically denied.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff lacks standing to assert the claims asserted against ARS TX in Plaintiff's Second Amended Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.     To the extent that Plaintiff is not entitled under the terms of its contract with Horizon to coverage under Horizon's insurance for the amounts for which Plaintiff seeks recovery in this action, Plaintiff cannot recover from ARS TX.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims against ARS TX are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims against ARS TX are barred in whole or in part by the doctrine of laches.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Upon information and belief, Plaintiff's claims in this action are barred and/or enjoined by the August 18, 2003 Monition and Stay Order entered by the United States District Court for the District of Texas in the limitation proceeding commenced by Horizon, Civil Action Number H-03-3280.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims against ARS TX are barred by Plaintiff's own negligent actions or omissions, and/or by such negligent actions or omissions that are attributable to Plaintiff.

WHEREFORE, Defendant ARS TX demands judgment dismissing each of Plaintiff's claims asserted against ARS TX in the Second Amended Complaint in this action, and requests that ARS TX be granted recovery of its costs in this action, as well as such other and further relief the Court deems just and proper.

Dated: New York, NY
     July 7, 2005

                                    DECHERT LLP

                              By: _____
                                 Rodney M. Zerbe [RZ-1069]
                                 James E. Tolan [JT-8454]
                                 30 Rockefeller Plaza
                                 New York, NY 10112
                                 (212) 698-3581
                                 Attorneys for Defendant AON
                                 RISK SERVICES OF TEXAS, INC.

TO:
HEALY & BAILLIE, LLP
Richard V. Singleton, II, Esq.
61 Broadway, 32nd Floor
New York, NY 10006
(212) 943-3980
Attorneys for Plaintiff

NOURSE & BOWLES, LLP
John P. Vayda, Esq.
One Exchange Plaza
New York, NY 10006
(212) 952-6200
Attorneys for Defendant
ASSOCIATED ELECTRIC &
GAS INS. SERVICES, LTD.

DONOVAN PARRY McDERMOTT &
RADZIK
Edward C. Radzik, Esq.
Wall Street Plaza
88 Pine Street, 21st Floor
New York, NY 10005
(212) 376-6439
Attorneys for Defendant CERTAIN
UNDERWRITERS AT LLOYD'S