S:\FILES\4729_AHAC-IROQUOIS\ECF\4729AHACANS1.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt (CS8669)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for AMERICAN HOME ASSURANCE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— )
IROQUOIS GAS TRANSMISSION SYSTEM L.P.,  )
                                                                          )            05 Civ. 2149 (JSR)
                                       Plaintiff,                  )
                                                                          )            ANSWER TO
                             - v. -                                   )     SECOND AMENDED
                                                                          )          COMPLAINT
ASSOCIATED ELECTRIC & GAS INSURANCE   )
SERVICES LTD., Hamilton, Bermuda (AEGIS), and  )
CERTAIN UNDERWRITERS AT LLOYD'S; AON  )
RISK SERVICES OF TEXAS, INC.; and               )
AMERICAN HOME ASSURANCE CO.,            )
                                                                          )
                                       Defendants.             )
———————————————————————— )

Defendant, AMERICAN HOME ASSURANCE COMPANY ("AHAC"), by its

attorneys, Kennedy Lillis Schmidt & English, answering the Second Amended Complaint of

IROQUOIS GAS TRANSMISSION SYSTEM L.P., ("Iroquois"), alleges on information and

belief as follows:

                    1.   It admits the allegations contained in paragraph 1 of the Second Amended

Complaint.

                    2.   It denies the allegations contained in paragraph 2 of the Second Amended

Complaint.

1

3.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 3 of the Second Amended Complaint.

4.    It denies the allegations in paragraph 4 of the Second Amended Complaint.

5.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 5 of the Second Amended Complaint.

6.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 6 of the Second Amended Complaint.

7.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 7 of the Second Amended Complaint.

8.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 8 of the Second Amended Complaint.

9.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 9 of the Second Amended Complaint.

10.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 10 of the Second Amended Complaint.

11.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 11 of the Second Amended Complaint.

2

12.    It admits the allegations in paragraph 12 of the Second Amended Complaint.

13.    It admits the allegations in paragraph 13 of the Second Amended Complaint.

14.    It admits that AHAC is subject to personal jurisdiction in the State of New York but denies that venue in this District is proper because of an Order in a related case issued in the United States District Court for the Southern District of Texas, sub. nom. In Re Horizon Vessels Inc. et al., Civil Action No. H-03-3280, inter alia, prohibiting Plaintiff from bringing this action against AHAC.

15.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 15 of the Second Amended Complaint.

16.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 16 of the Second Amended Complaint.

17.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 17 of the Second Amended Complaint.

18.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 18 of the Second Amended Complaint.

19.    It denies the allegations contained in paragraph 19 of the Second Amended Complaint insofar as they relate or refer to AHAC; except as so denied, it denies that it

3

has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 19 of the Second Amended Complaint.

20.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 20 of the Second Amended Complaint.

21.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 21 of the Second Amended Complaint.

22.   It denies the allegations contained in paragraph 22 of the Second Amended Complaint insofar as they relate or refer to AHAC; except as so denied, that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 22 of the Second Amended Complaint.

23.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 23 of the Second Amended Complaint.

24.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 24 of the Second Amended Complaint.

### AS TO THE OCCURRENCE

25.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 25 of the Second Amended Complaint.

26.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 26 of the Second Amended Complaint.

4

27.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 27 of the Second Amended Complaint.

28.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 28 of the Second Amended Complaint.

29. It admits the allegations contained in paragraph 29 of the Second Amended Complaint.

30.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 30 of the Second Amended Complaint.

31.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 31 of the Second Amended Complaint.

32.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 32 of the Second Amended Complaint.

## AS TO THE AEGIS POLICY

33.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 33 of the Second Amended Complaint.

34.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 34 of the Second Amended Complaint.

35.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 35 of the Second Amended Complaint.

36.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 36 of the Second Amended Complaint.

37.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 37 of the Second Amended Complaint.

38.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 38 of the Second Amended Complaint.

39.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 39 of the Second Amended Complaint.

