# Attachment 2 (d)



# JLT RISK SOLUTIONS
### Limited

| | | |
|---|---|---|
| To | James I Montano | The Gemini Centre<br>88 New London Road<br>Chelmsford<br>Essex CM2 0YJ<br>Telephone 01245 705000<br>Direct Line 01245-705154<br>Facsimile 01245-705123 |
| Company | AON NATURAL RESOURCES | |
| Fax No | 0018009534542 | |
| Date | 1 June 2004 | |
| From | Paul Bennett | |
| | Run-Off Management Services | |

| No. of Pages inc. front sheet | 1 | **Facsimile** | Init: |
|---|---|---|---|
| | | | Ref: |

---

**Re: Horizon Offshore . Vessel: "Gulf Horizon" Loss of Anchor and Chain resulting in Damage to Sub Sea Power Cable.**

Your Ref: 03-M5058-A

Our Ref: LD0280715/005

Jim,

We acknowledge receipt of your faxed initial notice of the above loss dated 17th May 2004, we have allocated the above claim reference and will duly present to our Underwriters on our 90% order.

We now await the file material as advised in due course.

Regards.

Paul Bennett

**CONFIDENTIALITY NOTICE**

The information contained in this facsimile message is confidential and JLT Risk Solutions Limited reserves any and all possible rights to privilege in respect thereof. It is intended only for the use of the addressee designated above. Any reader of this message, who is not the addressee, is hereby expressly forbidden to copy, disseminate, distribute or in any other way use any of the information contained in this facsimile message.

If you have received this facsimile transmission in error, please immediately notify the sender by telephone so that we can arrange for its return.

PSB/FAX1649

This facsimile copy is for information only and we do not accept any responsibility for differences between the original and the transmission copy. If all pages not received clearly please contact us on the above number.

Lloyd's Broker. A member of the Jardine Lloyd Thompson Group
A company incorporated with liability limited by shares. Regulated by the General Insurance Standards Council
Registered Office: 6 Crutched Friars, London EC3N 2PH. Registered in England No. 1536540. Vat No. 244 2321 96

ARS-TX 0046



*Natural Resources*
*Group*

June 7, 2004

Underwriters at Lloyd's and Insurance
   Companies
   c/o JLT Risk Solutions Limited
Continental Insurance Company via Marine
   Office of America/CNA (M4005714)
American Employers Insurance Company
Fireman's Fund Insurance Company
Markel Insurance Company
Royal Insurance Company via Gulf Coast
   Marine Inc. (014857)

                        Re.:   Horizon Offshore Contractors, Inc.
                                  D/B GULF HORIZON
                                  Alleged damage to Subsea Power Cable
                                  February 27, 2003
                                  Our File:  03-M5058-A

Gentlemen:

Further to our Report of Loss dated May 17, 2004 enclosed are various documents, reports
and items of correspondence relative to the subject casualty.

Please advise if you have any questions, comments, advice or instructions regarding this
matter.

                        Very truly yours,

                        **Aon Natural Resources**

                        James I. Montano

Enclosures

Aon Risk Services of Texas, Inc.
1330 Post Oak Blvd. • Suite 900 • Houston, Texas 77056
tel: 832.476.6000 • fax: 800.953.4542 • www.aon.com

ARS-TX 0047



*Natural Resources*
*Group*

June 24, 2004

Underwriters at Lloyd's and Insurance Companies
   c/o JLT Risk Solutions Limited
Continental Insurance Company via Marine
   Office of America/CNA (M4005714)
American Employers Insurance Company
Fireman's Fund Insurance Company
Markel Insurance Company
Royal Insurance Company via Gulf Coast
   Marine Inc. (014857)

           Re.:   Horizon Offshore Contractors, Inc.
                  D/B GULF HORIZON
                  Alleged damage to Subsea Power Cable
                  February 27, 2003
                  Our File:  03-M5058-A

Gentlemen:

Further to our letter of June 7, 2004 attached is handling attorneys' latest report with respect
to the subject casualty.  As we expect future reports will also be received electronically, we
request that each of you provide us with your email address and your respective file numbers.

Please make the attached report a part of your respective files.  Should there be any questions,
comments, advice or instructions regarding this matter, please advise.

           Very truly yours,

           **Aon Natural Resources**

           James I. Montano

Attachment

Aon Risk Services of Texas, Inc.
1330 Post Oak Blvd. • Suite 900 • Houston, Texas 77056
tel: 832.476.6000 • fax: 800.953.4542 • www.aon.com

ARS-TX 0048



**"Gina Hartdegen"**
**<ghartdegen@g-c-m.c**
**om>**

06/29/2004 10:35 AM

To: <JIM_MONTANO@ARS.AON.COM>
cc:
Subject: Horizon Offshore "GULF HORIZON" Dmg to NYPA subsea cable Your
#03-M5058-A

I received and thank you for your 6/24/04 letter attaching the printed email of 6/22/04 from Adams &
Reese.
For your records, our file number is 014857.  Should you need to send anything via email in the future,
my address is ghartdegen@g-c-m.com
Regards,
Gina Hartdegen
GCM Claims

ARS-TX 0049

# FACSIMILE TRANSMISSION

**To:** James Montano @ Aon Risk
**Fax:** 800-953-4542
**Date:** August 6, 2004
**Pages:** 1, including this cover sheet

**RE:** Your File 03-M5058-A
HORIZON OFFSHORE CONTRACTORS
D/B "GULF HORIZON"
D/L: February 27, 2003
GCM Claim No. 014857

With regard to the captioned claim, your fax dated 5/17/04 was our initial notice of this loss. In that fax, you stated that the claim had been previously reported to P&I, CGL and excess underwriters. However, we participate on the P&I placement as well, and we could find no prior notice of this loss.

It appears that the majority of the risk is placed in London. Please advise if you have received any comments from London underwriters on this Hull risk relating to the notice of this claim and whether they are in agreement that this claim should fall to the Hull policy.

Thanks & Regards,

*Gina Hartdegen*

FROM THE DESK OF..........
Gina C. Hartdegen
GULF COAST MARINE, LLC
2626 N. Arnoult Road, Suite 300
Metairie, LA 78002

Phone: (504) 883-2600 ext. 30
Fax: (504) 883-2621
email: ghartdegen@g-c-m.com

ARS-TX 0050

**AON**

*Natural Resources*
*Group*

June 24, 2004    8/6/04

Underwriters at Lloyd's and Insurance Companies
c/o JLT Risk Solutions Limited
Continental Insurance Company via Marine
  Office of America/CNA (M4005714)
American Employers Insurance Company
Fireman's Fund Insurance Company
Markel Insurance Company
Royal Insurance Company via Gulf Coast
  Marine Inc. (014857)

FM:

BRENDA. BOWMAN @ CNA. COM

**RECEIVED**

JUN 2 8 2004

MOAC NEW ORLEANS

Re.:    Horizon Offshore Contractors, Inc.
        D/B GULF HORIZON
        Alleged damage to Subsea Power Cable
        February 27, 2003
        Our File: 03-M5058-A

Gentlemen:

Further to our letter of June 7, 2004 attached is handling attorneys' latest report with respect to the subject casualty. As we expect future reports will also be received electronically, we request that each of you provide us with your email address and your respective file numbers.

Please make the attached report a part of your respective files. Should there be any questions, comments, advice or instructions regarding this matter, please advise.

Very truly yours,

Aon Natural Resources

James I. Montano

Attachment

Aon Risk Services of Texas, Inc.
1330 Post Oak Blvd. • Suite 900 • Houston, Texas 77056
tel: 832.476.6000 • fax: 800.953.4542 • www.aon.com

ARS-TX 0051



## JLT RISK SOLUTIONS
### Limited

| | | | The Gemini Centre |
|---|---|---|---|
| To | Jim Montano | | 88 New London Road |
| | | | Chelmsford |
| Company | AON Natural Resources | | Essex CM2 0YJ |
| | | | Telephone  01245 705000 |
| | | | Direct Line 01245-705154 |
| Fax No | 0018009534542 | | Facsimile  01245-705123 |
| Date | 20 September 2004 | | |
| From | Paul Bennett | | |
| | Run-Off Management Services | | |

| Init: | |
|---|---|
| Ref. | |

No. of Pages
inc. front sheet        1                    **Facsimile**

---

**Re: Horizon Offshore Contractors. "Gulf Horizon"**

Your Ref: 03-M5058-A

Jim,

We refer to your loss advice dated 17th May 2004, we would advise we have received a request from leading Underwriters for a update on this loss, also Underwriters request Assured advices to Adams & Reese instruction as we cannot see this firm on the approved attorney listing.

We thank you in advance for your assistance.

Regards,

Paul Bennett

---

**CONFIDENTIALITY NOTICE**

The information contained in this facsimile message is confidential and JLT Risk Solutions Limited reserves any and all possible rights to privilege in respect thereof. It is intended only for the use of the addressee designated above. Any reader of this message, who is not the addressee, is hereby expressly forbidden to copy, disseminate, distribute or in any other way use any of the information contained in this facsimile message.

If you have received this facsimile transmission in error, please immediately notify the sender by telephone so that we can arrange for its return.

PSB/FAX3F6D

This facsimile copy is for information only and we do not accept any responsibility for differences between the original and the transmission copy. If all pages not received clearly please contact us on the above number.

Lloyd's Broker. A member of the Jardine Lloyd Thompson Group
A company incorporated with liability limited by shares. Regulated by the General Insurance Standards Council
Registered Office: 6 Crutched Friars, London EC3N 2PH. Registered in England No. 1536540. Vat No. 244 2321 96



# JLT RISK SOLUTIONS
### Limited

| | | The Gemini Centre |
|---|---|---|
| To | Jim Montano | 88 New London Road |
| | | Chelmsford |
| Company | AON Houston | Essex CM2 0YJ |
| | | Telephone  01245 705000 |
| Fax No | 0018009534542 | Direct Line  01245-705154 |
| | | Facsimile  01245-705123 |
| Date | 19 October 2004 | |
| From | Paul Bennett | |
| | Run-Off Management Services | |

| Init | |
|---|---|
| Ref | |

| No. of Pages inc. front sheet | 1 | **Facsimile** |

---

Re: Horizon Offshore. "Gulf Horizon"   *NYPA file*

Jim,

Further to our fax dated 20th September 2004, please advise if you are able to respond.

Thanking you in advance

Regards.


Paul Bennett

---

### CONFIDENTIALITY NOTICE

The information contained in this facsimile message is confidential and JLT Risk Solutions Limited reserves any and all possible rights to privilege in respect thereof. It is intended only for the use of the addressee designated above. Any reader of this message, who is not the addressee, is hereby expressly forbidden to copy, disseminate, distribute or in any other way use any of the information contained in this facsimile message.

If you have received this facsimile transmission in error, please immediately notify the sender by telephone so that we can arrange for its return.

PSB/FAX107D

This facsimile copy is for information only and we do not accept any responsibility for differences between the original and the transmission copy. If all pages not received clearly please contact us on the above number.

Lloyd's Broker. A member of the Jardine Lloyd Thompson Group
A company incorporated with liability limited by shares. Regulated by the General Insurance Standards Council
Registered Office: 6 Crutched Friars, London EC3N 2PH. Registered in England No. 1536540. Vat No. 244 2321 96

ARS-TX 0053

 **Jim Montano**
11/10/2004 10:10 AM

To: "Molkentin, John" <John.Molkentin@AIG.com>,
Liz.monroe@xlinsurance.com, "Mike Ticheli"
<PTICHELI@navg.com>, Anthony.Schiavone@libertyiu.com,
Mike_Roberts@JLTGROUP.com, "Williams, Colin"
<colin.williams@simsl.com>, Ron White <rwhite@wmbpc.com>,
"Gina Hartdegen" <ghartdegen@g-c-m.com>,
Brenda.Bowman@CNA.com, Paul_Bennett@JLTGROUP.COM

cc:

Subject: Horizon Offshore Contractors/GULF HORIZON/Alleged damage to
NYPA Power Cables/27 Feb 03/

Attachment below is a letter from attorneys Healy & Baillie who represent Iroquois Gas Transmissions
System with regard to the captioned matter. We believe most, if not all, of you have received direct
notice of claim from Iroquois as additional assureds under all of Horizon's insurance policies. Pls advise
if you have a response to the attached letter.

