# Attachment 4

HEALY & BAILLIE, LLP
Attorneys for Plaintiff
61 Broadway
New York, NY 10006
(212) 943-3980
Richard V. Singleton (RS-9489)
John C. Koster (JK-4086)
David D. Jensen (DJ-2261)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IROQUOIS GAS TRANSMISSION SYSTEM L.P., <br><br> Plaintiff, <br> -against- <br><br> ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD., Hamilton, Bermuda; CERTAIN UNDERWRITERS AT LLOYD'S; AON RISK SERVICES OF TEXAS, INC.; and AMERICAN HOME ASSURANCE CO., <br><br> Defendants. | (ECF Case) <br><br> 05 Civ. 2149 (JSR) <br><br> **AFFIDAVIT OF PAUL W. DIEHL** |

Paul W. Diehl, being duly sworn, deposes and says:

1. I am Senior Attorney and Assistant Secretary for Iroquois Gas Transmission System L.P. ("Iroquois").

2. Iroquois is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at Shelton, Connecticut.

3. I am familiar with the litigation styled <u>In re Horizon Vessels, Inc.</u> that is pending before the United States District Court for the Southern District of Texas under the docket number H-03-3280 (the "Limitation Proceeding"). The Limitation Proceeding involves claims for over $18 million and has required extensive legal activity.

282579.1                                    1

4. Iroquois is the owner of an approximately 412 mile pipeline that extends from the Canada-New York border to South Commack, New York and extending to the Bronx, New York.

5. Iroquois undertook to construct an approximate 35-mile underwater extension to its pipeline, extending from Northport, New York to Bronx, New York, in Long Island Sound.

6. Iroquois contracted with Horizon Offshore Contractors, Inc. ("Horizon") for the construction of pipeline extension. The "Construction Contract" dated April 12, 2002 that bears the Bates numbers IRO/AE 00001 through IRO/AE 00024 is a true and correct copy of the main body of this contract. The Construction Contract included schedules setting forth certain matters in greater detail. The document entitled "Exhibit G" that bears the Bates numbers IRO/AE 00025 through IRO/AE 00031 is a true and correct copy of Exhibit G to the Construction Contract, which sets forth the "Schedule of Insurance Requirements."

7. Horizon's principal place of business is 2500 City West Boulevard, Suite 2200, Houston, Texas 77042.

8. To complete the pipeline extension it was necessary to cross four undersea 345,000-volt electric transmission cables owned by The Power Authority of the State of New York ("NYPA"). NYPA refused to agree to such a crossing absent a written agreement with Iroquois regarding responsibility for any damage to NYPA's cable.

9. Accordingly, Iroquois and NYPA entered into a "Crossing Agreement" dated October 30, 2002 setting forth the terms and conditions under which NYPA would

not object to Iroquois' pipeline crossing its cables. The document that bears the Bates numbers IRO/AE 00755 through IRO/AE 00785 is a true and correct copy of the Crossing Agreement.

10. On February 27, 2003, during construction of the pipeline extension, NYPA detected a fault in one of its cables while Horizon was working in the vicinity of the cables. NYPA later reported that the cable had been damaged.

11. NYPA alleges that this damage occurred when one of the GULF HORIZON's anchors contacted and damaged the cable.

12. The damaged cable was taken out of service and repaired.

13. Iroquois realized shortly after the February 27 incident that NYPA would very likely seek to recover damages from Iroquois pursuant to the Crossing Agreement.

14. On March 25, 2003, NYPA put Iroquois on notice that it intended to hold Iroquois responsible for the damage to its cable.

15. Iroquois retained the firm of Healy & Baillie, LLP immediately after the February 27, 2003 incident to investigate the facts of that incident, defend it in connection with NYPA's anticipated and threatened claims, and pursue Horizon for indemnity for any liability Iroquois may be found to have to NYPA.

16. Horizon commenced its Limitation Proceeding in August 2003. Iroquois instructed Healy & Baillie to file, and Healy & Baillie did file, a claim on behalf of Iroquois in that proceeding for indemnity for any liability Iroquois may be found to have to NYPA as a result of the February 27, 2003 incident.

17. On July 21, 2004 NYPA, Factory Mutual Insurance Company ("FMIC") the subrogated property insurer of the cable, and the Long Island Power Authority ("LIPA"), users of the cable (hereinafter collectively referred to as the "NYPA interests"), asserted Cross-Claims against Iroquois, seeking to hold Iroquois liable for damages they sustained as a result of the alleged February 27, 2003 cable incident. LIPA has no contract with Iroquois. Its claims are in tort for Iroquois' alleged negligence during the pipeline's construction. Healy & Baillie prepared and filed Answers to these Cross-Claims on behalf of Iroquois.

18. As a result of the representation detailed above, Iroquois has incurred liability for payment of Healy & Baillie, LLP's fees and expenses, which as of June 30, 2005 total $975,064.46 and which have been submitted to Iroquois' insurer for payment.

19. In my opinion, Healy & Baillie's charges in this matter have been reasonably incurred.

20. The claims initially asserted by Iroquois in the Limitation Proceeding included some claims not related to the NYPA interests' claims regarding the February 27, 2003 incident. These Unrelated Claims were: (1) a claim for damages resulting from a suspension of construction work; (2) a claim for indemnity in the event Iroquois was held liable for damage to archaeological sites caused by Horizon; and (3) claims for damages for other contract breaches by Horizon.

21. Iroquois asserted the Unrelated Claims in the Limitation Proceeding as a precaution to avoid losing the right to assert those claims in the future.

22. Healy & Baillie, LLP's only substantive involvement in the litigation of the Unrelated Claims was to state them in Iroquois' claims in the Limitation Proceeding. Iroquois had previously retained the firm of Cullen & Dykman Bleakley Platt LLP in connection with the Unrelated Claims and those claims were filed and litigated by that firm in New York state court after the Texas federal court lifted the injunctions as to Iroquois on February 25, 2004, thus permitting Iroquois to pursue the Unrelated Claims outside of the Limitation Proceeding. The fees charged by Healy & Baillie do not include any of the fees or costs incurred in the litigation of the Unrelated Claims.

_____
Paul W. Diehl

Sworn to before me this 16th day of August 2005

_____
Brenda Stabler
Notary Public

My Commission Exp. Feb. 28, 2006