# Attachment 13

HORIZON OFFSHORE CONTRACTORS, INC.

August 21, 2003

William B. Gibbens, III
Executive Vice President and
General Counsel

**By Facsimile:  203-926-8829**

Mr. Jeffrey A. Bruner
Vice President
Iroquois Gas Transmission System, L.P.
One Corporate Drive, Suite 600
Shelton, Connecticut 06484-6211

Re:     **Eastchester Extension Project**
        **Construction Contract No. 02-12**
        **HOR-IROQ-L-1343**

Dear Mr. Bruner:

Attached is a letter from our insurance broker explaining the status of our coverage concerning the LIPA and NYPA incidents.

I trust this answers your question.

Very truly yours,

William B. Gibbens, III, Esq.
Executive Vice President and General Counsel

EXHIBIT
38
8/9/05  WII



*A on Risk Services*

August 21, 2003

*Natural Resources*
*Group*

Mr. Jeffery A. Bruner
Iroquois Gas Transmission System
One Corporate Drive, Suite 500
Shelton, CT 06484-6211

Re:    Claims by Long Island Power Authority
       (November 16, 2002) and New York
       Power Authority (February 27, 2003)
       Insurance Information

Dear Mr. Bruner:

Further to our letter of July 17, 2003 it is our understanding your remaining concern is
with respect to contractual indemnity coverage for Horizon Offshore Contractors.
Specifically, such coverage is found in Policy No. AKS-3177 placed with American
Home Assurance Company through American International Marine Agency. Such policy
is a standard ISO Commercial General Liability Insurance policy modified as necessary
to meet Horizon's needs. However, as regards contractual liability, no modifications were
necessary. As you may know, contractual liability coverage is granted by an exception to
an exclusion, thus:

> "2. Exclusions.
> This insurance does not apply to:
>
> b. Contractual Liability
> 'Bodily injury' or 'property damage' for which
>      the insured is obligated to pay damages by reason
>      of the assumption of liability in a contract or
>      agreement. This exclusion does not apply for
>      damages:
> (1)   Assured in a contract or agreement that is an
>       'insured contract', provided the 'bodily injury
>       'or 'property damage' occurs subsequent to the
>       execution of the contract or agreement; or . . ."

Under Section V – Definitions, "Insured Contract" is defined as:

> "f.  That part of any other contract or agreement pertaining
>      to your business . . . under which you assume the tort
>      liability of another party to pay for "bodily injury' or '
>      property damage' to a third person or organization.
>      Tort liability means a liability that would be imposed
>      by law in the absence of any contract or agreement."

*Aon Risk Services of Texas, Inc.*
1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

08/22/2003 08:29 FAX 203 926 88_o      IROQUOIS LEGAL FAX      - HEALY SINGLETON   ☒004
AUG. -21'03(THU) 15:18                                                              P. 004



*Aon Risk Services*

*Natural Resources*
*Group*

In addition to the foregoing, the so-called "Watercraft Exclusion" (exclusion g.) has been deleted per endorsement entitled *Amendatory Endorsement to Form CG 00 01 10 93, Marine Liability Insurance, etc.*

You should also be aware that Horizon's entry in the The Steamship Mutual Underwriting Association does not apply in this instance because of the Mutual's Rule 17 b, Specialist Operations, which reads (in pertinent part), " . . . the Club shall not insure any Member to any extent whatsoever, against the following risks: . . .liabilities, costs or expenses incurred by a Member who contracts to perform specialist operations including but not limited to dredging . . . cable or pipelaying, . . . ". Thus, because Horizon *does* engage in pipelaying operations as a fundamental part of their operations, it was necessary to have those operations covered elsewhere. Such coverage is provided in the Commercial General Liability policy as fully explained above on an excess basis. With regard to Specialist Operations at the primary level, the P&I policy provided by Aegis using the Steamship's Rules covers that exposure as well as contractual liability since it was modified to delete Rule 25xx.

When Aon became Horizon's insurance broker in December 2001, we undertook an analysis of Horizon's coverages. At renewal on February 20, 2002 Horizon's insurance was placed to ensure no gaps, especially with regard to specialist operations and contractual liability because we recognized the core of Horizon's business was pipelaying as a contractor. Thus, per the previous paragraph, primary P&I was placed with Aegis under the Steamship rules to include contractual liability. Full P&I (without specialist operations or contractual liability) was covered with an entry in the Steamship Mutual. The American Home Commercial General Liability policy through AIMA was placed to cover certain risks as primary insurance and, again, as noted above, contractual and specialist operations as excess.

Thus, we would concur with Horizon as stated in their letter to you of July 23 that there should be no issue of coverage for Horizon's direct liability, if any, or for Horizon's contractual indemnity liability to Iroquois, if any, with regard to either the LIPA or NYPA claims. There may be a question of which policy or policies apply and how they apply. However, we believe there is adequate insurance for both claims.