### AS TO THE LLOYD'S HULL POLICY

40.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 40 of the Second Amended Complaint.

41.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 41 of the Second Amended Complaint.

42.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 42 of the Second Amended Complaint.

43.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 43 of the Second Amended Complaint.

44.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 44 of the Second Amended Complaint.

6

## AS TO THE AMERICAN HOME POLICY

45.   It admits that AHAC's policy no. C1727 ("AHAC Policy") contains the words quoted in paragraph 45 of the Second Amended Complaint, but denies that the quoted wording contains a full and complete statement of the AHAC Policy's terms and conditions with respect to status as an "Assured."

46.   It denies the allegations contained in paragraph 46 of the Second Amended Complaint.

47.   It admits the allegations contained in paragraph 47 of the Second Amended Complaint.

48.   It admits the allegations contained in paragraph 48 of the Second Amended Complaint.

49.   It admits the allegations contained in paragraph 49 of the Second Amended Complaint.

50.   It denies the allegations contained in paragraph 50 of the Second Amended Complaint.

## AS TO NOTIFICATION TO THE INSURERS

51.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 51 of the Second Amended Complaint.

52.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 52 of the Second Amended Complaint.

53.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 53 of the Second Amended Complaint.

54.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 54 of the Second Amended Complaint.

55.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 55 of the Second Amended Complaint.

56.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 56 of the Second Amended Complaint.

57.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 57 of the Second Amended Complaint.

58.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 58 of the Second Amended Complaint.

59.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 59 of the Second Amended Complaint.

60.     It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 60 of the Second Amended Complaint.

61.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 61 of the Second Amended Complaint.

## AS TO COUNT I

62.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 62 of the Second Amended Complaint.

63.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 63 of the Second Amended Complaint.

64.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 64 of the Second Amended Complaint.

65.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 65 of the Second Amended Complaint.

66.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 66 of the Second Amended Complaint.

67.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 67 of the Second Amended Complaint.

68.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 68 of the Second Amended Complaint.

69.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 69 of the Second Amended Complaint.

70.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 70 of the Second Amended Complaint.

## AS TO COUNT II

71.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 71 of the Second Amended Complaint.

72.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 72 of the Second Amended Complaint.

73.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 73 of the Second Amended Complaint.

74.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 74 of the Second Amended Complaint.

75.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 75 of the Second Amended Complaint.

76.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 76 of the Second Amended Complaint.

## AS TO COUNT III

77.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 77 of the Second Amended Complaint.

78.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 78 of the Second Amended Complaint.

79.   It denies the allegations in paragraph 79 of the Second Amended Complaint.

80.   It denies the allegations in paragraph 80 of the Second Amended Complaint.

81.   It denies the allegations in paragraph 81 of the Second Amended Complaint.

82.   It denies the allegations in paragraph 82 of the Second Amended Complaint.

83.   It denies the allegations in paragraph 83 of the Second Amended Complaint.

## AS TO COUNT IV

84.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 84 of the Second Amended Complaint.

85.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 85 of the Second Amended Complaint.

86.   It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 86 of the Second Amended Complaint.

87.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 87 of the Second Amended Complaint.

88.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 88 of the Second Amended Complaint.

## AS TO COUNT V

89.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 89 of the Second Amended Complaint.

90.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 90 of the Second Amended Complaint.

91.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 91 of the Second Amended Complaint.

92.    It denies that it has knowledge or information sufficient to form a belief as to the matters alleged in paragraph 92 of the Second Amended Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

93.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 92.

94.    The purported summons served on AHAC did not comply with F.R.Civ.P. 4(a).

95.   Because of the foregoing, AHAC has not been made a party to this action by reason of insufficiency of service of process.

**AS AND FOR A
SECOND AFFIRMATIVE DEFENSE
(POLICY LIMIT OF LIABILITY)**

96.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 95.