For your information, we have suggested to the Assured that a meeting with you and handling attorneys
be convened to discuss the many aspects and issues which this matter presents. We are awaiting the
Assured's response and will advise of suggested dates. We have also requested a report on the status
of the litigation from handling attorneys and will forward to you as soon as received.
Regards,
Jim Montano
––––– Forwarded by Jim Montano/TX/ARS/US/AON on 11/10/2004 09:54 AM –––––

 **Jamie Burnett**
11/10/2004 09:53 AM

To: Jim Montano/TX/ARS/US/AON@AONNA

cc:

Subject: Message received from 2124250359 on 10/25/2004 at 2:57:34 PM.
[Virus Checked]

––––– Forwarded by Mack Mitchell/TX/ARS/US/AON on 10/25/2004 02:57 PM –––––

 **2124250359**
10/25/2004 02:57 PM

To: hou_ars@ars.aon.com

cc:

Subject: Message received from 2124250359 on 10/25/2004 at 2:57:34 PM.
[Virus Checked]

The attached fax was received from 2124250359 on
10/25/2004 at 2:57:34 PM

JobID: 1392502

ARS-TX 0054

# HEALY & BAILLIE, LLP
## 61 BROADWAY
## NEW YORK, NY 10006-2834
### Telephone (212) 943-3980
### Fax (212) 425-0131
### www.healy.com

Richard V. Singleton II
rsingleton@healy.com

**Direct Dial (212) 709-9264**
**Direct Fax (212) 487-0364**

**PLEASE NOTE:** The information contained in this facsimile message may be privileged and confidential and is intended only for the use of the individual named below and others who have been specifically authorized to receive it. Additionally, if you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: (212) 943-3980.

October 25, 2004

| | | |
|---|---|---|
| **To:** | **Company/Name**<br>Aon Risk Services<br>Attn: James Montano/Karen Cooper | **Fax#/City/State/Country**<br>(832) 476-6590<br>Houston, Texas |
| **cc:** | Adams and Reese LLP<br>Daryl G. Dursum | 713-652-5152<br>Houston, Texas |
| | Adams and Reese LLP<br>Charles A. Cerise, Jr./Edwin C. Lazier | 504-566-0210a<br>New Orleans, Louisiana |
| **From:** | Richard V. Singleton II<br>Page 1 of 33 pages | |
| **Re:** | C.A. No. H-03-3280<br>In the Matter of Horizon Vessels, Inc., etc. et al.<br>In the United States District Court<br>for the Southern District of Texas, Houston Division<br>Our Ref.: 100705.0003 | |

Please see attached

270129.1

ARS-TX 0055

# HEALY & BAILLIE, LLP

61 BROADWAY

NEW YORK, NY 10006-2701

TELEPHONE: (212) 943-3980
FAX: (212) 425-0131
www.healy.com

RICHARD V. SINGLETON II
RSINGLETON@HEALY.COM

DIRECT DIAL (212) 709-9264
DIRECT FAX (212) 487-0364

October 25, 2004

By Fax: (832) 476-6590

Aon Risk Services
1330 Post Oak Blvd, Suite 900
Houston, TX 77056
Attn: James Montano/Karen Cooper

Re: In the Matter of Horizon Vessels, Inc., etc. et al.
C.A. No. H-03-3280
In the United States District Court for the Southern District of
Texas
Our Ref.: 100705.0003

Dear Sirs:

We are attorneys for Iroquois Gas Transmissions System LP. ("Iroquois"). As you are aware, Iroquois are parties to the above captioned limitation of liability action, which was commenced by Horizon Offshore Contractors, Inc. ("Horizon") in response to claims by the New York Power Authority ("NYPA") and others that on February 27, 2003 Horizon damaged NYPA's Y-49 cable crossing in Long Island Sound. The incident occurred while Horizon was acting as Iroquois' contractor for the construction of a natural gas pipeline that was to be laid over NYPA's cable. NYPA's claim is in excess of $18,000,000.

NYPA and LIPA have now filed a cross-claim against Iroquois in Horizon's limitation action seeking recovery for their full damages resulting from the incident. A copy of the cross-claim is attached. NYPA and its insurer have also recently filed a motion for partial summary judgment against Iroquois.

Iroquois is an additional insured under Horizon's various insurance policies in effect at the time of the incident and covering Horizon's liabilities in this matter. A copy of Aon's letter of July 17, 2003 confirming coverage on behalf of Iroquois is attached for ease of reference. The law is well established that, as an additional insured, Iroquois is entitled to immediate coverage by Horizon's insurers for its attorneys' fees and costs

269955.1

ARS-TX 0056

Page 2
October 25, 2004

incurred in the defense of this matter irrespective of the insurers' position with regard to ultimate liability.

We therefore renew Iroquois' demand that Horizon's insurers immediately assume Iroquois' defense in connection with the Y49 Cable Incident, including covering Iroquois' attorneys' fees and costs incurred to date and on a going-forward basis. Please confirm coverage as soon as possible and advise to whom our/Iroquois' statements for legal services should be addressed. A prompt response is necessary due to NYPA's pending motion for partial summary judgment. If we do not have a response within two weeks of the date of this letter, Iroquois will have no choice but to petition the appropriate court for a declaration of underwriters' obligation to cover.

Very truly yours,

HEALY & BAILLIE, LLP

By _____
Richard V. Singleton II

RVS/BT

cc:   Mr. Charles A. Cerise, Jr.
Mr. Edwin C. Lazier
Adams and Reese LLP
One Shell Square
701 Poydras, Suite 4500
New Orleans, LA 70139

Mr. Daryl G. Dursum
Adams and Reese LLP
~~4400 One Houston Center~~
1221 McKinney
Houston, TX 77010

269955.1

ARS-TX 0057

07/17/2003 16:09 FAX 203 926 5... IROQUOIS LEGAL FAX    EALY SINGLETON   @004
P. 003
JUL. -17 03(THU) 13:41

**AON**

*Aon Risk Services*

*Natural Resources*
*Group*

July 17, 2003

Mr. Jeffery A. Bruner
Iroquois Gas Transmission System
One Corporate Drive, Suite 500
Shelton, CT 06484-6211

Re.:  Claims by Long Island Power Authority
(November 16, 2002) and New York Power
Authority (February 27, 2003)
Insurance Information

Dear Mr. Bruner:

We refer to your letter of June 9, 2003 to Horizon Offshore Contractors and enclose the following:

1) Aon Risk Services, fax message of November 27, 2002 to American International Marine Adjusters.

2) Aon Risk Services, "Accord" General Liability Notice of Occurrence/Claim" of November 27, 2002 to American Home Assurance Co.

3) Aon Natural Resources, "Report of Loss", dated 5 December 2002 to Aegis.

4) Aon Risk Services, fax message of January 17, 2003 (without enclosures) to A. I. Marine Adjusters and JLT Risk Solutions, with copy addressees as noted therein.

5) Aon Risk Services, fax message of December 12, 2002 to A. I. Marine Adjusters, Navigators Insurance Company, Liberty Insurance Underwriters and XL Specialty.

6) Aon Natural Resources, "Report of Loss" dated March 4, 2003 to Aegis.

7) Aon Natural Resources, "Report of Loss" dated April 18, 2003 to The Steamship Mutual Underwriting Association (Bermuda) Ltd.

8) Aon Natural Resources, "Report of Loss" dated May 21, 2003 to American Home Assurance Company.

9) Aon Natural Resources, "Report of Loss" dated July 16, 2003 to Various excess liability underwriters.

*Aon Risk Services of Texas, Inc.*
1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

ARS-TX 0058

*Aon Risk Services*

**AON**

*Natural Resources*
*Group*

We believe the enclosures clearly evidence notice to all appropriate insurers with respect to the subject casualties. Moreover, the "Reports of Loss" enclosed herein indicate the limits of liability of each policy noticed as well as other relevant information.

Regarding the issue of "specialist operations", please note that the exclusion regarding such in the Steamship rules was deleted from the AEGIS policy (ARS-3175) as evidenced in the attached portions of such policy. What may have led to some confusion on this issue is that AEGIS uses the Steamship Mutual rules and modifies same to meet the needs of its insureds, including Horizon. In this case Horizon required that the exclusion be removed and AEGIS complied.

As to excess liability coverage, the two incidents are distinct in their facts and, as you will note, in an abundance of caution, all appropriate excess liability underwriters have been advised of the occurrences. How the policies apply to each incident will be determined by what the investigations relative to each clearly establish. To assist you in your understanding of the structure of Horizon's insurance program, attached is a bar chart which graphically depicts the casualty portion of such program. Please note that certain coverages depicted on such chart are not relevant to the claims at hand and all information shown is proprietary and confidential to Horizon.

With respect to your inquiries regarding the M/V MR SONNY, please note inasmuch as Horizon was not the owner of such vessel, Horizon did not undertake to insure it. However, we believe Horizon, as charterer, is protected for any liability as charterer by its primary general liability policy provided by American Home per "Amendatory Endorsement to Form CG 00 01 10 93 Marine Liability Insurance, Etc.", a copy of which is also attached hereto for your review.

Regarding the issue of contractual indemnities, the AEGIS policy (ARS-3175) refers to the Steamship rules and with respect to Rule 25, provides " . . . Including coverage for liabilities as provided under Rule 25 xx (Contract and Indemnities) and its subparagraphs *and it is agreed to waive the requirement for approval of the terms of any such contracts.*" (emphasis supplied.) The Steamship Mutual policy on an excess basis does not evidence the waiver noted. However, these underwriters are aware of the contractual necessity of "naming and waiving" Horizon's principles as a general matter and with respect to the project at issue in particular.

*Aon Risk Services of Texas, Inc.*
1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

ARS-TX 0059

*Aon Risk Services*

**AON**

*Natural Resources Group*

We understand that Iroquois has been provided policies and certificates of insurance evidencing all required and necessary coverages although same might not have reached your desk. You may wish to review the documents provided with your insurance department and outside insurance brokers to confirm the contents herein. In addition, if you still have questions or remain uncertain of certain issues, we are available to meet and discuss.

Very truly yours,

Aon Natural Resources

James I. Montano

*Aon Risk Services of Texas, Inc.*
1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

ARS-TX 0060

07/17/2003 16:10 FAX 203 926 8.
JUL -17'03(THU) 13:41

AON

## ** Transmit Conf.Report **

P.1                                                            Nov 27 2002  14:43

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 97133612693 | NORMAL | 27,14:43 | 0'45" | 2 | * O K | |

## AON  Aon Risk Services
Natural Resources Group

1330 Post Oak Blvd, Suite 900
Houston, TX 77056-3099
832-476-6810     Fax 832-476-8510
Karen _Cooper@ars.aon.com

| | |
|---|---|
| Telecopier No.: | 713-269-8680 |
| Date: | November 27, 2002 |
| Company: | American International Marine Adjusters |
| Attention: | John Molkentin |
| Cc: | Bill Arnold, Horizon Offshore (w/att.) 713-361-2693<br>Peter Mortlock, Aon (w/att.)<br>Margie Goodall, Aon (w/att.)<br>Jim Montana, Aon (w/att.) |
| From: | Karen Cooper |
| No. of Pages Sent: | 2       (including this page) |
| Subject: | Insured:  Horizon Offshore Contractors<br>D/L:  November 16, 2002<br>Policy No:  C1727<br>Claimant:  Long Island Power Authority<br>Our Ref:  02-M4842 |

Please accept this as notice of an incident that may give rise to a claim under the captioned policy. On November 16, 2002 at approximately 5:30 P.M. EST, an anchor of the CalDive DSV "Mr. Sonny" became entangled in four (4) cables of the Long Island Power Authority. No injuries were reported. The extent of financial damage has not yet been determined.

Please contact Mr. Bill Arnold, Director of Risk Management, Horizon Offshore, 713-243-2740, for additional information.

Please acknowledge receipt and advise your claim number.