Very truly yours,

Aon Natural Resources

James I. Montano

*Aon Risk Services of Texas, Inc.*

1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

07/17/2003 16:09 FAX 203 926 8829     IROQUOIS LEGAL FAX     → HEALY SINGLETON   ☒004
JUL. -17'03(THU) 13:41                                                              P. 003



*Aon Risk Services*

*Natural Resources*
*Group*

July 17, 2003

Mr. Jeffery A. Bruner
Iroquois Gas Transmission System
One Corporate Drive, Suite 500
Shelton, CT 06484-6211

> Re.:   Claims by Long Island Power Authority
> (November 16, 2002) and New York Power
> Authority (February 27, 2003)
> Insurance Information

Dear Mr. Bruner:

We refer to your letter of June 9, 2003 to Horizon Offshore Contractors and enclose the following:

1) Aon Risk Services, fax message of November 27, 2002 to American International Marine Adjusters.

2) Aon Risk Services, "Accord" General Liability Notice of Occurrence/Claim" of November 27, 2002 to American Home Assurance Co.

3) Aon Natural Resources, "Report of Loss", dated 5 December 2002 to Aegis.

4) Aon Risk Services, fax message of January 17, 2003 (without enclosures) to A. I. Marine Adjusters and JLT Risk Solutions, with copy addressees as noted therein.

5) Aon Risk Services, fax message of December 12, 2002 to A. I. Marine Adjusters, Navigators Insurance Company, Liberty Insurance Underwriters and XL Specialty.

6) Aon Natural Resources, "Report of Loss" dated March 4, 2003 to Aegis.

7) Aon Natural Resources, "Report of Loss" dated April 18, 2003 to The Steamship Mutual Underwriting Association (Bermuda) Ltd.

8) Aon Natural Resources, "Report of Loss" dated May 21, 2003 to American Home Assurance Company.

9) Aon Natural Resources, "Report of Loss" dated July 16, 2003 to Various excess liability underwriters:

*Aon Risk Services of Texas, Inc.*
1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590



*Aon Risk Services*

*Natural Resources Group*

We believe the enclosures clearly evidence notice to all appropriate insurers with respect to the subject casualties. Moreover, the "Reports of Loss" enclosed herein indicate the limits of liability of each policy noticed as well as other relevant information.

Regarding the issue of "specialist operations", please note that the exclusion regarding such in the Steamship rules was deleted from the AEGIS policy (ARS-3175) as evidenced in the attached portions of such policy. What may have led to some confusion on this issue is that AEGIS uses the Steamship Mutual rules and modifies same to meet the needs of its insureds, including Horizon. In this case Horizon required that the exclusion be removed and AEGIS complied.

As to excess liability coverage, the two incidents are distinct in their facts and, as you will note, in an abundance of caution, all appropriate excess liability underwriters have been advised of the occurrences. How the policies apply to each incident will be determined by what the investigations relative to each clearly establish. To assist you in your understanding of the structure of Horizon's insurance program, attached is a bar chart which graphically depicts the casualty portion of such program. Please note that certain coverages depicted on such chart are not relevant to the claims at hand and all information shown is proprietary and confidential to Horizon.

With respect to your inquiries regarding the M/V MR SONNY, please note inasmuch as Horizon was not the owner of such vessel, Horizon did not undertake to insure it. However, we believe Horizon, as charterer, is protected for any liability as charterer by its primary general liability policy provided by American Home per "Amendatory Endorsement to Form CG 00 01 10 93 Marine Liability Insurance, Etc.", a copy of which is also attached hereto for your review.

Regarding the issue of contractual indemnities, the AEGIS policy (ARS-3175) refers to the Steamship rules and with respect to Rule 25, provides " . . . Including coverage for liabilities as provided under Rule 25 xx (Contract and Indemnities) and its subparagraphs *and it is agreed to waive the requirement for approval of the terms of any such contracts.*" (emphasis supplied.) The Steamship Mutual policy on an excess basis does not evidence the waiver noted. However, these underwriters are aware of the contractual necessity of "naming and waiving" Horizon's principles as a general matter and with respect to the project at issue in particular.

*Aon Risk Services of Texas, Inc.*
1330 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

07/17/2003 16:09 FAX 203 926 8829        IROQUOIS LEGAL FAX        → HEALY SINGLETON   ☑ 006

JUL. -17' 03 (THU) 13:41                                                                    P. 005

**AON**

*Aon Risk Services*

*Natural Resources*
*Group*

We understand that Iroquois has been provided policies and certificates of insurance evidencing all required and necessary coverages although same might not have reached your desk. You may wish to review the documents provided with your insurance department and outside insurance brokers to confirm the contents herein. In addition, if you still have questions or remain uncertain of certain issues, we are available to meet and discuss.