*A. Undertaking:  Policy Limit of Liability*

97.   The AHAC Policy provides in relevant part for a single "Limit of Liability" of $10,000,000 either (a) in excess of the coverage provided by Scheduled Underlying Insurance or (b) for each occurrence not covered by Scheduled Underlying Insurance, in excess of $50,000 of Ultimate Net Loss sustained including law costs, premiums on attachment or appeal bonds, and for litigation of suits.

98.   The Policy was issued to Horizon Offshore, Inc. and others as named insureds.

99.   The Policy provided Horizon Offshore, Inc. the privilege to name others as additional assureds.

100.   The Policy does not provide or allow for increase of the Limit of Liability in any way.  If an additional insured was named by the assured, the single Limit of Liability remains $10,000,000 to cover the claims of all assureds and additional assureds.

13

101.   On information and belief, and as alleged in paragraph 29 of the Second Amended Complaint, Horizon commenced a proceeding in the United States District Court for the Southern District of Texas under the Shipowner's Limited Liability Act Seeking Exoneration From or Limitation of Liability ("Limitation Proceeding").

102.   Prior to commencing the Limitation Proceeding, Horizon requested that AHAC, and others, issue an undertaking to the Clerk of the Court, United States District Court, Southern District of Texas, and Houston Division.  The request made to AHAC was that its undertaking be for $10,000,000, which is the Limit of Liability of the AHAC Policy.  On August 15,2003, AHAC issued an Undertaking to Mr. Michael Milby, Clerk of the Court, United States District Court, Southern District of Texas, Houston Division in the amount of $10,000,000 which is strictly subject to the terms, limits and conditions of the Policy ("Undertaking") and others issued their undertaking(s) in additional amounts.

103.   The above-described Undertaking is in the amount of $10,000,000 and remains outstanding and in force.  It is unknown and beyond AHAC's control, when, and or how the Limitation Proceeding and/or AHAC's obligation, if any, under the Undertaking will be resolved.

104.   The entire Limit of Liability under the Policy is at present, and possibly finally, fully committed and therefore unavailable to satisfy any other claims, including Iroquois' herein, even if liability exists, which is denied.

14

*B. Other Claims*

105.   Horizon and/or other assured(s) have incurred lawyers' and experts' fees in respect of the same occurrence referred to in the Second Amended Complaint and the Limitation Proceeding referred to in paragraphs 97-104 above.   Numerous further claims have or will be made against Horizon and/or other assured(s), and Horizon has made or will make claims against AHAC under the Policy with respect to that same occurrence (collectively, the "Claims").

106.   If allowed, the Claims would stand against and may exhaust the Limit of Liability of the Policy.

107.   Said Claims have not been paid because, among other reasons, AHAC does not know to whom, if anyone, or in what amounts it may have liability and, for the reasons described in paragraphs 97 through 104, the Limit of Liability of the Policy could become exhausted.

108.   Depending on resolution of the Limitation Proceeding, payment of all or part of said Claims, if required, may exhaust the Limit of Liability of the Policy, in which case no Policy funds would be available to Iroquois, even if liability exists, which is denied.

109.   For the reasons described in paragraphs 97 to 104 it is possible that the Limit of Liability has already been or will be exhausted leaving no funds available to Iroquois, even if liability exists, which is denied.   Determination of said issues is dependent, at least in part, on resolution of the Limitation Proceeding before the U.S. District Court in Houston.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE
## (INTEGRATION WITH HULL POLICY)

110.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 109.

111.   AEGIS alleges that risks covered by its policy include "4/4ths Collision Liability and damage To Fixed and Floating Objects, but excluding amounts recoverable under Hull Risks insurance effected by the Assured."

112.   AEGIS alleges that claims for damage to Fixed and Floating Objects, to the extent they are covered by the Hull Risks insurance effected by the assured, are not recoverable from AEGIS.

113.   AEGIS has alleged on information and belief that the Hull Risks insurance effected by Horizon provides:

> Including Collision and Tower's Liability amended to include collision and/or contact with fixed and floating objects per lines 78-111 of the American Institute Tug Form (August 1, 1976) Cl.A230, with line 79 amended by adding words 'or contact' after word 'collision' for separate minimum limit of USD 1,000,000 each accident or occurrence or hull value whichever the greater.