Regards,

Karen A Cooper

07/17/2003 THU 15:56  [TX/RX NO 8207] 008

ARS-TX 0061

07/17/2003 16:19 FAX 203 926 8[   IROQUOIS LEGAL FAX                    @008/
JUL-17'03(THU) 13:42

2

# ACORD. GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

DATE 1l-27-02

| PRODUCER | PHONE (A/C, No, Ext) 832-476-6810 | NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME 11/16/02 5:30 | | X | AM PM | DATE OF CLAIM | PREVIOUSLY REPORTED YES X NO |

NON RISK SERVICES
NATURAL RESOURCES GROUP
1330 POST BLVD SUITE 900
HOUSTON TX 77056

| NOTICE OF CLAIM 11/16/02 | RETROACTIVE DATE |
| EFFECTIVE DATE 02/20/02 | EXPIRATION DATE 05/01/03 | POLICY TYPE OCCURRENCE | CLAIMS MADE |
| COMPANY AMERICAN HOME ASSURANCE CO. | NAIC CODE | MISCELLANEOUS INFO (Site & location code) |
| POLICY NUMBER C1727 (ARS-3177) | REFERENCE NUMBER AIG Claim No: 02-M4842 |

| CODE: | SUB CODE: |
| AGENCY CUSTOMER ID: | CONTACT | CONTACT INSURED | WHERE TO CONTACT |
INSURED

| NAME AND ADDRESS | BDG SEG #: |

HORIZON OFFSHORE CONTRACTORS
2500 CITYWEST BLVD, SUITE 2200
HOUSTON TX 77042

CONTACT
NAME AND ADDRESS
BILL ARNOLD

WHEN TO CONTACT

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) 713-243-2740 |

## OCCURRENCE

| LOCATION OF OCCURRENCE (Include city & state) | IROQUOIS PROJECT. | AUTHORITY CONTACTED |

DESCRIPTION OF OCCURRENCE (Use separate sheet if necessary)  ON NOVEMBER 16, 2002 AT APPROXIMATELY 5:30 P.M., EST, AN ANCHOR OF THE CalDive DSV "MR SONNY" BECME ENTANGLED IN 4 SUBSEA POWER CALBES OF LONG ISLAND POWER AUTHORITY

## POLICY INFORMATION

| COVERAGE PART OR FORMS (Insert form #s and edition dates) | GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD BI |
|---|---|---|---|---|---|---|---|---|
| | 2,000,000 | 2,000,000 | 1,000,000 | 1,000,000 | Incl. | Incl. | | |
| | GENERAL AGGREGATE | | | | $10,000,000 AGGR | | PER CLAIM/OCC | SIR/ DED |
| UMBRELLA/ EXCESS | UMBRELLA | EXCESS | CARRIER: American Home (Part B) | LIMITS: | | | | |

## TYPE OF LIABILITY

| PREMISES INSURED IS | OWNER | TENANT | OTHER | TYPE OF PREMISES |

| OWNER'S NAME & ADDRESS (If am insured) | | OWNERS PHONE (A/C, No, Ext) |
| | | TYPE OF PRODUCT |

| PRODUCTS INSURED IS | MANUFACTURER | VENDOR | OTHER |

| MANUFACTURER'S NAME & ADDRESS (If not insured) | | MANUFACT PHONE (A/C, No, Ext) |

| WHERE CAN PRODUCT BE SEEN? |

| OTHER LIABILITY IN- CLUDING COMPLETED OPERATIONS (Explain) | | PHONE (A/C, No, Ext) |

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | LONG ISLAND POWER AUTHORITY (LIPA) | | PHONE (A/C, No, Ext) |
| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | | WHAT WAS INJURED DOING? |
| DESCRIBE INJURY FATALITY | | WHERE TAKEN | | WHEN CAN PROPERTY BE SEEN? |
| DESCRIBE PROPERTY (Type, model, etc) 4 Subsea Power Cables | ESTIMATE AMOUNT Unknown | WHERE CAN PROPERTY BE SEEN? | |

## WITNESSES

| | NAME & ADDRESS | | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |

REMARKS

| REPORTED BY BILL ARNOLD, INSD. | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER Karen A Cooper |

© ACORD CORPORATION 1986

ACORD 1 (7/97)        NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE

07/17/2003 THU 15:56  [TX/RX NO 8907] @007

ARS-TX 0062

07/17/2003 16:10 FAX 203 926 8    IROQUOIS LEGAL FAX    SINGLETON    P. 006
JUL.-17 05(THU) 13:42

CC:    Peter Mortlock, Margie Goodall – Aon



## Aon Natural Resources
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6590

**REPORT OF LOSS ON:**   ENERGY PACKAGE

**DATE:**   5 December 2002

| POLICY NO. | INTEREST |
|---|---|
| LE0280741 (ARS-3175) | 100% |

To:  **COMPANY**
Associated Electric & Gas Insurance Services
Ltd. (AEGIS), Hamilton Bermuda Per Origin
Limited, London, UK (via JLT Risk Solutions)

Please accept notice of the following casualty which may result in a claim for:   Property Damage

Name of the Assured:   Horizon Offshore Contractors, Inc.

Policy Inception:   20 Feb 02      Date of Casualty:   16 Nov 02    Policy Expiration:   01 May 03    Form:

Insured Value/Limit of Liability $   US950,000 any accident/occurrence

Insured Vessel or Property:

Excess of: $   US$50,000      Deductible: $      AAD: $      Stop Loss: $

Place where casualty occurred:   Iroquois Project

Nature of Casualty    On 16 November 2002 at approximately 5:30 PM Eastern Standard Time an anchor of the Cal Dive DSV

"MR SONNY" became entangled in four (4) subsea power cables of Long Island Power Authority (LIPA)

Estimated amount of entire loss Primary $   Unknown      Excess $

Instructed:

Remarks:   Also reported to AI Marine Adjusters, Houston on behalf of Excess (American Home)

Claim #:   02-M4842      Producer:   Peter Mortlock      Claims Made:   No

Client's Claim #:

by:   *Karen Cooper*

If you have any instructions to give, please advise us promptly.

**PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE**

Signature:

Claim Number:

\\HSTN\WFS2\SYS\Apps\USERS\Claims Shared\Horizon\Karen Ramselem 02-M4842\Marine Loss Notice Aon-1
The information contained in this fax is confidential and/or privileged. This fax is intended to be reviewed initially by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

07/17/2003 THU 15:56  [TX/RX NO 8207] @008

**ARS-TX 0063**

07/17/2003 16:10 FAX 203 926 3...
JUL -17 03(THU) 13:42

# AON

**Aon Risk Services**
*Natural Resources Group*

1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-5840; Telefax: (832) 476-8510
Renee_Glidewell@ars.aon.com

| | |
|---|---|
| Date: | January 17, 2003 |
| Fax Number: | 713-268-8680<br>011-44-207-247-4488 |
| Attention: | Jack Molkentin (ref: 36451)<br>Mike Roberts (ref: LG0260741/001) |
| Company: | A. L Marine Adjusters<br>JLT Risk Solutions Limited |
| From: | Renee Glidewell<br>Sr. Consultant |
| Copies: | Julie Bowen, Navigators (ref: LIA115037) 713-960-0870<br>Liberty Insurance Underwriters (ref: unknown) 212-208-4112<br>Liz Monroe, XL Marine & Offshore (ref: EX002266) 212-894-9242<br>William Gibbens, Horizon Offshore (cover only) 713-361-2693<br>Jim Montano, Aon (cover only) |
| No. of Pages Sent: | 16  *(including this page)* |
| Subject: | Insured:  Horizon Offshore Contractors, Inc.<br>Claimant:  Long Island Power Authority (LIPA)<br>DOL:  November 16, 2002<br>Our Ref.  02-M4842 |

Attached for your file and review are various documents as received from the insured. Included is a copy of the demand for defense and indemnity from Iroquois Gas Transmission System, LP along with the insured's declination to them. For your reference, a copy of the insurance exhibit from the Iroquois contract is also attached. We also provide a copy of the insured's tender letter to Thales Geosolutions, Inc. requesting their soonest response with regard to defense and indemnity of Horizon.

Also included is correspondence from the claimant's attorney demanding securities for their claims be posted in the amount of $33.75 million by January 21, 2003. After your review, please response accordingly.

Should you have any questions or not receive all of the documents noted, please contact our office.

Regards,

*Renee Glidewell*

NOTE:  The information contained in this fax is confidential and/or privileged. This fax is intended for the sole use of the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, distribution, or copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

07/17/2003 THU 15:56  [TX/RX NO 8207]  @009

ARS-TX 0064

07/17/2003 16:11 FAX 203 926   

JUL. -17 03 (THU) 13:42

# AON

**Aon Risk Services**
*Natural Resources Group*

1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6840; Telefax: (832) 476-6510
Renee_Glidewell@ars.aon.com

| | |
|---|---|
| Date: | December 12, 2002 |
| Attention: | Excess Claims |
| Company: | A. I. Marine Adjusters  713-268-8680  (ref: C1769)<br>Navigators Insurance Co.  713-960-0870  (ref: 02L1799-01)<br>Liberty Insurance Underwriters  212-208-4112  (ref: NY039204002)<br>XL Specialty  212-894-9242  (ref: PMEX847027) |
| From: | Renee Glidewell (for Karen Cooper)<br>Sr. Consultant |
| Copies: | Peter Mortlock, Aon  (cover only)<br>Margie Goodall, Aon  (cover only) |
| No. of Pages Sent: | 2  (Including this page) |
| Subject: | Assured:  Horizon Offshore Contractors<br>Policy:  ARS-3215<br>Effective:  04/08/02 – 05/01/03<br>Claimant:  Long Island Power Authority<br>DOL:  November 16, 2002<br>Our Ref:  02-M4842-O |

Please accept this as notice of an incident that could give rise to a claim under the captioned policy. It is reported that the anchor of the CalDive DSV "Mr. Sonny" became entangled in four (4) cables of the Long Island Power Authority. No injuries were reported. The extent of financial damage has not yet been determined. We shall, of course, forward additional information as it is available.

The incident has also been reported to A. I. Marine Adjusters on behalf of American Home Assurance Company. Jack Molkentin is handling the claim in AIMA's Houston office. The incident has also been reported to JLT Risk Solutions on behalf of AEGIS. Terry Cornick is handling the claim in their London office.

Please acknowledge your receipt of this notice and advise who in your respective offices will be handling this matter, along with your claim numbers. Should you have any questions, please feel free to call or e-mail.

Regards,

Renee Glidewell

NOTE:  The information contained in this fax is confidential and/or privileged. This fax is intended for the sole use of the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, distribution, or copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

07/17/2003 16:11 FAX 203 926 8      IROQUOIS HEAT & FAX      2012
JUL -17'03 (THU) 13:42      P.011

VIA FAX



## Aon Natural Resources
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6500; Telefax: (832) 476-6590

REPORT OF LOSS ON:   Protection & Indemnity

DATE:   March 4, 2003

| | POLICY NO. | INTEREST |
|---|---|---|
| To: COMPANY Associated Electric & Gas Insurance Services Limited (AEGIS), Hamilton, Bermuda per Origin Limited, London, U.K. c/o JLT Risk Solutions Limited London, England, U.K. Attn: Mr. Simon Dawes | ARS-3175 | 100% |

Please accept notice of the following casualty which may result in a claim for:   Damage to Property

Name of the Assured:   Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception:   2/20/02      Date of Casualty:   2/27/03      Policy Expiration:   5/1/03

Insured Vessel:   GULF HORIZON      Limit of Liability $   $50,000 O. A. O.

Excess of: $   50,000      Deductible: $   N/A      AAD: $   N/A      Stop Loss: $   N/A

Place where casualty occurred:   Long Island Sound, NY

Nature of Casualty:   Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss $   (unknown)      Excess $   N/A

Instructed:

Remarks:   Details of casualty and developments will be reported in due course.

Claim #:   03-M5058      Producer:   BJ      Claims Made:   No

Client's Claim #:

by: _James L Montano_

If you have any instructions to give, please advise us promptly.

PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE

Signature:

\\txdpou2k1\xdxepBUSINESS UNITS\ANR\Claims\Claims Shared\Horizon\03-M5058.doc*1
The information contained in this fax is confidential and/or privileged. This fax is intended to be convened intately by only the individual named above. If the reader of this transmitted page is not the intended recipient or a representative of this intended recipient, you are hereby notified that any review, dissemination copying of this fax or the information contained herein, is prohibited. If you have received this fax in error, please immediately notify the reader by telephone and return this fax to the sender at the address above.

07/17/2003 THU 15:56   [TX/RX NO 8207]   @011

HEALY & BAILLIE, LLP    Fax:212-425-0359    Oct 25 2004  15:56    P.13

Case 1:05-cv-02149-JSR    Document 36-6    Filed 08/17/2005    Page 23 of 57
07/17/2003 16:11 FAX 203 926 ...    IROQUOIS LEGAL FAX    AON ENGLEWO...    P.012
JUL.-17'03(THU) 15:42

VIA FAX



*Aon Natural Resources*
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6692

DATE:  April 18, 2003

REPORT OF LOSS ON:  Excess P & I

| | | |
|---|---|---|
| | POLICY NO. | INTEREST |
| To:  COMPANY | ARG-3176 | 100.0% |

The Steamship Mutual
Underwriting Association (Bermuda) Ltd.
c/o JLT Risk Solutions Limited
Attn: Terry Cornick

Please accept notice of the following casualty which may result in a claim for:  Damage to Property

Name of the Assured:  Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception:  02/20/02    Date of Casualty:  2/27/03    Policy Expiration:  5/1/03

Insured Vessel:  GULF HORIZON    Limit of Liability $  Per Rules

Excess of: $  1,000,000   Deductible: $  50,000   AAD: $  15,000,000   Stop Loss: $  N/A

Place where casualty occurred:  Long Island Sound, NY

Nature of Casualty:  Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly

damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss  $  1,000,000    Excess  $  1,000,000

Assured have  Instructed  Lyons, Skoufalos, Proios & Flood, LLP to represent their interests.

Remarks:  Our email message of 16 April 2003 refers.    Claims Made:  No

Claim #:  03-M5058-X    Producer:  BJ

Client's Claim #:

by:  James J. Montano

If you have any instructions to give, please advise us promptly.

**PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE**

Signature:

Claim Number:

X:\BUSINESS UNIT\NAR\Claims\Claims Shared\Horizon\Loss Notices\Amended 03-M5058-X.doc-1
The information contained in this fax is confidential and/or privileged. This fax is intended to be received initially by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

VIA FAX



**Aon Natural Resources**
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6582

DATE: May 21, 2003

**REPORT OF LOSS ON:** Excess Liabilities

| | POLICY NO. | INTEREST |
|---|---|---|
| **COMPANY** | ARS-3177 | 100.0% |

To: American Home Assurance Company
via American International Marine Agency
Attn: Jack Molkenan

Please accept notice of the following casualty which may result in a claim for:   Damage to Property

Name of the Assured:   Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception:   02/20/02   Date of Casualty:   2/27/03   Policy Expiration:   5/1/03

Insured Vessel:   GULF HORIZON   Limit of Liability $   10,000,000

Excess of: $   1,000,000   Deductible: $   N/A   AAD: $   N/A   Stop Loss: $   N/A

Place where casualty occurred:   Long Island Sound, NY

Nature of Casualty:   Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss $   (unknown)

Assured have   Instructed   Lyons, Skoufalos, Proios & Flood, LLP to represent their interests.

Remarks:   Primary carrier AEGIS have posted policy limit reserve. Additional information to follow.

Claim #:   03-M5058-X   Producer:   BJ   Claims Made:   No

Client's Claim #:   _____

by:   Jesus L. Montano

If you have any instructions to give, please advise us promptly.

PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE.

Signature:   _____

Claim Number:   _____

NaturalResources\BusinessUnits\NARClaims\Claims Shared Information\Loss Notices\03-M5058-X.doc-1
This information contained in this fax is confidential and/or privileged. This fax is intended to be received initially by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

ARS-TX 0068

# AON

**Aon Natural Resources**
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6582

DATE: July 16, 2003

**REPORT OF LOSS ON:** Excess Liabilities

| | | POLICY NO. | INTEREST |
|---|---|---|---|
| To: | **COMPANY** | ARS-3215 | |
| | XL Specialty Insurance Company (PMEXB57027) | | 20.00% |
| | via Brockbank Insurance Services, Inc. | | 25.00% |
| | Liberty Insurance Underwriters (NY039204002) | | 26.43% |
| | American Home Assurance Company (C1766) | | |
| | via American International Marine Agency, Inc. | | 28.57% |
| | Navigators Insurance Company (02L1799-01) | | 100.00% |
| | via Navigators Insurance Services of Texas, Inc. | | |

Please accept notice of the following casualty which may result in a claim for: Property Damage

Name of the Assured: Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception: 04/09/02    Date of Casualty: 2/27/03    Policy Expiration: 5/1/03

Insured Vessel: GULF HORIZON    Limit of Liability $ 140,000,000

Excess of: $ 10,000,000    Deductible $ N/A    AAD: $ N/A    Stop Loss: $ N/A

Place where casualty occurred: Long Island Sound, NY

Nature of Casualty: Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly

damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss    $ (Unknown)    Excess $

The Assured    Instructed    attorneys Lyons, Skoufalos, Prolos & Flood, to investigate. Additional Information to follow.

Remarks:

Claim #: 03-MS058-XA    Producer: BJ    Claims Made: No

Client's Claim #:

by: _James I. Montano_

If you have any Instructions to give, please advise us promptly.

## PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE

Signature:

Claim Number:

H:\bhoa2x\shared\BUSINESS UNITS\ANR\claims\Claims Shared\Horizon\Loss Notices\Amended 03-MS058-XA.doc-1
The information contained in this fax is confidential and/or privileged. This fax is intended to be conveyed equally by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, copying of this fax or the information furnished herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

ARS-3175

*Aon Risk Services*

*Natural Resources
Group*

## CONDITIONS:

The "Class 1 Rules - Protection and Indemnity" of the Steamship Mutual Underwriting Association (Bermuda) Limited (the "Rules") in effect at the attachment date are hereby incorporated into this certificate, insofar as they may be applicable, subject to the following amendments and exceptions. All references in the Rules to "the Club" shall be read as references to "AEGIS" and/or where the context permits, its agent; all references to "the Directors" shall be read as references to AEGIS; all references to "the Member" shall be read as references to the "Assured" or "Insured"; all references to "the Managers" shall be read as references to "ORIGIN"; and references to "entry" and "entered" shall be read as references to "insurance" and "Assured"; and the Rules shall be deemed amended accordingly.

The following Rules are hereby excluded from this Certificate: Rule numbers: 1, 3 to 9, 11 to 13, 15(ii), 16(iii) to (iv); 33, 34 and 36(ii). Any written notice of termination of cover shall only be effective no less than 15 days from receipt by the Assured. Further amendments or exclusions to the Rules are as specified below.

### INSURED:

As declared.

### LIMIT OF LIABILITY:

As declared.

### DEDUCTIBLE:

As declared.

### RISKS COVERED:

1) Risks covered under "Class 1 Rules - Protection and Indemnity" of the Steamship Mutual Underwriting Association (Bermuda) Limited.

2) Including risks otherwise excluded under Rule 17b (Specialist Operations), Rule 17c (Drilling Operations), Rule 17d (Diving Operations) and Rule 17e (Salvage Operations).

3) Notwithstanding the inclusion of risks otherwise excluded by Rule 17d (Diving Operations), the cover afforded hereunder is limited to liabilities, costs and expenses incurred by the Insured arising out of diving operations performed by third party contractors; warranted the Insured shall obtain indemnity and defense indemnities from diving contractors for personal injuries to the diving contractor personnel.

ARS-3175

*Aon Risk Services*

*Natural Resources*
*Group*

4)    Notwithstanding the inclusion of risks otherwise excluded by Rule 17e (Salvage Operations), the cover afforded hereunder shall be limited to liabilities, costs and expenses associated with salvage operations incidental to activities associated with risks described under Rule 17b (Specialist Operations), Rule 17c (Drilling Operations) and Rule 17d (Diving Operations), and this insurance shall not cover liabilities, costs and expenses arising out of salvage operations as a professional salvor.

5)    Including coverage for Contractual Liabilities in respect of seamen for death, injury or illness and it is agreed to waive the requirement for approval of any crew agreements and other contracts of service or employment and contracts for services.

6)    Including coverage for liabilities assumed by the Insured not otherwise provided under Rule 25 xix (Towage) and its subparagraphs and it is agreed to waive the requirement for approval of the terms of any such contracts, but excluding amounts recoverable under Hull Risks insurance effected by the Insured.

7)    Including coverage for liabilities as provided under Rule 25 xx (Contract and Indemnities) and its subparagraphs and it is agreed to waive the requirement for approval of the terms of any such contracts.

8)    Including liabilities, costs and expenses in respect of wreck and debris removal whether liability be compulsory under law or assumed under contract, or whether voluntarily assumed where it is determined that the wreck or debris interferes with the operation of the Insured, but excluding amounts recoverable under Hull Risks insurance effected by the Insured.

9)    Including 4/4ths Collision Liability and damage to Fixed and Floating Objects, but excluding amounts recoverable under Hull Risks insurance effected by the Insured.

10)    Subject otherwise to the terms, conditions and risks covered, including liabilities, costs and expenses for death, injury or illness in respect of any person performing work in connection with any offshore or maritime operation of the Insured, whether such person is an employee of the Insured or is engaged by the Insured under contract of services or for services, whether or not such operations are performed from a entered ship.

11)    Subject otherwise to the terms, conditions and risks covered, including liabilities, costs and expenses incurred by the Insured in respect of the short term charter or hire of miscellaneous barges and tugs used in support of the operations of the entered Vessels/Units; including liabilities, costs and expenses for risks otherwise excluded by Rule 17(a) Hull Risks, subject such support craft are not bareboat chartered by the Insured and excepting craft rented or hired where the Insured has assumed a "first party" risk or the obligation to provide Hull Risks insurance.

ARS-3175

*Aon Risk Services*

*Natural Resources Group*

## OTHER TERMS, CLAUSES AND CONDITIONS:

1.    NON GUARANTEE CLAUSE

   a)    This insurance is evidence only of a contract of indemnity insurance between the above named Insured and AEGIS and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of AEGIS to any other party.

   b)    In the event that an Insured tenders this insurance as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this insurance by the Insured is not to be taken as any indication that AEGIS thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. AEGIS does not so consent.

2.    ADDITIONAL INSURED CLAUSE AND OTHER PROVISIONS

   i.)    The Insured has privilege to name others as an additional insured for their respective rights and interests and/or waive any rights of recovery, but only to the extent as may be required under contract or agreement.

   ii.)    In connection with any person, firm or corporation included as an additional insured, the provisions of Rule 14ii and any other reference within the Rules purporting to limit coverage to any "Co-Insured" to that of the "Member" is deleted. It is further noted and agreed any person, firm, or corporation included as an additional insured has no obligation for payment of premium hereunder.

   iii.)    It is agreed that in respect of additional insured(s), the coverage provided hereunder shall be primary in respect of any coverage carried by said additional Insured(s) but only to the extent as may be required by contract or agreement.

   iv.)    In the event of an Insured incurring liability to any other Insured, this Insurance shall cover the Insured against whom claim is or may be made in the same manner as if separate policies had been issued to each Insured. Nothing contained herein shall operate to increase the limit of liability as set forth in this insurance.

   v.)    Such coverage as is afforded by this insurance shall not be denied solely on the basis that the claim or suit against the Insured is based upon an "in Rem" proceeding.

   vi.)    It is agreed that a claim against any person, firm or organization by an employee of the Insured on the "Borrowed Servant Doctrine" will, for the purpose of this insurance, be treated as a claim arising under this insurance, against the Insured

*Aon Risk Services*

**Amendatory Endorsement To Form CG 00 01 10 93** *Natural Resources*
**Marine Liability Insurance, Etc.** *Group*

The following amendments to form CG 00 01 10 93 shall apply:

SECTION I COVERAGE A 2. Exclusions are amended as follows:

Exclusion g. is deleted and replaced with the following:

g. *"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "aircraft" or "auto" owned or operated by or rented or loaned to any Insured. Use includes operation and "loading" and "unloading".*

*This exclusion does not apply to:*
i.   *Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the Insured.*

ii.  *Liability assumed under "insured contract" for the ownership, maintenance or use of aircraft.*

It is a condition of this insurance that the Named Insured shall maintain Protection and Indemnity Insurance on watercraft in excess of 25' that the Named Insured operates or owns.