Very truly yours,

**Aon Natural Resources**

James I. Montano

*Aon Risk Services of Texas, Inc.*
1350 Post Oak Blvd., Suite 900 • Houston, Texas 77056 • tel: (832) 476-6000 • fax: (832) 476-6590

AON

*** Transmit Conf.Report ***

P.1                                              Nov 27 2002  14:43

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 97133612693 | NORMAL | 27,14:43 | 0'45" | 2 | * O K | |



Aon Risk Services
Natural Resources Group

1330 Post Oak Blvd, Suite 900
Houston, TX 77056-3089
832-476-6810     Fax 832-476-6510
Karen_Cooper@ars.aon.com

Telecopier No.:        713-268-8680

Date:                  November 27, 2002

Company:               American International Marine Adjusters

Attention:             John Molkentin

Cc:                    Bill Arnold, Horizon Offshore (w/att.) 713-361-2693
                       Peter Mortlock, Aon (w/att.)
                       Margie Goodall, Aon (w/att.)
                       Jim Montann, Aon (w/att.)

From:                  Karen Cooper

No. of Pages Sent:     2        (Including this page)

Subject:               Insured:   Horizon Offshore Contractors
                       D/L:       November 16, 2002
                       Policy No: C1727
                       Claimant:  Long Island Power Authority
                       Our Ref:   02-M4842

Please accept this as notice of an incident that may give rise to a claim under the captioned policy. On November 16, 2002 at approximately 5:30 P.M. EST, an anchor of the CalDive DSV "Mr. Sonny" became entangled in four (4) cables of the Long Island Power Authority. No injuries were reported. The extent of financial damage has not yet been determined.

Please contact Mr. Bill Arnold, Director of Risk Management, Horizon Offshore, 713-243-2740, for additional information.

Please acknowledge receipt and advise your claim number.

Regards,

P. 007

2.

# ACORD. GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

DATE 11-27-02

| PRODUCER | PHONE (A/C, No, Ext): 832-476-6810 | | NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | | AM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|---|---|---|---|
| | | | NOTICE OF CLAIM | 11/16/02 | 5:30 | X PM | | YES X NO |

AON RISK SERVICES
NATURAL RESOURCES GROUP
1330 POST BLVD SUITE 900
HOUSTON TX 77056

| EFFECTIVE DATE 02/20/02 | EXPIRATION DATE 05/01/03 | | POLICY TYPE | | RETROACTIVE DATE |
|---|---|---|---|---|---|
| | | OCCURRENCE | CLAIMS MADE | |

| COMPANY AMERICAN HOME ASSURANCE CO. | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|

| CODE: | SUB CODE: | POLICY NUMBER C1727 (ARS-3177) | REFERENCE NUMBER Aon Claim No: 02-M4842 |
|---|---|---|---|
| AGENCY CUSTOMER ID: | | | |

| INSURED | | CONTACT | | CONTACT INSURED | | WHERE TO CONTACT |
|---|---|---|---|---|---|---|
| NAME AND ADDRESS | | NAME AND ADDRESS | | | | |

HORIZON OFFSHORE CONTRACTORS
2500 CITYWEST BLVD, SUITE 2200
HOUSTON TX 77042

BILL ARNOLD

WHEN TO CONTACT

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) 713-243-2740 |
|---|---|---|---|

## OCCURRENCE

| LOCATION OF OCCURRENCE (include city & state) | IROQUOIS PROJECT. | AUTHORITY CONTACTED |
|---|---|---|

DESCRIPTION OF OCCURRENCE (Use separate sheet if necessary): ON NOVEMBER 16, 2002 AT APPROXIMATELY 5:30 P.M., EST, AN ANCHOR OF THE CalDive DSV "MR SONNY" BECME ENTANGLED IN 4 SUBSEA POWER CALBES OF LONG ISLAND POWER AUTHORITY

## POLICY INFORMATION

COVERAGE PART OR FORMS (Insert form nu and edition dates)

| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
|---|---|---|---|---|---|---|---|
| 2,000,000 | 2,000,000 | 1,000,000 | 1,000,000 | Incl. | Incl. | | BI |

| UMBRELLA/ EXCESS | UMBRELLA | EXCESS | CARRIER: American Home (Part B) | LIMITS: | $10,000,000 AGGR | PER CLAIM/OCC | SIR/ DED |
|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

| PREMISES: INSURED IS | OWNER | TENANT | OTHER: | | TYPE OF PREMISES |
|---|---|---|---|---|---|

| OWNER'S NAME & ADDRESS (if not insured) | | | | | OWNERS PHONE (A/C, No, Ext) |
|---|---|---|---|---|---|