114.   The relevant coverage, if any is provided to Iroquois, which is denied, contained in the AHAC Policy provides that it is "to have the benefit of . . . Collision Liabilities insurance afforded to the Named Insured under hull insurance policies."

16

115.   If the Hull Risks insurance provides coverage as alleged in paragraph 113, the Hull Risks policy would seem to include the liability in question and that Iroquois should present its claims to the Hull Risk insurers, not AHAC.

**AS AND FOR A
FOURTH AFFIRMATIVE DEFENSE
(INDEMNITY CLAIMS)**

116.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 115.

117.   On information and belief Iroquois may have claims for, among other things, indemnity against other entities such that Iroquois may be entitled to recover over from such other entities all of its liabilities and/or expenditures including its legal fees and costs so that it will never have any claims against AHAC under the Policy.  It is thus premature to consider whether Iroquois is entitled to any recovery from AHAC under this Policy.

**AS AND FOR A
FIFTH AFFIRMATIVE DEFENSE
(FAILURE TO STATE CAUSE OF ACTION)**

118.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 117.

119.   The Second Amended Complaint fails to state a cause of action upon which relief may be granted against defendant, AHAC.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE
## (LIMITATION PROCEEDING)

120.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 119.

121.   Plaintiff's Second Amended Complaint should be dismissed because its causes of action against AHAC are barred and prohibited by reason of the monition and stay order entered by the United States District Court for the Southern District of Texas in the Limitation Proceedings commenced by Horizon Vessels, Inc., et at. Civil Action Number H-03-3280.

122.   A subsequent Order of the Southern District of Texas denied Plaintiff, Iroquois', motion to transfer the Limitation Proceedings and lifted the stay on a limited basis only to allow Iroquois to pursue its personal contract doctrine cause(s) of action against Horizon Offshore Contractors, Inc. in another forum.  However, the modification of the stay did not permit Iroquois to proceed against Horizon's "liability underwriters" in any other forum except for the Southern District of Texas.

123.   In the circumstances, the subject action as against AHAC violates the stay previously imposed by the Southern District of Texas and said action is improper and should be dismissed.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE
## (VENUE)

124.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 123.

125.   Venue of this matter in this Court is improper and/or inconvenient.  This action should be dismissed and/or transferred to the United States District Court for Southern District of Texas without prejudice to sanctions against Plaintiff for its violation, and/or contempt, of the Southern District of Texas' order prohibiting the commencement of this action against Horizon's liability underwriters in this Court.

**AS AND FOR AN
EIGHTH AFFIRMATIVE DEFENSE
(MITIGATION)**

126.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 125.

127.   Plaintiff's action is barred because it failed to properly mitigate or avoid its alleged losses and otherwise failed to act as a prudent uninsured, including but not limited to, the exercise of rights and options available to it under the contracts to which it was a party and/or contracts to which it was an intended beneficiary.

**AS AND FOR A
NINTH AFFIRMATIVE DEFENSE
(WAIVER AND ESTOPPEL)**

128.   AHAC repeats and realleges the allegations contained in paragraphs 1 through 127.

129.   Plaintiff's action is barred by the doctrines of waiver and estoppel.

19

**AS AND FOR A
TENTH AFFIRMATIVE DEFENSE
(STANDING)**

130.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 129.

131.    Plaintiff's action is barred because Plaintiff lacks standing.

**AS AND FOR AN
ELEVENTH AFFIRMATIVE DEFENSE
(LACHES)**

132.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 131.

133.    Plaintiff's action is barred by the doctrines of laches.

**AS AND FOR A
TWELFTH AFFIRMATIVE DEFENSE
(THIRD PARTIES)**

134.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 133.

135.    To the extent Plaintiff Iroquois has suffered any loss, which is denied and/or may be exposed to any liabilities to third parties by reason of the matters alleged in the Second Amended Complaint, or otherwise, such losses and/or exposure to liabilities are not covered by the terms and conditions of the Policy issued by defendant, AHAC.