Exclusion j. Item (4) is deleted. Furthermore, exclusions k., l., and m, shall not apply to "property damage" which arises in connection with operations, activities or the business of the Insured in their capacity as an energy or marine construction or service contractor. However, this insurance shall not apply to liability for "property damage" arising out of the failure of "your work" or "your product" to meet any warranty or representation by any Insured as to the level of performance, quality, fitness or durability or to perform their function or serve their purpose, to the extent that such liability is for the diminished value or utility of "your work" or "your product".

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS is amended as follows:

4.  Other Insurance – the following Condition is added:

f.   *Notwithstanding a. and b. above, if the loss arises out of the ownership, maintenance, use or entrustment to others of any watercraft owned or operated by or rented or loaned or chartered by or to the Named Insured, this insurance shall only respond on the basis of difference in conditions with, and not excess of, any other insurance available to the Insured.*

The following Condition is added:

11.  In Rem

*Such coverage as is afforded by this insurance shall not be denied solely on the basis that the claim or suit against the Insured is based upon an "in Rem" proceeding.*

ARS-TX 0073

# Horizon Offshore Contractors, Inc.

Current Insurance Program Limits Graphic at
December 5, 2002
(Not to Scale)

☐ Zurich American Insurance Company

☐ AEGIS / DIGNR

☐ XL Specialty Insurance Company

☐ XL Specialty, Liberty, American Home & Navigators

■ XL Specialty, Liberty, Continental & NY Marine & General

■ American Home

☐ Steamship Mutual

Second Layer Excess
$10M

Excess Protection & Indemnity as per Rules of Steamship Mutual

$10M

$500K

$10M

Non-Owned Aircraft Liability

P&I* (and as modified)

General Liability (and as modified)**

$1M

$1M

Statutory

Auto Liability

Employer's Liability

Workers' Comp

* Including U.S./Charterer's Liability and excess of amounts afforded under Marine Package to War/FBL, Collision and ROW Liabilities

** DBOBDL with FBL

x:\clients\HORIZON\Horizon Claims\Programs lot (inquiries) at 12-5-02.ppt

ARS-TX 0074

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN THE MATTER OF HORIZON          §
VESSELS, INC., AS OWNER and       §
HORIZON OFFSHORE                  §
CONTRACTORS, INC., HORIZON        §
OFFSHORE, INC., AND TEXAS         §        C. A. NO. H-03-3280
OFFSHORE CONTRACTORS CORP.,       §        ADMIRALTY
AS OWNERS, OPERATORS, OWNERS      §
PRO HAC VICE, OF THE L/B GULF     §
HORIZON, PRAYING FOR              §
EXONERATION FROM OR               §
LIMITATION OF LIABILITY           §
REGARDING THE INCIDENT OF         §
FEBRUARY 27, 2003                 §

## CROSS-CLAIMS OF LIMITATION DEFENDANTS/CROSS-CLAIMANTS, THE POWER AUTHORITY OF THE STATE OF NEW YORK, THE LONG ISLAND LIGHTING COMPANY D/B/A LIPA, AND FACTORY MUTUAL INSURANCE COMPANY

Limitation Defendants/Cross-Claimants, the Power Authority of the State of New York

(hereinafter referred to as "NYPA"), the Long Island Lighting Company d/b/a/ LIPA, a wholly-

owned subsidiary of the Long Island Power Authority (hereinafter referred to as "LIPA"), and

Factory Mutual Insurance Company (FM Global) (hereinafter referred to as "FMIC") (hereinafter

collectively referred to as "Utility Claimants"), by and through undersigned counsel, allege cross-

claims against: Iroquois Gas Transmission System, L.P. (hereinafter referred to as "Iroquois") and

Thales GeoSolutions, Inc., (hereinafter referred to as "Thales"), upon information and belief as

follows:

## JURISDICTION

1.      This Court has jurisdiction of the subject matter of the within action under 28 U.S.C.

§§ 1332, 1333, 1367; and Rule F of the Supplemental Rules for Certain Admiralty and Maritime

Claims, and the claims herein exceed $75,000.

ARS-TX 0075

2.      Horizon Vessels, Inc., as owner, and Horizon Offshore Contractors, Inc., Horizon Offshore, Inc. and Texas Offshore Contractors Corp., as owners, operators, owners *pro hac vice*, of the L/B GULF HORIZON (collectively "Horizon") have filed a Limitation Complaint in this Court, Civ. Action No. H-03-3280 02/6397 (SL)(NKJ). A copy of the Limitation Complaint and Amended Complaint are attached as Exhibit A.

3.      Utility Claimants cross-claims come within the admiralty and maritime jurisdiction of the federal court, as hereinafter more fully appears and are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.      The cross-claims are permitted by Federal Rule of Civil Procedure 13(g), as the claims against Iroquois and Thales arise from the same transaction and/or occurrence which constitute the subject matter of Horizon's limitation proceeding.

## THE PARTIES

5.      NYPA is a corporate municipal instrumentality of the State of New York created by the Legislature of the State by Chapter 772 of the laws of 1931, as amended, Public Authorities Law § 1002. NYPA is a body corporate and politic and a political subdivision of the State of New York, exercising essential governmental and public powers. NYPA's principal office is in Albany, New York.

6.      LIPA is a business corporation organized under the laws of the State of New York, and is a wholly-owned subsidiary of the Long Island Power Authority (hereinafter referred to as the "Authority"). The Authority is a corporate municipal instrumentality of the State of New York which is a body corporate and politic and a political subdivision of the State of New York, exercising essential governmental and public powers. The Authority was created by the Laws of 1986, Chapter

-2-

ARS-TX 0076

517, §1, Public Authorities Law § 1020-c. The Authority's executive offices are located in Uniondale, New York.

7.    FMIC is a corporation duly organized and existing under and by virtue of the laws of the State of Rhode Island, with a principal place of business in Johnston, Rhode Island. At all times relevant to this action, FMIC was the first party physical damage insurer of the Y-49 Cable System, described below.

8.    Iroquois, upon information and belief, was and is a limited partnership formed under the laws of the State of Delaware having a principal place of business in Connecticut.

9.    Thales, upon information and belief, was and is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at Houston, Texas.

## FACTUAL ALLEGATIONS

10.    On or about February 27, 2003, NYPA was the owner of four parallel, self-contained, fluid filled, 345,000 volt cables (Cables Nos. 1- 4) buried beneath Long Island Sound (hereinafter referred to as the "Y-49 Cable System").

11.    The Self-Contained Fluid Filled ("SCFF") portion of the Y-49 Cable System runs from a transition station in the City of New Rochelle, Westchester County, New York to a transition station in the Town of North Hempstead, Nassau County, New York. On or about February 27, 2003, the Y-49 Cable System was in active use and operation.

12.    On or about February 27, 2003, the Y-49 Cable System was operated and managed by LIPA, acting in conjunction with its subcontractor, KeySpan Electric Services, LLC ("KeySpan"), a company located in Hicksville, New York. LIPA is the primary or dedicated user of the Y-49 Cable System's electrical transmission capacity.

-3-

ARS-TX 0077

13.    The Y-49 Cable System was prominently marked on all relevant navigation charts and its location was well known to all mariners or other users of the Long Island Sound.

14.    On or about February 27, 2003, Iroquois was engaged in the construction of a 33 mile extension to the interstate natural gas pipeline extending from the United States-Canadian border to Eastchester, New York, sometimes referred to as the Eastchester Expansion Project (hereinafter "Iroquois Pipeline Project"). The Iroquois Pipeline Project, in large part, was to be buried in the Long Island Sound.

15.    Iroquois contracted with Horizon as its principal or general contractor on the Iroquois Pipeline Project.

16.    Iroquois and/or Horizon contracted with various subcontractors, including Thales, to perform pipeline construction, surveying and other marine related services on the Iroquois Pipeline Project.

17.    As the Iroquois Pipeline Project, by its design and planned route, was to cross over the buried Y-49 Cable System, Iroquois and NYPA reached a contractual understanding of their respective rights and duties with respect to the natural gas pipeline crossing over the Y-49 Cable System (the contract hereinafter is referred to as the "Crossing Agreement"). As part of the obligations of the Crossing Agreement, prior to any construction of the Iroquois Pipeline Project, NYPA provided "as built" information to Iroquois which depicted the locations of the SCFF portions of the Y-49 Cable System. In the Crossing Agreement, Iroquois and NYPA recognized that the electrical capacity of the Y-49 Cable System is primarily dedicated to LIPA.

18.    The Crossing Agreement necessarily and explicitly recognized that Iroquois and its contractors and subcontractors were required to do their work in a manner so as not to harm or damage the Y-49 Cable System.

-4-

ARS-TX 0078

19.     The Crossing Agreement also explicitly contained indemnification provisions whereby Iroquois agreed to wholly and fully indemnify and hold harmless NYPA against any costs and expenses resulting from damage to the Y-49 Cable.

20.     On or about February 27, 2003, as part of the Iroquois Pipeline Project, Horizon was operating the LB GULF HORIZON with one or more of its anchors deployed in the immediate vicinity of the Y-49 Cable System. At the time, Iroquois's contractor Horizon was or should have been aware of the location and existence of the Y-49 Cable System.

21.     Horizon and the L/B GULF HORIZON were working as described above pursuant to instructions from Iroquois and/or information or navigational guidance from Thales. At the time, Iroquois and Thales were aware or should have been aware of the existence and location of the Y-49 Cable System.

22.     On February 27, 2003, at about 21:41 hours, the feeder for the Y-49 Cable System tripped offline. Immediate indications were that Cable No. 4 of the Y-49 Cable System had experienced a phase to ground fault. Given Iroquois' activity in the area, NYPA surmised this situation was a result of physical impact on Cable No. 4 as subsequent investigation established.

23.     Informed of the impact damage to Cable No. 4, NYPA, pursuant to the terms of the Crossing Agreement, instructed Iroquois to stop all work aboard the L/B GULF HORIZON, and to stop work on the Iroquois Pipeline.

24.     The Federal Energy Regulatory Commission and United States Coast Guard were notified promptly. Emergency response personnel were summoned to investigate. It soon was discovered that an anchor deployed by the LB GULF HORIZON had dragged against and/or across Cable No. 4 of the Y-49 Cable. This contact caused severe damage, including a cable rupture, and required NYPA to remove the entire Y-49 Cable System from service.

-5-

ARS-TX 0079

25.    Pursuant to agreements between NYPA and LIPA, NYPA promptly requested LIPA to implement its emergency response plan, whereby maintenance subcontractor KeySpan would monitor, supervise and effect temporary repairs to Cable No. 4 of the Y-49 Cable System. Further investigation revealed that the bottom of the sound had been disturbed where the LB GULF HORIZON's anchor CP1 dragged against and/or across Cable No. 4.

26.    Pirelli Construction Services, Inc. (hereinafter referred to as "Pirelli") the original designer and manufacturer of the Y-49 Cable System, was awarded an emergency contract to recover and cap the damaged Cable No. 4 at the impact point, near the north shore of Long Island Sound. This work and further testing and inspection having been accomplished, the three remaining undamaged cables of the Y-49 Cable System were returned to service on March 8, 2003.

27.    During the following months, with due notice to Iroquois, Thales and Horizon, NYPA prepared a Request for Proposal(s) to distribute to pre-qualified marine and cable contractors. This process resulted in award of a permanent repair contract to Pirelli. Permanent repair of Cable No. 4 of the Y-49 Cable System was effected in August and September of 2003.