| PRODUCTS: INSURED IS | MANUFACTURER | VENDOR | OTHER: | | TYPE OF PRODUCT |
|---|---|---|---|---|---|

| MANUFACTURER'S NAME & ADDRESS (if not insured) | | | | | MANUFACT PHONE (A/C, No, Ext) |
|---|---|---|---|---|---|

| WHERE CAN PRODUCT BE SEEN? | |
|---|---|

| OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain) | |
|---|---|

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | LONG ISLAND POWER AUTHORITY (LIPA) | | PHONE (A/C, No, Ext) |
|---|---|---|---|

| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) |
|---|---|---|---|---|

| DESCRIBE INJURY | | WHERE TAKEN | WHAT WAS INJURED DOING? | |
|---|---|---|---|---|
| FATALITY | | | | |

| | | | | WHEN CAN PROPERTY BE SEEN? |
|---|---|---|---|---|
| DESCRIBE PROPERTY (Type, model, etc) | 4 Subsea Power Cables | ESTIMATE AMOUNT Unknown | WHERE CAN PROPERTY BE SEEN? | |

## WITNESSES

| | NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|---|

REMARKS

| REPORTED BY BILL ARNOLD, INSD. | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER Karen A. Cooper |
|---|---|---|---|

ACORD 3 (7/97)    NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    © ACORD CORPORATION 1986



CC:    Peter Mortlock, Mergia Goodall - Aon

### Aon Natural Resources
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6590

**REPORT OF LOSS ON:**    ENERGY PACKAGE                          **DATE:**    5 December 2002

To:    **COMPANY**                                    **POLICY NO.**                    **INTEREST**
       Associated Electric & Gas Insurance Services    LE0280741 (ARS-3175)            100%
       Ltd. (AEGIS), Hamilton Bermuda Per Origin
       Limited, London, UK (via JLT Risk Solutions)

Please accept notice of the following casualty which may result in a claim for:    Property Damage

Name of the Assured:    Horizon Offshore Contractors, Inc.

Policy Inception:    20 Feb 02    Date of Casualty:    16 Nov 02    Policy Expiration:    01 May 03    Form:

Insured Vessel or Property:                          Insured Value/Limit of Liability $    US950,000 any accident/occurrence

Excess of: $    US$50,000    Deductible: $ _____    AAD: $ _____    Stop Loss: $

Place where casualty occurred:    Iriquois Project

Nature of Casualty    On 16 November 2002 at approximately 5:30 PM Eastern Standard Time an anchor of the Cal Dive DSV

"MR SONNY" became entangled in four (4) subsea power cables of Long Island Power Authority (LIPA)

Estimated amount of entire loss Primary $    Unknown                                Excess $

Instructed:

Remarks:    Also reported to Al Marine Adjusters, Houston on behalf of Excess (American Home)

Claim #:    02-M4842                    Producer:    Peter Mortlock        Claims Made:    No

Client's Claim #:

                                              by:    Karen Cooper

If you have any instructions to give, please advise us promptly.

**PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE**

Signature:

Claim Number:

\\HSTNWFS2\SYS\Apps\USERS\Claims Shared\Horizon\Karen-Rensa\clm 02-M4842\Marine Loss Notice.doc-1    The information contained in this fax is confidential and/or privileged. This fax is intended to be reviewed initially by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.





*Aon Risk Services*
*Natural Resources Group*

1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-5840; Telefax: (832) 476-6510
Renee_Glidewell@ars.aon.com

| | |
|---|---|
| **Date:** | January 17, 2003 |
| **Fax Number:** | 713-268-8680<br>011-44-207-247-4488 |
| **Attention:** | Jack Molkentin (ref: 36451)<br>Mike Roberts (ref: LG0260741/001) |
| **Company:** | A. I. Marine Adjusters<br>JLT Risk Solutions Limited |
| **From:** | Renee Glidewell<br>Sr. Consultant |
| **Copies:** | Julie Bowen, Navigators (ref: LIA115037) 713-960-0870<br>Liberty Insurance Underwriters (ref: unknown) 212-208-4112<br>Liz Monroe, XL Marine & Offshore (ref: EX002266) 212-894-9242<br>William Gibbens, Horizon Offshore (cover only) 713-361-2693<br>Jim Montano, Aon (cover only) |
| **No. of Pages Sent:** | 16   *(Including this page)* |
| **Subject:** | Insured:   Horizon Offshore Contractors, Inc.<br>Claimant:  Long Island Power Authority (LIPA)<br>DOL:      November 16, 2002<br>Our Ref:   02-M4842 |

Attached for your file and review are various documents as received from the insured. Included is a copy of the demand for defense and indemnity from Iroquois Gas Transmission System, LP along with the insured's declination to them. For your reference, a copy of the insurance exhibit from the Iroquois contract is also attached. We also provide a copy of the insured's tender letter to Thales Geosolutions, Inc. requesting their soonest response with regard to defense and indemnity of Horizon.