136.    To the extent Plaintiff Iroquois has suffered any loss, which is denied, and/or may be exposed to liabilities to third parties by reason of the matters alleged in the Second Amended Complaint or otherwise, Plaintiff must look to coverage provided by other entities,

if any, who have expressly agreed to cover Plaintiff's and/or Horizon's claims for recoupment of legal costs and expenses and indemnification for losses of third parties for which plaintiff and/or Horizon may be contractually responsible.

**AS AND FOR A**
**THIRTEENTH AFFIRMATIVE DEFENSE**
**(BENEFITS OF IROQUOIS/HORIZON**
**CONTRACT AND LIMITATION ON**
**CLAIMED ADDITIONAL ASSURED STATUS)**

137.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 136.

138.    On information and belief, Construction Contract No. 02-12 between Plaintiff and Horizon Offshore Contractors, Inc. dated April 12, 2002 ("Construction Contract") provided:

> 11.1.3 The Contractor shall indemnify, hold harmless and release the Company and its affiliates, and its and their officers, contractors, employees and agents from and against all liabilities or causes of action, demands, suits, damages, judgments, fees, fines, penalties, costs and expenses resulting from injury to or death of third parties and from any damage to property or any losses of any kind suffered by third parties, due to or caused by the breach of the Contractor of its obligations hereunder, or the willful misconduct or negligence of the Contractor or its Subcontractors in carrying out its responsibilities under this Agreement, except and to the extent such injury, death, damage or loss is caused by the negligence or willful misconduct of the Company or its affiliates, and its or their officers, employees, agents and contractors.

139.    On information and belief, Exhibit G to that Construction Contract, "Schedule of Insurance Requirements," provided:

2.4 Additional Terms.  All insurance policies pro-
vided by the Contractor and Subcontractors shall be
endorsed to provide that:

2.4.1 the Company and its parental, partner, divi-
sional, affiliate or subsidiary companies and all em-
ployees thereof shall be included as additional in-
sured (as respects General Liability coverage, Com-
pany will be included as an additional insured pur-
suant to a CG 20 10 (11 85) endorsement to Con-
tractor's and Subcontractors CGL policies) except
Worker's Compensation insurance;

2.4.2 Contractor will waive insurers rights of subro-
gation and the insurers will include blanket waivers
of subrogation on all policies and the insurers will
have no right of recovery or subrogation against the
Company or its parental, partner, divisional, affili-
ate, or subsidiary companies, and all employees
thereof it being the intention of the parties that the
insurance so effected shall protect all parties, and
the Contractor's carrier shall be primarily liable for
any and all losses covered by the above described
insurance for the risks assumed by Contractor
herein; and

* * *

2.4.4  Any requirement to name Company and its
parent, partner, divisional, affiliate or subsidiary
companies as an additional insured or waive subro-
gation on any of Contractor's policies or that con-
tractor's policies shall be primary to those of com-
pany and its parent, partner, divisional, affiliate or
subsidiary companies and that the company's and
its parent, partner, divisional, affiliate or subsidiary
companies' policies shall be excess and non-
contributing to any other policies Contractor shall
be limited to those risks covered by Contractor's in-
surances for which Contractor has agreed under the
terms of the contract to assume responsibility or in-
demnify Company and it's parents, partner, divi-
sional, affiliate or subsidiary companies.

* * *

2.9 Other Insurance Provisions.

22

> . . . Any requirement to name Company and its parent, partner, divisional, affiliate or subsidiary companies as an additional insured or waive subrogation on any of Contractor's policies or that contractor's policies shall be primary to those of the company and its parent, partner, divisional, affiliate or subsidiary companies and that company's and its parent, partner, divisional, affiliate or subsidiary companies' policies shall be excess and noncontributing to any other policies of Contractor shall be limited to those risks covered by Contractor's insurances for which Contractor has agreed under the terms of the contract to assume responsibility or indemnify Company and it's parents, partner, divisional, affiliate or subsidiary companies.