28.    As a result of the negligent, grossly negligent, reckless, careless, willful and wanton actions and/or omissions of Iroquois, in conjunction with Horizon and Thales, in the manner, method, navigation and operation of the LB GULF HORIZON, and of its masters, officers, and crews, and their servants, agents, employees, contractors and consultants, and the unseaworthiness of said vessel, the Cable No. 4 of the Y-49 Cable System was severely damaged and/or destroyed.

29.    Cable No. 4 of the Y-49 Cable System did not in any way obstruct or interfere with navigation, and was lawfully placed and existing in accordance with and pursuant to the terms of permits issued for that purpose by the appropriate authorities.

-6-

ARS-TX 0080

30.    Up until the aforesaid cable severance on or about February 27, 2003, the Y-49 Cable System had been in active use and operation by NYPA and LIPA providing a conduit for electrical transmission between the electrical systems in Westchester and Nassau Counties, New York.

31.    The conduct of Iroquois, Horizon, and Thales in causing the rupture and destruction of Cable No. 4 of the Y-49 Cable System resulted in, *inter alia,* a loss of service to the Y-49 Cable System and the disruption and degradation of reliability to NYPA's and LIPA's electrical operating systems.

32.    At all times relevant to this matter, FMIC provided first-party physical damage insurance to NYPA for the Y-49 Cable System subject to the terms, conditions, exclusions and limitations of Policy No. LB664.

33.    Pursuant to the terms of Policy No. LB457, FMIC has paid NYPA $10,000,000 to indemnify NYPA in part for the cost of repairing damage to the Y-49 Cable System caused by the acts or omissions of Iroquois, Horizon and/or Thales.

34.    By virtue of its payment to NYPA under the terms of Policy No. LB664, FMIC is legally and equitably subrogated to the extent of its payment to the rights, claims, and causes of action that NYPA has, whether in contract, tort or otherwise, against third parties for damage to the Y-49 Cable System including rights, claims or causes of action against Iroquois, Horizon and/or Thales.

## AS AND FOR FIRST COUNT
### (INDEMNIFICATION AGAINST IROQUOIS)

35.    Utility Claimants repeat, reallege, and incorporate by reference the allegations of Paragraphs 1-34 as if fully set forth herein.

**ARS-TX 0081**

36.    Article III (D) of the Crossing Agreement entered into between NYPA and Iroquois provides:

> D.  Iroquois Gas shall defend, indemnify and hold harmless the Grantee [NYPA] from and against any and all costs and expenses incurred as a result of damage to the Y-49 Cable arising out of or connected with the negligence, acts, omissions or willful misconduct of Iroquois Gas, its contractors, subcontractors, agents and employees in connection with the Work.

37.    Article III (G) of the Crossing Agreement provides:

> In the event that the Y-49 Cable is damaged or rendered inoperable, during the Work, and such damage or inoperability arises out of the negligence, acts, omissions or willful misconduct of Iroquois Gas, its contractors, subcontractors, agents or employees: (i) Iroquois Gas shall pay all costs and expenses to repair and restore the Y-49 Cable to the operational status as existed before the damage or rendering of inoperability; and (ii) the Grantee shall make arrangements for and provide, at Iroquois Gas' sole cost and expense, equivalent replacement electrical capacity during the period the Y-49 Cable is inoperable....

38.    The damage that occurred to the Y-49 Cable System on or about February 27, 2004, including the rupturing and complete destruction of a segment of Cable No. 4, arose out of or was connected with the negligence, acts, omissions, or willful misconduct of Iroquois, its contractors, subcontractors, agents, or employees in connection with the Iroquois Pipeline Project.

39.    Under the terms of the Crossing Agreement, Iroquois is liable to and bound to indemnify NYPA, FMIC, as NYPA's subrogee, and LIPA, as an intended third-party beneficiary of the Crossing Agreement, in whole for any and all damages, costs and expenses as a result of the ruptured Y-49 Cable.

40.    NYPA, FMIC and LIPA have already incurred substantial losses, costs and expenses for which Iroquois has refused to indemnify them, in breach of the Crossing Agreement, despite due demand.

**ARS-TX 0082**

41. More specifically, NYPA, FMIC and LIPA have incurred substantial costs and expenses to investigate the damages to the Y-49 Cable System, to secure the damaged Y-49 Cable System, and to restore the related electrical operating systems including, *inter alia*, hiring outside contractors (including attorneys and other experts and consultants), conducting diving inspections, expenses for emergency response measures, engineering work, and the supervision and planning for the temporary and permanent repairs to Cable No. 4 of the Y-49 Cable System, resulting in damages, costs and expenses, which, so nearly as can be estimated at this time, are in excess of $18,000,000.

## AS AND FOR SECOND COUNT
## (NEGLIGENCE AGAINST IROQUOIS)

42. Utility Claimants repeat, reallege, and incorporate by reference the allegations of Paragraphs 1-41 as if fully set forth herein.

43. Iroquois owed a duty to Utility Claimants to perform its construction activities with reasonable care and diligence and also to oversee its contractors to ensure they acted in a prudent manner.

44. Iroquois knew or should have known based on the service in which the LB GULF HORIZON was involved that special supervision and care was necessary to ensure all actions were undertaken in a safe, coordinated, and prudent manner.

45. Iroquois breached its duty by failing to exercise reasonable care, *inter alia*, in monitoring, supervising and conducting the operations of the LB GULF HORIZON in a safe manner.

46. Iroquois breached its duty by failing to exercise reasonable care, *inter alia*, in monitoring and supervising the work of its contractors and sub-contractors.

47. Iroquois's breach of its duties of reasonable care were the proximate cause of the damages and harm suffered by Utility Claimants.

**ARS-TX 0083**

48.    By virtue of the above, Iroquois violated the General Maritime Law of the United States and other applicable laws. Said violations were a direct and proximate cause of the damages suffered by Utility Claimants.

49.    As a result of the foregoing, Utility Claimants incurred substantial costs and expenses to investigate the damages to the Y-49 Cable System, to secure the damaged Y-49 Cable System, and to restore the related electrical operating systems including, *inter alia*, hiring outside contractors, conducting diving inspections, expenses for emergency response measures, engineering work, and the supervision and planning for the temporary and permanent repairs to Cable No. 4 of the Y-49 Cable System. In summary, Utility Claimants have suffered property damage to the Y-49 Cable System, repair costs and other expenditures all caused by Iroquois's negligence, lack of due care, and reckless and grossly negligent conduct resulting in damages which, so nearly as can be estimated at this time, are in excess of $18,000,000.

50.    LIPA required the use and service of the Y-49 Cable System in order to meet certain New York Independent System Operator ("NYISO") requirements. As a result of Iroquois's negligence, lack of due care, and reckless and grossly negligent conduct, LIPA has suffered congestion and rent shortfalls and related damages, during the period the Y-49 Cable System was out of service and/or inoperable. Such damages currently are estimated in excess of $445,000.

## AS AND FOR THIRD COUNT
## (NEGLIGENCE AGAINST THALES)

51.    Utility Claimants repeat, reallege, and incorporate by reference the allegations of Paragraphs 1-50 as if fully set forth herein.

-10-

ARS-TX 0084

52.   Thales owed a duty to Utility Claimants to perform its surveying work with reasonable care and diligence so as to avoid any harm to underwater objects, like the Y-49 Cable System, which Thales failed to do.

53.   Thales knew or should have known based on the layout of the Long Island Sound that the LB GULF HORIZON was near underwater objects, like the Y-49 Cable System, and that the vessel and its anchor should carefully steer clear of said object while performing its pipe-laying duties.

54.   Thales breached its duty of reasonable care owed to Utility Claimants by allowing Iroquois and/or Horizon to perform their duties in a negligent manner.

55.   Thales' breach of its duties of reasonable care were the proximate cause of the damages and harm suffered by Utility Claimants.

56.   By virtue of the above, Thales violated the common law, General Maritime and Admiralty laws of the United States and other applicable laws. Said violations were a direct and proximate cause of the damages suffered by Utility Claimants.

57.   As a result of the foregoing, Utility Claimants incurred substantial costs and expenses to investigate the damages to the Y-49 Cable System, to secure the damaged Y-49 Cable System, and to restore the related electrical operating systems including, *inter alia*, hiring outside contractors, conducting diving inspections, expenses for emergency response measures, engineering work, and the supervision and planning for the temporary and permanent repairs to Cable No. 4 of the Y-49 Cable System. In summary, Utility Claimants have suffered property damage to the Y-49 Cable System, repair costs and other expenditures all caused by Thales' negligence, lack of due care, and reckless and grossly negligent conduct resulting in damages which, so nearly as can be estimated at this time, are in excess of $18,000,000.

-11-

ARS-TX 0085

58.    LIPA required the use and service of the Y-49 Cable System in order to meet certain NYISO requirements. As a result of Thales' negligence, lack of due care, and reckless and grossly negligent conduct, LIPA has suffered congestion and rent shortfalls and related damages, during the period the Y-49 Cable System was out of service and/or inoperable. Such damages currently are estimated in excess of $445,000.

WHEREFORE, Utility Claimants demand judgment as follows:

1.    As to the First Count: that judgment be entered against Iroquois for Utility Claimants' damages, costs and expenses (including attorneys' fees and disbursements) as may be finally determined by this Court together with interest and (legal) costs;

2.    As to the Second Count: that judgment be entered against Iroquois for Utility Claimants' damages as may be finally determined by this Court together with interest and costs;

3.    As to the Third Count: that judgment be entered against Thales for Utility Claimants' damages as may be finally determined by this Court together with interest and costs; and,

4.    That the Court grant such other and further relief as may be just and proper in the circumstances.

Respectfully submitted,

By: _____
Mark Cohen
State Bar No. 04508395
Federal Bar No. 2807
Richard L. Gorman
State Bar No. 00784155
Federal I.D. No. 15685
1010 Lamar Street, Suite 1000
Houston, Texas 77002-6314
Telephone: (713) 224-0628
Facsimile: (713) 224-7487

-12-

ARS-TX 0086

Attorneys-in-Charge for
Limitation Defendants/Cross-Claimants,
The Power Authority of the State of New York,
the Long Island Lighting Company d/b/a
LIPA, and Factory Mutual Insurance
Company (FM Global)

James H. Hohenstein
Vincent Foley
Holland & Knight LLP
195 Broadway
New York, New York 10007
Telephone: (212) 513-3200
Telefax: (212) 385-9010

- and -

Robert F. Cossolini
Robert B. Meola
Budd Larner
150 John F. Kennedy Parkway, 3rd Floor
Short Hills, NJ 07078
Telephone: (973) 315-4415
Telefax: (973) 379-7734

OF COUNSEL:

ARS-TX 0087

 **Jim Montano**
11/15/2004 10:01 AM

To: "Molkentin, John" <John.Molkentin@AIG.com>,
Liz.monroe@xlinsurance.com, "Mike Ticheli"
<PTICHELI@navg.com>, Anthony.Schiavone@libertyiu.com,
Mike_Roberts@JLTGROUP.com, "Williams, Colin"
<colin.williams@simsl.com>, Ron White <rwhite@wmbpc.com>,
"Gina Hartdegen" <ghartdegen@g-c-m.com>,
Brenda.Bowman@CNA.com, Paul_Bennett@JLTGROUP.COM
cc: Charles.Cerise@arlaw.com, Edwin.Laizer@arlaw.com
Subject: Horizon Offshore Contractors/GULF HORIZON/Alleged damage to
NYPA Power Cable/ 27 February 03

Further to our msg of 10 November 04, pls see attachment below and msg from handling attorneys. We
await your instructions with regard to responding to Iroquois's demand.
Regards,
Jim Montano
—— Forwarded by Jim Montano/TX/ARS/US/AON on 11/15/2004 09:50 AM ——

 **Mack Mitchell**
11/12/2004 03:29 PM

To: Jim Montano/TX/ARS/US/AON@AONNA
cc: Karen Cooper/TX/ARS/US/AON@AONNA, Jamie
Burnett/TX/ARS/US/AON@AONNA
Subject: Message received from 12124250131 on 11/12/2004 at 3:17:14 PM.
[Virus Checked]

Mack Mitchell Jr.
Office Services
ext. 6775
—— Forwarded by Mack Mitchell/TX/ARS/US/AON on 11/12/2004 03:29 PM ——

 **12124250131**
11/12/2004 03:17 PM

To: hou_ars@ars.aon.com
cc:
Subject: Message received from 12124250131 on 11/12/2004 at 3:17:14 PM.
[Virus Checked]

The attached fax was received from 12124250131 on
11/12/2004 at 3:17:14 PM

JobID: 1506078

ARS-TX 0088

# HEALY & BAILLIE, LLP

61 BROADWAY
NEW YORK, NY 10006-2834
Telephone (212) 943-3980
Fax (212) 425-0131
www.healy.com

Richard V. Singleton II                                    Direct Dial (212) 709-9264
rsingleton@healy.com                                       Direct Fax (212) 487-0364

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential and is intended only for the use of the individual named below and others who have been specifically authorized to receive it. Additionally, if you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: (212) 943-3980.