Also included is correspondence from the claimant's attorney demanding securities for their claims be posted in the amount of $33.75 million by January 21, 2003. After your review, please response accordingly.

Should you have any questions or not receive all of the documents noted, please contact our office.

Regards,

*Renee Glidewell*

NOTE:  The information contained in this fax is confidential and/or privileged. This fax is intended *for the sole use* of the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, *distribution*, or copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.





*Aon Risk Services*
*Natural Resources Group*

1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6840; Telefax: (832) 476-6510
Renee_Glidewell@ars.aon.com

| | |
|---|---|
| **Date:** | December 12, 2002 |
| **Attention:** | Excess Claims |
| **Company:** | A. I. Marine Adjusters 713-268-8680 (ref: C1769)<br>Navigators Insurance Co. 713-960-0870 (ref: 02L1799-01)<br>Liberty Insurance Underwriters 212-208-4112 (ref: NY039204002)<br>XL Specialty 212-894-9242 (ref: PMEX847027) |
| **From:** | Renee Glidewell (for Karen Cooper)<br>Sr. Consultant |
| **Copies:** | Peter Mortlock, Aon (cover only)<br>Margie Goodall, Aon (cover only) |
| **No. of Pages Sent:** | 2 *(Including this page)* |
| **Subject:** | Assured: Horizon Offshore Contractors<br>Policy: ARS-3215<br>Effective: 04/09/02 – 05/01/03<br>Claimant: Long Island Power Authority<br>DOL: November 16, 2002<br>Our Ref: 02-M4642-C |

Please accept this as notice of an incident that could give rise to a claim under the captioned policy. It is reported that the anchor of the CalDive DSV "Mr. Sonny" became entangled in four (4) cables of the Long Island Power Authority. No injuries were reported. The extent of financial damage has not yet been determined. We shall, of course, forward additional information as it is available.

The incident has also been reported to A. I. Marine Adjusters on behalf of American Home Assurance Company. Jack Molkentin is handling the claim in AIMA's Houston office. The incident has also been reported to JLT Risk Solutions on behalf of AEGIS. Terry Cornick is handling the claim in their London office.

Please acknowledge your receipt of this notice and advise who in your respective offices will be handling this matter, along with your claim numbers. Should you have any questions, please feel free to call or e-mail.

Regards,

Renee Glidewell

NOTE: The information contained in this fax is confidential and/or privileged. This fax is intended for the sole use of the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, *distribution*, or copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

VIA FAX



## Aon Natural Resources
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6590

| REPORT OF LOSS ON: | Protection & Indemnity | DATE: | March 4, 2003 |
|---|---|---|---|

To:  **COMPANY**
Associated Electric & Gas Insurance
Services Limited (AEGIS), Hamilton,
Bermuda per Origin Limited, London, U.K,
c/o JLT Risk Solutions Limited
London, England, U.K.
Attn: Mr. Simon Dawes

**POLICY NO.**
ARS-3175

**INTEREST**
100%

Please accept notice of the following casualty which may result in a claim for:    Damage to Property

Name of the Assured:    Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception:  2/20/02        Date of Casualty:   2/27/03        Policy Expiration:   5/1/03

Insured Vessel:   GULF HORIZON                        Limit of Liability $   950,000 O. A. O.

Excess of: $   50,000        Deductible: $    N/A        AAD: $    N/A        Stop Loss: $    N/A

Place where casualty occurred:   Long Island Sound, NY

Nature of Casualty:    Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly

damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss $   (unknown)                            Excess $    N/A

Instructed:

Remarks:    Details of casualty and developments will be reported in due course.

Claim #:   03-M5058        Producer:   BJ                    Claims Made:    No

Client's Claim #:

                                    by:
                                        James I. Montano

*If you have any instructions to give, please advise us promptly.*

### PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE

Signature:

\\uclahou2k5\shared\BUSINESS UNITS\ANR\Claims\Claims Shared\Horizon\03-M5058.doc-1
The information contained in this fax is confidential and/or privileged. This fax is intended to be reviewed initially by only the individual named above. If the reader of this transmittal page is not the
intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination copying of this fax or the information contained herein is prohibited. If you have
received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.