140.    Accordingly, on information and belief, insurance coverage and additional assured status was only provided to Iroquois to the extent of the risks assumed by Horizon Offshore Contractors, Inc. in the indemnity provisions of the Construction Contract.

141.    AHAC is entitled to all of the rights, privileges and immunities to which Horizon Offshore Contractors, Inc. is entitled vis-à-vis Iroquois by contract or by operation of law.

**AS AND FOR A**
**FOURTEENTH AFFIRMATIVE DEFENSE**
**(ULTIMATE NET LOSS)**

142.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 141.

143.    The AHAC Policy provides that:

> The term "Ultimate Net Loss" shall mean the total sum which the Assured, or his underlying insurers, or both, become obligated to pay by reason of matters set out in Insuring Agreement I, either through adjudication or compromise, and shall include hos-

pital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding, however, the salaries of the Assured's, or his underlying insurers, permanent employees and general office overhead and also excluding any part of such expenses for which the Assured is covered by other valid and collectible insurance.

144. If the AHAC Policy provides coverage to Iroquois, which is denied, and the occurrence is one for which no coverage is provided by Scheduled Underlying Insurance, but which is subject to other valid and collectible insurance available to Horizon, the AHAC Policy only responds for the Ultimate Net Loss as defined above, and then only to the extent that such Ultimate Net Loss exceeds $50,000.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE
## (MAINTENANCE OF UNDERLYING
## INSURANCE)

145. AHAC repeats and realleges the allegations contained in paragraphs 1 through 143.

146. The AHAC Policy provides that:

(a) It is a condition of this policy that the insurance referred to in the attached "Schedule of Underlying Insurance" shall be maintained in full effect during the currency of this policy, except for any reduction of the aggregate limit or limits contained therein solely by payment of claims arising from accidents and/or occurrences which occurred during the period of this policy.

24

(b) Inadvertent failure of the Assured to comply with (a) above or inadvertent failure to notify Underwriters of any changes in the underlying insurance shall not prejudice the Assured's rights of recovery under this policy, but, in the event of such failure, Underwriters shall be liable only to the same extent as they would have been had the Assured complied with the said condition.

(c) The insolvency, bankruptcy, receivership or refusal or inability to pay of the Assured and/or any insurer shall not operate to reduce or deplete any underlying limit nor shall it increase any Underwriter's share of the Limit of Liability set forth herein.

147.   If the AHAC Policy provides coverage to Iroquois, which is denied, and the occurrence is one for which coverage is provided by Scheduled Underlying Insurance, but such coverage was not maintained by Horizon, or any insurer providing such coverage becomes insolvent, bankrupt, or enters receivership, or refuses or is unable to pay a claim so covered by such underlying insurance, the AHAC Policy only responds to the extent that it would have responded if such underlying insurer had responded to the extent provided in the Schedule of Underlying Insurance.

## AS AND FOR A
## SIXTEENTH AFFIRMATIVE DEFENSE
## (OTHER INSURANCE)

148.    AHAC repeats and realleges the allegations contained in paragraphs 1 through 147.

149.   The AHAC Policy provides that:

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by

25

this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance, either as double insurance or otherwise. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

150.  If the AHAC Policy provides coverage to Iroquois, which is denied, and the occurrence is one for which coverage is provided also by other insurance made for Horizon and extended to Iroquois, the AHAC Policy only responds in excess of, and does not contribute with, such other insurance, either as double insurance or otherwise.

WHEREFORE, defendant, AHAC, demands that the Second Amended Complaint against it be dismissed with prejudice and with costs, disbursements and attorneys' fees, and that it may have such other, further and different relief as justice may require.

Dated:  New York, New York             KENNEDY LILLIS SCHMIDT & ENGLISH
        July 22, 2005                  Attorneys for AHAC


                              By:    s/
                                     Charles E. Schmidt (CS8669)
                                     75 Maiden Lane – Suite 402
                                     New York, New York  10038-4816
                                     Telephone:  212-430-0800

26