November 12, 2004

| To: | Company/Name | Fax#/City/State/Country |
|---|---|---|
| | Aon Risk Services | (832) 476-6590 |
| | Attn: James Montano/Karen Cooper | Houston, Texas |
| cc: | Adams and Reese LLP | 713-652-5152 |
| | Daryl G. Dursum | Houston, Texas |
| | Adams and Reese LLP | 504-566-0210q |
| | Charles A. Cerise, Jr./Edwin C. Lazier | New Orleans, Louisiana |

From:   Richard V. Singleton II
        Page 1 of 3 pages

Re:     C.A. No. H-03-3280
        In the Matter of Horizon Vessels, Inc., etc. et al.
        In the United States District Court
        for the Southern District of Texas, Houston Division
        Our Ref.: 100705.0003

Dear Sirs:

    We have received no response to our fax of October 25, 2004, and the deadline for a response has now past. A copy of our letter is attached (without enclosures) for your convenience. We assume that from your silence that Horizon's underwriters have no intention of honoring their commitment to Iroquois as an additional assured and Iroquois intends to act accordingly. Please immediately advise if we are mistaken.

                                        Very truly yours,
                                        HEALY & BAILLIE, LLP
                                        By
                                        Richard V. Singleton II

RVS/nb

271025.1

ARS-TX 0089

# HEALY & BAILLIE, LLP

## 61 BROADWAY
### NEW YORK, NY 10006-2701

TELEPHONE: (212) 943-3980
FAX: (212) 425-0131
www.healy.com

RICHARD V. SINGLETON II
RSINGLETON@HEALY.COM

DIRECT DIAL (212) 709-9264
DIRECT FAX (212) 487-0364

October 25, 2004

By Fax: (832) 476-6590

Aon Risk Services
1330 Post Oak Blvd, Suite 900
Houston, TX 77056
Attn: James Montano/Karen Cooper

Re:    In the Matter of Horizon Vessels, Inc., etc. et al.
       C.A. No. H-03-3280
       In the United States District Court for the Southern District of
       Texas
       Our Ref.: 100705.0003

Dear Sirs:

We are attorneys for Iroquois Gas Transmissions System LP. ("Iroquois"). As you are aware, Iroquois are parties to the above captioned limitation of liability action, which was commenced by Horizon Offshore Contractors, Inc. ("Horizon") in response to claims by the New York Power Authority ("NYPA") and others that on February 27, 2003 Horizon damaged NYPA's Y-49 cable crossing in Long Island Sound. The incident occurred while Horizon was acting as Iroquois' contractor for the construction of a natural gas pipeline that was to be laid over NYPA's cable. NYPA's claim is in excess of $18,000,000.

NYPA and LIPA have now filed a cross-claim against Iroquois in Horizon's limitation action seeking recovery for their full damages resulting from the incident. A copy of the cross-claim is attached. NYPA and its insurer have also recently filed a motion for partial summary judgment against Iroquois.

Iroquois is an additional insured under Horizon's various insurance policies in effect at the time of the incident and covering Horizon's liabilities in this matter. A copy of Aon's letter of July 17, 2003 confirming coverage on behalf of Iroquois is attached for ease of reference. The law is well established that, as an additional insured, Iroquois is entitled to immediate coverage by Horizon's insurers for its attorneys' fees and costs

269955.1

HEALY & BAILLIE, LLP • CONNECTICUT • TELEPHONE: (203) 354-1360 • FAX: (203) 354-1363
HEALY & BAILLIE • NEW JERSEY • TELEPHONE: (973) 912-8955 • FAX: (973) 912-9767
HEALY & BAILLIE • HONG KONG • TELEPHONE: (852) 2537-8628 • FAX: (852) 2521-9072

ARS-TX 0090

Page 2
October 25, 2004

incurred in the defense of this matter irrespective of the insurers' position with regard to ultimate liability.

We therefore renew Iroquois' demand that Horizon's insurers immediately assume Iroquois' defense in connection with the Y49 Cable Incident, including covering Iroquois' attorneys' fees and costs incurred to date and on a going-forward basis. Please confirm coverage as soon as possible and advise to whom our/Iroquois' statements for legal services should be addressed. A prompt response is necessary due to NYPA's pending motion for partial summary judgment. If we do not have a response within two weeks of the date of this letter, Iroquois will have no choice but to petition the appropriate court for a declaration of underwriters' obligation to cover.

Very truly yours,

HEALY & BAILLIE, LLP

By

Richard V. Singleton II

RVS/BT

cc:    Mr. Charles A. Cerise, Jr.
       Mr. Edwin C. Lazier
       Adams and Reese LLP
       One Shell Square
       701 Poydras, Suite 4500
       New Orleans, LA 70139

       Mr. Daryl G. Dursum
       Adams and Reese LLP
       4400 One Houston Center
       1221 McKinney
       Houston, TX 77010

269955.i

ARS-TX 0091



**Paul_Bennett@JLTGR**
**OUP.COM**

11/18/2004 05:47 AM

To: Jim_Montano@ars.aon.com
cc:
Subject: RE: Gulf Horizon alleged damage to NYPA power cables - 27th Febru
ary    2003  Our Ref : OR03/304718/FFO/CPW  [Virus
Checked]

```
*********************************************************
Important: We would  draw your  attention to the  notices at
the bottom of this  e-mail, particularly  before opening and
reviewing any file attachment(s).
*********************************************************
```

Jim,
File before leading H & M Underwriters expect there response shortly.
regards.
Paul Bennett

-----Original Message-----
From: Jim_Montano@ars.aon.com [mailto:Jim_Montano@ars.aon.com]
Sent: 15 November 2004 16:15
To: Paul_Bennett@JLTGROUP.COM
Cc: Edwin.Laizer@arlaw.com; colin.williams@simsl.com
Subject: Gulf Horizon alleged damage to NYPA power cables – 27th
February 2003 Our Ref : OR03/304718/FFO/CPW [Virus Checked]

Paul,
Pls see below msg from Steamship's Colin Williams,  discuss with leading
H&M underwriters and revert to us with their comments.
Regards,
Jim
----- Forwarded by Jim Montano/TX/ARS/US/AON on 11/15/2004 10:09 AM -----


                    "Williams, Colin"

                        <colin.williams@s        To:
"'ed.laizer@arlaw.com'" <ed.laizer@arlaw.com>,
                        imsl.com>                  "'jim_montano@ars.aon.com'"
<jim_montano@ars.aon.com>

                                                 cc:

                    11/15/2004 05:37        Subject:  Gulf Horizon
alleged damage to NYPA power cables
                        AM                    - 27th February      2003
Our Ref : OR03/304718/FFO/CPW
                                             [Virus Checked]




Dear Ed/Jim,

We note that Healy and Baillie, acting for Iroquois, are demand defence and
indemnity iro these claims from Horizon's insurers and, in the absence of a

ARS-TX 0092





**Paul_Bennett@JLTGR OUP.COM**

12/02/2004 06:30 AM

To: Jim_Montano@ars.aon.com
cc:
Subject: Re: Gulf Horizon alleged damage to New York Power Cables 27/02/03 [Virus Checked]

```
**********************************************************
Important: We would draw your attention to the notices at
the bottom of this e-mail, particularly before opening and
reviewing any file attachment(s).
**********************************************************
```

Jim,
Have received today leaders comments to your e-mail 15th November 2004. We
quote the comments below:
Quote:
W.P. Leader has referred the file Gerry Kimitt of Legge Farrow Kimitt of
Houston for opinion regarding coverage / late Notice and will respond when
received.
If package policy is alleged to provide cover for this loss Underwriters
require a complete copy of Slip & Wording.
Meantime Insured must act as prudent uninsured.
Unquote:
Full policy wordings etc are with leaders now.
In view of the foregoing we await your comments.
Regards.
Paul Bennett


```
**********************************************************
```
JLT Risk Solutions Ltd
6 Crutched Friars, London EC3N 2PH. Co Reg No 1536540
Tel: (44) (0)20 7528 4000   Fax: (44) (0)20 7528 4500
http://www.jltgroup.com
Lloyd's Broker.   Regulated by the General Insurance
Standards Council
```
------------------------------------------------------------
```
The content of this e-mail (including any attachments) as
received may not be the same as sent. If you consider that
the content is material or performance of
a contract or you are otherwise relying upon its accuracy,
you should consider requesting a copy be sent by facsimile
or normal mail.  In any event, please check this message
and any identified file attachment(s) upon receipt and notify
the sender immediately if there is any manifest transmission
error, omission or corruption. This does not change or reduce
any party's duty of utmost good faith when contracting for
insurance or reinsurance. The information in this e-mail is
confidential and may be legally privileged. If you are not
the intended recipient, please notify the sender immediately
and then delete this e-mail entirely - you must not retain,
copy, distribute or use this e-mail for any purpose or
disclose any of its content to others.

Opinions, conclusions and other information in this e-mail
that do not relate to the official business of JLT Risk
Solutions Ltd shall be understood as neither given nor
endorsed by it.  Please note we intercept and monitor
incoming / outgoing e-mail and therefore you should neither
```

ARS-TX 0093

HORIZON OFFSHORE CONTRACTORS, INC.

December 7, 2004



Michael D Phillipus
Director
Insurance and Risk Management

TO: Underwriters and Others Whom It May Concern:

Please be advised that we have this day appointed McGriff, Seibels & Williams of Texas Inc , to act as our sole and exclusive representatives for the handling, servicing, negotiating and placing of all lines of insurance coverage including, but not limited to, Hull & Machinery, Protection & Indemnity, Mortgagees Interest, Property,   Automobile   Liability,   General   Liability,   Excess/Umbrella   Liability,   Workers' Compensation/Employers Liability, Foreign Workers' Compensation/Employers Liability, Foreign Automobile and General Liability, Cargo, Non-Owned Aviation, Bonds, Tow Risk, Loss of Charter Hire, and Builders' Risk for our company and its subsidiary interests.  However, our appointment of McGriff, Seibels & Williams of Texas, Inc. does not include Financial Services or Employee Benefits.

The authority of this appointment supersedes and annuls any similar appointment made previously by our firm, and will remain in effect until superseded in writing by the undersigned.

McGriff, Seibels & Williams of Texas, Inc., is hereby authorized to negotiate with all underwriters and/or insurance companies, wholesale brokers and/or surplus lines brokers as respects maintaining, amending, canceling and/or replacing our insurance coverage.

We request that you afford McGriff, Seibels & Williams of Texas, Inc your full cooperation and furnish them any and all information they request pertaining to our current and/or historic insurances including but not necessarily limited to exposure information, policies, binders, loss runs and any outstanding indications and/or quotations.

We agree that McGriff, Seibels & Williams of Texas, Inc. is not accountable and/or responsible for any deficiencies in the present insurance program or for any risks currently not placed by McGriff, Seibels & Williams of Texas, Inc. nor are they responsible for the collection or returning of premium earned for policies written by any prior agent.

Any and all instructions given to underwriters by the above named insurance agent in respect of any matters pertaining to our insurance have the full authority of the undersigned

You are also requested to waive any "standard industry waiting periods" as this letter will not be rescinded

Sincerely,

Michael D  Phillipus
Director
Insurance and Risk Management

2500 CityWest Blvd . Suite 2200  Houston  Texas 77042  713-361-2600. 713-361-2690 Fax

ARS-TX 0094



**Jim Montano**

12/08/2004 09:50 AM

To: mphillipus@horizonoffshore.com
cc: Marjorie Goodall/TX/ARS/US/AON@AONNA
Subject: Re: Gulf Horizon alleged damage to New York Power Cables 27/02/03 [Virus Checked]

Mike,
Pls see msg below.
Regards,
Jim

—— Forwarded by Jim Montano/TX/ARS/US/AON on 12/08/2004 09:50 AM ——



**Paul_Bennett@JLTGR OUP.COM**

12/02/2004 06:30 AM

To: Jim_Montano@ars.aon.com
cc:
Subject: Re: Gulf Horizon alleged damage to New York Power Cables 27/02/03 [Virus Checked]