**VIA FAX**

## REPORT OF LOSS ON:



**Aon Natural Resources**
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6592

**REPORT OF LOSS ON:** Excess P & I                               **DATE:** April 18, 2003

To: **COMPANY**
The Steamship Mutual
Underwriting Association (Bermuda) Ltd.
c/o JLT Risk Solutions Limited
Attn: Terry Cornick

**POLICY NO.**
ARS-3176

**INTEREST**
100.0%

Please accept notice of the following casualty which may result in a claim for: Damage to Property

Name of the Assured: Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception: 02/20/02  Date of Casualty: 2/27/03  Policy Expiration: 5/1/03

Insured Vessel: GULF HORIZON  Limit of Liability $ Per Rules

Excess of: $ 1,000,000  Deductible: $ 50,000  AAD: $ 15,000,000  Stop Loss: $ N/A

Place where casualty occurred: Long Island Sound, NY

Nature of Casualty: Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly

damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss $ 1,000,000  Excess $ 1,000,000

Assured have Instructed Lyons, Skoufalos, Proios & Flood, LLP to represent their interests.

Remarks: Our email message of 16 April 2003 refers.

Claim #: 03-M5058-X  Producer: BJ  Claims Made: No

Client's Claim #:

by:
James J. Montano

If you have any instructions to give, please advise us promptly.

**PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE**

Signature:

Claim Number:

X:\BUSINESS UNITS\ANR\Claims\Claims Shared\Horizon\Loss Notices\Amended 03-M5058-X.doc^1
The information contained in this fax is confidential and/or privileged. This fax is intended to be reviewed initially by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

𝓧

**VIA FAX**



**Aon Natural Resources**
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6582

| REPORT OF LOSS ON: | Excess Liabilities | | DATE: | May 21, 2003 |
|---|---|---|---|---|

| | | POLICY NO. | INTEREST |
|---|---|---|---|
| To: | **COMPANY** | | |
| | American Home Assurance Company | ARS-3177 | 100.0% |
| | via American International Marine Agency | | |
| | Attn: Jack Malkentin | | |

Please accept notice of the following casualty which may result in a claim for:   Damage to Property

Name of the Assured:   Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception:  02/20/02    Date of Casualty:  2/27/03    Policy Expiration:  5/1/03

Insured Vessel:  GULF HORIZON    Limit of Liability $  10,000,000

Excess of: $  1,000,000    Deductible: $  N/A    AAD: $  N/A    Stop Loss: $  N/A

Place where casualty occurred:   Long Island Sound, NY

Nature of Casualty:   Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly

damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss $   (unknown)

Assured have   Instructed   Lyons, Skoufalos, Proios & Flood, LLP to represent their interests.

Remarks:   Primary carrier AEGIS have posted policy limit reserve. Additional information to follow.

| Claim #:  03-M5058-X | Producer:  BJ | Claims Made:   No |
|---|---|---|

Client's Claim #: _____

by: _James I. Montano_

If you have any instructions to give, please advise us promptly.

**PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE**

Signature: _____

Claim Number: _____

\\ustxhou2k1\shared\BUSINESS UNITS\ANR\Claims\Claims Shared\Horizon\Loss Notices\03-M5058-X.doc-1
The information contained in this fax is confidential and/or privileged. This fax is intended to be reviewed initially by only the individual named above. If the reader of this transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination copying of this fax or the information contained herein is prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.



### Aon Natural Resources
1330 Post Oak Boulevard, Suite 900
Houston, Texas 77056
Telephone: (832) 476-6000; Telefax: (832) 476-6582

**REPORT OF LOSS ON:**   Excess Liabilities                    **DATE:**   July 16, 2003

| To: | **COMPANY** | **POLICY NO.** | **INTEREST** |
|---|---|---|---|
| | XL Specialty Insurance Company (PMEX857027) | ARS-3215 | 20.00% |
| | via Brockbank Insurance Services, Inc. | | 25.00% |
| | Liberty Insurance Underwriters (NY039204002) | | 26.43% |
| | American Home Assurance Company (C1769) | | |
| | via American International Marine Agency, Inc. | | |
| | Navigators Insurance Company (02L1799-01) | | 28.57% |
| | via Navigators Insurance Services of Texas, Inc. | | 100.00% |

Please accept notice of the following casualty which may result in a claim for;   Property Damage

Name of the Assured:   Horizon Offshore, Inc. and Horizon Offshore Contractors, et al.

Policy Inception:   04/09/02   Date of Casualty:   2/27/03   Policy Expiration:   5/1/03

Insured Vessel:   GULF HORIZON   Limit of Liability $   140,000,000

Excess of: $   10,000,000   Deductible: $   N/A   AAD: $   N/A   Stop Loss: $   N/A

Place where casualty occurred:   Long Island Sound, NY

Nature of Casualty:   Whilst performing pipelaying operations (pipe burial) the insured vessel's anchor cable parted and allegedly

damaged a sub-sea power cable owned by the New York Power Authority.

Estimated amount of entire loss   $   (Unknown)   Excess  $

The Assured   Instructed   attorneys Lyons, Skoufalos, Proios & Flood, to investigate. Additional information to follow.