```
************************************************************
Important: We would  draw your  attention to the  notices at
the bottom of this  e-mail, particularly  before opening and
reviewing any file attachment(s).
************************************************************
```

Jim,
Have received today leaders comments to your e-mail 15th November 2004. We quote the comments below:
Quote:
 W.P. Leader has referred the file Gerry Kimitt of Legge Farrow Kimitt of Houston for opinion regarding coverage / late Notice and will respond when received.
If package policy is alleged to provide cover for this loss Underwriters require a complete copy of Slip & Wording.
Meantime Insured must act as prudent uninsured.
Unquote:
Full policy wordings etc are with leaders now.
In view of the foregoing we await your comments.
Regards.
Paul Bennett

```
************************************************************
```
JLT Risk Solutions Ltd
6 Crutched Friars, London EC3N 2PH. Co Reg No 1536540
Tel: (44) (0)20 7528 4000  Fax: (44) (0)20 7528 4500
http://www.jltgroup.com
Lloyd's Broker.  Regulated by the General Insurance
Standards Council
------------------------------------------------------------
The content of this e-mail (including any attachments) as
received may not be the same as sent. If you consider that
the content is material to the formation or performance of
a contract or you are otherwise relying upon its accuracy,
you should consider requesting a copy be sent by facsimile
or normal mail.  In any event, please check this message
and any identified file attachment(s) upon receipt and notify
the sender immediately if there is any manifest transmission
error, omission or corruption. This does not change or reduce
any party's duty of utmost good faith when contracting for



# *Aon Natural Resources*
### 1330 Post Oak Blvd., Suite 900
### Houston, Texas 77056
### Telephone: (832) 476-6884; Fax: (800) 953-4542

|  |  |  |
|---|---|---|
| **To:** | Horizon Offshore Construction, Inc. | ❑ **URGENT** |
|  | Houston, TX | ❑ Today |
|  |  | ❑ Overnight |
| **Date:** | December 20, 2004 |  |
| **Attention:** | **Michael D. Phillipus** |  |
| **Fax No.:** | 713-361-2690 |  |
| **From:** | James I. Montano |  |
| **No. of Pages Sent:** | 2 *(Including this page)* |  |
| **Re:** | GULF HORIZON |  |
|  | Damage to Power Cables |  |
|  | 27 February 2003 |  |
|  | Claim by:  N.Y.P.A. |  |
|  | Our File No.:  03-M5058-A |  |

Mike,

Further to our email message of 12/08/2004, please see attached from H & M underwriters (received from J.L.T.) and advise of response.

Regards,

J.I.M.

Attachment

CONFIDENTIALITY NOTICE: The materials enclosed with this facsimile transmission are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile transmission in error, please immediately notify us by telephone to arrange for return of the forwarded documents to us.

ARS-TX 0096

Assured: Horizon Offshore Inc.
Casualty: "GULF HORIZON" Alleged damage to subsea power cable owned by New York
Power Authority
D.O.L: 27/02/03

This notification constitutes ZGE's first advice of the existence of this loss and the therefore reserve all
right with regard to coverage and additionally in regard to the late notification of hull insurers and any
prejudice that may arise from that late notification. Such reservation of rights to include all brokers
involved in the advising of underwriters.

Insurers would point out that the broker's file begins with the cross-claims of Limitation
Defendants/Cross-Claimants, filed by the Power Authority of the State of New York. In order to
properly consider this claim and the policy response insurers will require copies of ALL
correspondence related to this loss.

Please advise on whose authority/behalf the original Limitation action was filed.

Please explain how Iroquois Gas Transmission System L.P are considered an additional assured under
Horizon Offshore's Hull & Machinery policy.

Insurers require an explanation from the assured as to why they have failed to advise their hull insurers
previously.

Please advise on whose authority James Montano of Aon Risk Services disclosed details of Horizon's
insurance coverage to Iroquois Gas Transmission System L.P.

ZGE do not concur with the Lloyd's leader's instruction of Gerry Kimmitt of Legge Farrow & Kimmitt.
ZGE will discuss with the leader and revert.

ARS-TX 0097

# JLT RISK SOLUTIONS
### Limited

| | | | |
|---|---|---|---|
| To | Jim Montano | | The Gemini Centre<br>88 New London Road<br>Chelmsford |
| Company | AON Risk Services | | Essex CM2 0YJ<br>Telephone 01245 705000<br>Direct Line 01245-705154<br>Facsimile 01245-705123 |
| Fax No | 0018479534178 | | |
| Date | 23 December 2004 | | |
| From | Paul Bennett | | |
| | Run-Off Management Services | | |
| | | | Init |
| No. of Pages<br>inc. front sheet | 2 | **Facsimile** | Ref |

---

**Re: Assured: Horizon Offshore Inc. Casualty " Gulf Horizon" D/L: 27/02/03**

Sir,

We refer to the above, we would advise on production of the file to leading Underwriters they have commented as follows:

Quote:

This notification constitutes Zurich's first advice of the existence of this loss; therefore reserve all rights with regard to coverage and additionally in regard to late notification of hull insurers and any prejudice that may arise from that late notification. Such reservation of rights to include all brokers involved in the advising of Underwriters.

Insurers would point out that the brokers file begins with the cross-claim of Limitation Defendants/Cross-Claimants, filed by the Power Authority of the State of New York. In order to properly consider this claim and the policy response Insurers will require copies of ALL correspondence related to this loss.

Please advise on whose Authority / behalf the Original Limitation action was filed.

Please explain how Iroquois Gas Transmission System L.P. are considered an additional assured under Horizon Offshore's Hull & Machinery Policy.

### CONFIDENTIALITY NOTICE

The information contained in this facsimile message is confidential and JLT Risk Solutions Limited reserves any and all possible rights to privilege in respect thereof. It is intended only for the use of the addressee designated above. Any reader of this message, who is not the addressee, is hereby expressly forbidden to copy, disseminate, distribute or in any other way use any of the information contained in this facsimile message.

If you have received this facsimile transmission in error, please immediately notify the sender by telephone so that we can arrange for its return.

PSB/FAX3C36

This facsimile copy is for information only and we do not accept any responsibility for differences between the original and the transmission copy. If all pages not received clearly please contact us on the above number.

Lloyd's Broker. A member of the Jardine Lloyd Thompson Group
A company incorporated with liability limited by shares. Regulated by the General Insurance Standards Council
Registered Office: 6 Crutched Friars, London EC3N 2PH. Registered in England No. 1536540. Vat No. 244 2321 96

**ARS-TX 0098**

# JLT RISK SOLUTIONS
Limited

23 December 2004                                                              Page 2
Jim Montano

### Facsimile

Insurers require an explain action from the assured as to why they failed to advise their Hull Insurers previously.

Please advise on who's authority AON risk services disclosed details of Horizons Insurance coverage to Iroquois Gas Transmission System LLP.

Unquote:

In view of Underwriters comments, please can you supply full file papers relating to this loss.

We await your Urgent advices concerning this matter.

Regards.

Paul Bennett

Lloyd's Broker. A member of the Jardine Lloyd Thompson Group
A company incorporated with liability limited by shares. Regulated by the General Insurance Standards Council
Registered Office: 6 Crutched Friars, London EC3N 2PH. Registered in England No. 1536540. Vat No. 244 2321 96

ARS-TX 0099

**Paul_Bennett@JLTGR**
**OUP.COM**

01/13/2005 06:14 AM

To: jim_montano@ars.aon.com

cc:

Subject: Horizon Offshore: "Gulf Horizon" D/L 27/02/03 [Virus Checked]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Important: We would  draw your  attention to the  notices at
the bottom of this  e-mail, particularly  before opening and
reviewing any file attachment(s).
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jim,
Further to our fax dated 23rd December 2004, Please advise if you are able
to revert on Underwriters comments conveyed.
Regards.
Paul Bennett

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JLT Risk Solutions Ltd
6 Crutched Friars, London EC3N 2PH. Co Reg No 1536540
Tel: (44) (0)20 7528 4000    Fax: (44) (0)20 7528 4500
http://www.jltgroup.com
Lloyd's Broker.  Regulated by the General Insurance
Standards Council
------------------------------------------------------------
The content of this e-mail (including any attachments) as
received may not be the same as sent. If you consider that
the content is material to the formation or performance of
a contract or you are otherwise relying upon its accuracy,
you should consider requesting a copy be sent by facsimile
or normal mail.  In any event, please check this message
and any identified file attachment(s) upon receipt and notify
the sender immediately if there is any manifest transmission
error, omission or corruption. This does not change or reduce
any party's duty of utmost good faith when contracting for
insurance or reinsurance. The information in this e-mail is
confidential and may be legally privileged. If you are not
the intended recipient, please notify the sender immediately
and then delete this e-mail entirely - you must not retain,
copy, distribute or use this e-mail for any purpose or
disclose any of its content to others.

Opinions, conclusions and other information in this e-mail
that do not relate to the official business of JLT Risk
Solutions Ltd shall be understood as neither given nor
endorsed by it.  Please note we intercept and monitor
incoming / outgoing e-mail and therefore you should neither
expect nor intend any e-mail to be private in nature.

We have checked this e-mail for viruses and other harmful
components and believe but not guarantee it virus-free prior
to leaving our computer system.  However, you should satisfy
yourself that it is free from harmful components, as we do
not accept responsibility for any loss or damage it may
cause to your computer systems.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



**Jim Montano**
01/28/2005 02:28 PM

To: "Williams, Colin" <colin.williams@simsl.com>
cc:
Subject: Re: Gulf Horizon alleged damage to NYPA power cables – 27th February    2003  Our Ref : OR03/304718/FFO/CPW

Colin,
Ron White of White McKillop & Baham, who represent certain of Horizon's excess liability underwriters favored me with a copy of A&R's 6 January letter. I note that I am not a copy addressee on such letter and that McGriff's Willie Farmer is. I believe that change was made at the request of Horizon since Horizon transferred the brokerage to McGriff back in November. Since then I have been waiting to transfer open claim files to McGriff. As, apparently, Horizon does not desire our continued involvement in this matter, I would suggest you contact McGriff or Horizon directly. Hull underwriters have appointed Legge, Farrow, Kimmit, McGrath & Brown, LLP, Houston.
Regards,
Jim
"Williams, Colin" <colin.williams@simsl.com>



**"Williams, Colin"**
**<colin.williams@simsl**
**.com>**

01/28/2005 08:37 AM

To: "'jim_montano@ars.aon.com'" <jim_montano@ars.aon.com>
cc:
Subject: Gulf Horizon alleged damage to NYPA power cables – 27th February    2003  Our Ref : OR03/304718/FFO/CPW

Dear Jim,

We trust that you have rcvd a copy of Adams and Reese's latest report (of 6th January) on the captioned matter.

On page 9 of that report they refer to a need for a response to Iroquois' demand for defence and insurance coverage from Horizon's u/w's. Acc, it is important that the question of Horizon's liability cover as between ourselves and hull u/w's is resolved as quickly as possible, and we would therefore appreciate your pressing Members and hull u/w's for a response to the point raised in our e-mail of 15th November 2004.

Regards.
Colin Williams

DDI : 0207 650 6497
Fax : 0207 377 2912

***************************************************************
This message has been checked for all known viruses by the Cable &
Wireless Email protection service, powered by Message Labs.
***************************************************************.

**ARS-TX 0101**