Remarks:

Claim #:   03-MS058-XA   Producer:   BJ   Claims Made:   No

Client's Claim #:

by:   James I. Montano

If you have any instructions to give, please advise us promptly.

**PLEASE ACKNOWLEDGE RECEIPT BY SIGNING AND RETURNING A COPY OF THIS NOTICE**

Signature:

Claim Number:

\\ushou2k\shared\BUSINESS UNITS\ANR\Claims\Claims Shared\Horizon\Loss Notices\Amended 03-MS058-XA.doc~1
The information contained in this fax is confidential and/or privileged. This fax is intended to be reviewed oumally by only the individual named above. If the sender of this transmittal page is not the
intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination copying of this fax or the information contained herein is prohibited. If you have
received this fax in error, please immediately notify the sender by telephone and return this fax to the sender at the address above.

ARS-3175

*Aon Risk Services*

*Natural Resources
Group*

#### CONDITIONS:

The "Class 1 Rules - Protection and Indemnity" of the Steamship Mutual Underwriting Association (Bermuda) Limited (the "Rules") in effect at the attachment date are hereby incorporated into this certificate, insofar as they may be applicable, subject to the following amendments and exceptions. All references in the Rules to "the Club" shall be read as references to "AEGIS" and/or where the context permits, its agent; all references to "the Directors" shall be read as references to AEGIS; all references to "the Member" shall be read as references to the "Assured" or "Insured"; all references to "the Managers" shall be read as references to "ORIGIN"; and references to "entry" and "entered" shall be read as references to "insurance" and "Assured"; and the Rules shall be deemed amended accordingly.

The following Rules are hereby excluded from this Certificate: Rule numbers: 1, 3 to 9, 11 to 13, 15(ii), 16(iii) to (iv); 33, 34 and 36(ii). Any written notice of termination of cover shall only be effective no less than 15 days from receipt by the Assured. Further amendments or exclusions to the Rules are as specified below.

#### INSURED:

As declared.

#### LIMIT OF LIABILITY:

As declared.

#### DEDUCTIBLE:

As declared.

#### RISKS COVERED:

1)   Risks covered under "Class 1 Rules - Protection and Indemnity" of the Steamship Mutual Underwriting Association (Bermuda) Limited.

2)   Including risks otherwise excluded under Rule 17b (Specialist Operations), Rule 17c (Drilling Operations), Rule 17d (Diving Operations) and Rule 17e (Salvage Operations).

3)   Notwithstanding the inclusion of risks otherwise excluded by Rule 17d (Diving Operations), the cover afforded hereunder is limited to liabilities, costs and expenses incurred by the Insured arising out of diving operations performed by third party contractors; warranted the Insured shall obtain indemnity and defense indemnities from diving contractors for personal injuries to the diving contractor personnel.

ARS-3175

*Aon Risk Services*

*Natural Resources*
*Group*

4)  Notwithstanding the inclusion of risks otherwise excluded by Rule 17e (Salvage Operations), the cover afforded hereunder shall be limited to liabilities, costs and expenses associated with salvage operations incidental to activities associated with risks described under Rule 17b (Specialist Operations), Rule 17c (Drilling Operations) and Rule 17d (Diving Operations), and this insurance shall not cover liabilities, costs and expenses arising out of salvage operations as a professional salvor.

5)  Including coverage for Contractual Liabilities in respect of seamen for death, injury or illness and it is agreed to waive the requirement for approval of any crew agreements and other contracts of service or employment and contracts for services.

6)  Including coverage for liabilities assumed by the Insured not otherwise provided under Rule 25 xix (Towage) and its subparagraphs and it is agreed to waive the requirement for approval of the terms of any such contracts, but excluding amounts recoverable under Hull Risks insurance effected by the Insured.

7)  Including coverage for liabilities as provided under Rule 25 xx (Contract and Indemnities) and its subparagraphs and it is agreed to waive the requirement for approval of the terms of any such contracts.

8)  Including liabilities, costs and expenses in respect of wreck and debris removal whether liability be compulsory under law or assumed under contract, or whether voluntarily assumed where it is determined that the wreck or debris interferes with the operation of the Insured, but excluding amounts recoverable under Hull Risks insurance effected by the Insured.

9)  Including 4/4ths Collision Liability and damage to Fixed and Floating Objects, but excluding amounts recoverable under Hull Risks insurance effected by the Insured.

10) Subject otherwise to the terms, conditions and risks covered, including liabilities, costs and expenses for death, injury or illness in respect of any person performing work in connection with any offshore or maritime operation of the Insured, whether such person is an employee of the Insured or is engaged by the Insured under contract of services or for services, whether or not such operations are performed from a entered ship.

11) Subject otherwise to the terms, conditions and risks covered, including liabilities, costs and expenses incurred by the Insured in respect of the short term charter or hire of miscellaneous barges and tugs used in support of the operations of the entered Vessels/Units; including liabilities, costs and expenses for risks otherwise excluded by Rule 17(a) Hull Risks, subject such support craft are not bareboat chartered by the Insured and excepting craft rented or hired where the Insured has assumed a "first party" risk or the obligation to provide Hull Risks insurance.

ARS-3175

*Aon Risk Services*

*Natural Resources*
*Group*

## OTHER TERMS, CLAUSES AND CONDITIONS:

1.  **NON GUARANTEE CLAUSE**

    a)  This insurance is evidence only of a contract of indemnity insurance between the above named Insured and AEGIS and shall not be construed as evidence of any undertaking, financial or otherwise, on the part of AEGIS to any other party.

    b)  In the event that an Insured tenders this insurance as evidence of insurance under any applicable law relating to financial responsibility, or otherwise shows or offers it to any other party as evidence of insurance, such use of this insurance by the Insured is not to be taken as any indication that AEGIS thereby consents to act as guarantor or to be sued directly in any jurisdiction whatsoever. AEGIS does not so consent.

2.  **ADDITIONAL INSURED CLAUSE AND OTHER PROVISIONS**

    i.)  The Insured has privilege to name others as an additional insured for their respective rights and interests and/or waive any rights of recovery, but only to the extent as may be required under contract or agreement.

    ii.)  In connection with any person, firm or corporation included as an additional insured, the provisions of Rule 14ii and any other reference within the Rules purporting to limit coverage to any "Co-Insured" to that of the "Member" is deleted. It is further noted and agreed any person, firm, or corporation included as an additional insured has no obligation for payment of premium hereunder.

    iii.)  It is agreed that in respect of additional insured(s), the coverage provided hereunder shall be primary in respect of any coverage carried by said additional insured(s) but only to the extent as may be required by contract or agreement.

    iv.)  In the event of an Insured incurring liability to any other Insured, this insurance shall cover the Insured against whom claim is or may be made in the same manner as if separate policies had been issued to each Insured. Nothing contained herein shall operate to increase the limit of liability as set forth in this insurance.

    v.)  Such coverage as is afforded by this insurance shall not be denied solely on the basis that the claim or suit against the Insured is based upon an "in Rem" proceeding.

    vi.)  It is agreed that a claim against any person, firm or organization by an employee of the Insured on the "Borrowed Servant Doctrine" will, for the purpose of this insurance, be treated as a claim arising under this insurance, against the Insured

*Aon Risk Services*

**Amendatory Endorsement To Form CG 00 01 10 93**
**Marine Liability Insurance, Etc.**     *Natural Resources*
                                                          *Group*

The following amendments to form CG 00 01 10 93 shall apply:

SECTION I COVERAGE A 2. Exclusions are amended as follows:

Exclusion g. is deleted and replaced with the following:

> g. *"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "aircraft" or "auto" owned or operated by or rented or loaned to any insured. Use includes operation and "loading" and "unloading".*
>
> *This exclusion does not apply to:*
> i. *Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the Insured.*
>
> ii. *Liability assumed under "insured contract" for the ownership, maintenance or use of aircraft.*

It is a condition of this insurance that the Named Insured shall maintain Protection and Indemnity Insurance on watercraft in excess of 25' that the Named Insured operates or owns.

Exclusion j, item (4) is deleted. Furthermore, exclusions k., l., and m. shall not apply to "property damage" which arises in connection with operations, activities or the business of the Insured in their capacity as an energy or marine construction or service contractor. However, this insurance shall not apply to liability for "property damage" arising out of the failure of "your work" or "your product" to meet any warranty or representation by any Insured as to the level of performance, quality, fitness or durability or to perform their function or serve their purpose, to the extent that such liability is for the diminished value or utility of "your work" or "your product".

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS is amended as follows:

4. Other Insurance – the following Condition is added:

> f. *Notwithstanding a. and b. above, if the loss arises out of the ownership, maintenance, use or entrustment to others of any watercraft owned or operated by or rented or loaned or chartered by or to the Named Insured, this insurance shall only respond on the basis of difference in conditions with, and not excess of, any other insurance available to the Insured.*

The following Condition is added:

> 11. *In Rem*
>
> *Such coverage as is afforded by this insurance shall not be denied solely on the basis that the claim or suit against the Insured is based upon an "in Rem" proceeding.*

\\Hsinw/s1\sys\CLIENTS\Aon\Horizon Offshore\Policies\ARG-3177 - Liabilities Package\Policy.doc-28



Current Insurance Program Limits Graphic at
December 5, 2002
(Not to Scale)

Horizon Offshore Contractors, Inc.