# Attachment 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF HORIZON VESSELS, INC., AS OWNER, and HORIZON OFFSHORE CONTRACTORS, INC., HORIZON OFFSHORE, INC., and TEXAS OFFSHORE CONTRACTORS CORP., AS OWNERS, OPERATORS, OWNERS PRO HAC VICE, OF THE L/B GULF HORIZON, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY REGARDING THE INCIDENT OF FEBRUARY 27, 2003<br><br>Plaintiffs | § CIVIL ACTION<br>§<br>§ NO._____<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ (ADMIRALTY)<br>§ Rule 9(h) |

## PLAINTIFFS' VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

To the Honorable Judge of the United States District Court:

Horizon Vessels, Inc., as owner, and Horizon Offshore Contractors, Inc., Horizon Offshore, Inc., and Texas Offshore Contractors Corp., as owners, operators, owners pro hac vice, of the L/B GULF HORIZON, file this action for exoneration from or limitation of liability, civil and maritime, and allege upon information and belief as follows:

### JURISDICTION

1. This is an action for exoneration from or limitation of liability under the purview of 46 U.S.C. §§181, et seq. (the "Act") and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is also governed by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. This Honorable Court has jurisdiction over this action by virtue of the Act and by virtue of 28 U.S.C. §1333, as this is an action within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

IRO/AE 00401



## VENUE

2. The L/B GULF HORIZON has not been attached or arrested to answer for any claim with respect to which the Horizon Interests seek to limit liability through these proceedings. As of the date of filing of this action, the Horizon Interests have not been sued in any state or federal courts with respect to any such claim. As of the time this Complaint is filed, the L/B GULF HORIZON is at sea and is not located within any judicial district. Venue is therefore proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## PARTIES

3. At all material times, plaintiff Horizon Vessels, Inc., was and still is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in this judicial district. At all material times, Horizon Vessels, Inc. was and still is the sole record owner of the L/B GULF HORIZON.

4. At all material times, plaintiff Horizon Offshore Contractors, Inc. was and still is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in this judicial district, and was and still is an owner/operator/owner *pro hac vice* of the L/B GULF HORIZON.

5. At all material times, plaintiff Horizon Offshore, Inc. was and still is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in this judicial district, and was and still is an owner/operator/owner *pro hac vice* of the L/B GULF HORIZON.

6. At all material times, plaintiff Texas Offshore Contractors Corp. was and still is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in this judicial district, and was and still is an owner/operator/owner *pro hac vice* of the L/B GULF HORIZON.

IRO/AE 00402

7. Horizon Vessels, Inc., Horizon Offshore Contractors, Inc., Horizon Offshore, Inc., and Texas Offshore Contractors Corp. are sometimes hereafter collectively referred to as the "Horizon Interests."

## FACTS

8. The L/B GULF HORIZON, official number 514595, is a 4,325-gross-ton pipelay/bury barge, approximately 350 feet in length, 71 feet in breadth, and is engaged in the marine construction industry.

9. At all times during and prior to the voyage hereinafter described, the Horizon Interests exercised due diligence to make the L/B GULF HORIZON seaworthy in all respects and fit for its intended voyage. Furthermore, the L/B GULF HORIZON was in fact tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and fit for the voyage and service for which it was intended and engaged.

10. On February 27, 2003, at the request of Iroquois Gas Transmission Company, the L/B GULF HORIZON was working on a pipeline construction project in or near the East River and/or Long Island Sound.

11. At all times before and during the voyage and job in question, the L/B GULF HORIZON was working as directed by others.

12. On February 27, 2003, while engaged in that work, an anchor of the L/B GULF HORIZON allegedly snagged and ruptured an electric cable in or near the East River and/or Long Island Sound. It is not believed that the L/B GULF HORIZON sustained damage.

13. After the incident, the L/B GULF HORIZON completed its work and departed the East River and/or Long Island Sound area.

14. The aforementioned alleged incident and all alleged resulting damages therefrom were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of any of the Horizon Interests, or of the L/B GULF HORIZON, or of its master, officers or crewmembers, or of any other persons for whom the Horizon Interests might be responsible, or by any unseaworthiness of the L/B GULF HORIZON.

**IRO/AE 00403**

15. The aforesaid alleged incident and all of the alleged losses, damages, and/or injuries allegedly resulting therefrom, were done, occasioned and incurred without the privity or knowledge of the Horizon Interests.

16. As of the date of filing of this action, no written demands or claims have been asserted against the Horizon Interests. However, the Horizon Interests anticipate that the owner of the electric cable, as well as other persons or entities, may assert or attempt to assert claims or suits against them, alleging property damages, financial losses, and other damages, and/or the right to indemnity/contribution in connection with the aforesaid alleged incident. It is expected that these claims will exceed the value of the interest that the Horizon Interests held in the L/B GULF HORIZON and her pending freight.

17. The Horizon Interests aver that because the aforementioned alleged incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of the Horizon Interests, or of the L/B GULF HORIZON, its master, officers or crewmembers, or of any other persons for whom the Horizon Interests might be responsible, or by any unseaworthiness of the L/B GULF HORIZON, plaintiffs are entitled to and claim exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid alleged incident, as well as any and all claims related to the alleged incident that have yet to be asserted. The Horizon Interests allege that they have valid and complete defenses on the facts and on the law.

18. As attested to by the attached declaration of value, pursuant to 28 U.S.C. § 1746, the value of the L/B GULF HORIZON at the conclusion of the voyage during which the aforementioned alleged incident is alleged to have occurred was EIGHTEEN MILLION FIVE HUNDRED FIFTY AND NO/100 ($18,550,000) DOLLARS.

IRO/AE 00404

19. The pending freight of the L/B GULF HORIZON at the conclusion of the voyage during which the aforementioned alleged incident is alleged to have occurred was SEVEN HUNDRED SEVENTY THOUSAND AND NO/100 ($770,000) DOLLARS.

## CAUSES OF ACTION

20. The Horizon Interests aver that the suits and claims expected to be asserted against them relative to the alleged incident described above will seek amounts exceeding the value of their interest in the L/B GULF HORIZON and her freight pending at the conclusion of the voyage during which the aforementioned alleged incident allegedly took place.

21. As such, strictly in the alternative to their claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid alleged incident, or allegedly done, occasioned or incurred on the subject voyage, the Horizon Interests aver that if any or all of them should be held responsible to any parties by reason of any fault attributed to the L/B GULF HORIZON in connection with the alleged incident and voyage, then the Horizon Interests are entitled under 46 U.S.C. §§181, *et seq.*, and all laws supplementary thereto and amendatory thereof, and all other applicable laws and jurisprudence, to limit their liability to NINETEEN MILLION THREE HUNDRED TWENTY THOUSAND AND NO/100 ($19,320,000) DOLLARS, the value of their interest in the L/B GULF HORIZON and its pending freight as of the conclusion of the voyage.

22. The Horizon Interests reserve the right to set off and/or counterclaim against any claimant, the right to plead comparative fault against any claimant, and the right to file third-party actions for damages or for indemnity or contribution against all persons and entities who may be legally responsible for the alleged incident described herein.

5

**IRO/AE 00405**

23. The Horizon Interests have filed contemporaneously herewith a Letter of Undertaking, in appropriate form, as security for the amount or value of the combined total of the Horizon Interests' interest in the L/B GULF HORIZON and its pending freight, together with interest at the rate of six percent (6%) per annum from date of said Letter of Undertaking; and, in addition thereto, the Horizon Interests are prepared to give additional security for any amount in excess of the Letter of Undertaking as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

24. The Horizon Interests have not received any claims in writing relative to the alleged incident described herein. This Complaint is being filed by the Horizon Interests within six months from the date of the alleged incident. Because this Complaint is being filed less than six (6) months from the date of the alleged incident, the Complaint is filed timely.

25. All and singular, the premises are true and correct and within the Admiralty and Maritime jurisdiction of this Honorable Court.

WHEREFORE, the Horizon Interests pray:

A. That upon the filing of the Letter of Undertaking hereinabove described, this Court shall issue a monition and notice to all persons, firms or corporations asserting any claims for any and all alleged losses, damages or injuries with respect to which the Horizon Interests seek exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for the Horizon Interests a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the February 27, 2003 alleged incident;

B. That upon the filing of the Letter of Undertaking hereinabove described, the Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against the Horizon Interests, their employees, their liability insurers, or any of their

IRO/AE 00406

property, including but not limited to the L/B GULF HORIZON, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the February 27, 2003 alleged incident, or allegedly occurring during the subject voyage described in this Complaint;

C. That this Court enter an Order accepting and approving the Letter of Undertaking filed by the Horizon Interests in the amount of NINETEEN MILLION THREE HUNDRED TWENTY THOUSAND AND NO/100 ($19,320,000) DOLLARS;

D. That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the L/B GULF HORIZON and/or its pending freight, as alleged herein in the amount of the Letter of Undertaking as aforesaid, this Court shall cause due appraisement to be had of the value of the said vessel and its pending freight following the incident and of the value of the plaintiffs' interest therein, following which event this Court shall, if necessary, enter an Order for filing of an amended Letter of Undertaking or other appropriate security for the aggregate value, as so determined, of plaintiffs' interest in the said vessel and its pending freight;

E. That this Court adjudge that the Horizon Interests and the L/B GULF HORIZON are not liable to any extent whatsoever for any alleged losses, damages or injuries or for any claims therefore, in any way allegedly arising from or in consequence of the subject voyage, or in consequence of or in connection with the matters and happenings referred to in this Complaint;

F. Or, strictly in the alternative, if this Court should adjudge that any of the Horizon Interests are liable in any amounts whatsoever as a consequence of their relationship to and the fault of the L/B GULF HORIZON, that said liability be limited to NINETEEN MILLION THREE HUNDRED TWENTY THOUSAND AND NO/100 ($19,320,000) DOLLARS, the value of the interest that the Horizon Interests held in the L/B GULF HORIZON together with pending freight on February 27, 2003, said amount to be divided *pro rata* among such claimants; and that a judgment be entered discharging the Horizon Interests and the L/B GULF HORIZON

IRO/AE 00407

of and from any and all further liability, and forever enjoining and prohibiting the filing and prosecution of any claims against the Horizon Interests, their employees, their liability insurers, or any of their property, in any way arising from or in consequence of the subject voyage, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and,

G. That the Horizon Interests have such other and further relief as in law and justice they may be entitled to receive.

Respectfully submitted,

ADAMS and REESE LLP

*(signature)*

MICHAEL A. HAWASH
State Bar No. 00792061
Federal ID No. 56038
4400 One Houston Center
1221 McKinney
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

*Attorney-in-Charge for plaintiffs, Horizon Vessels, Inc., Horizon Offshore Contractors, Inc., Horizon Offshore, Inc., and Texas Offshore Contractors Corp.*

8

<u>VERIFICATION</u>

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, personally came and appeared William L. Arnold II who, being duly sworn deposed and said:

1. That he is over the age of 18 and is fully qualified to make this verification;

2. That he is the Director of Insurance and Risk Management for Horizon Offshore Contractors, Inc.

3. That he has read the above and foregoing Complaint and knows the contents thereof; and

4. That all allegations and facts contained therein are true and based on his own personal knowledge and that the sources of his information are documents of and communications with the corporation and/or its employees.

_____
WILLIAM L. ARNOLD II

SWORN TO AND SUBSCRIBED BEFORE ME on this 13th day of August, 2003.

_____
NOTARY PUBLIC, STATE OF TEXAS

PHYLLIS LAFLEUR
MY COMMISSION EXPIRES
September 24, 2003.

IRO/AE 00409

9

# ADAMS AND REESE LLP

Attorneys at Law
Baton Rouge
Birmingham
Houston
Jackson
Mobile
New Orleans
Washington, DC

01182
MC
RLG
JJP

August 20, 2003

**_VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED_**
_7002 2410 0000 2660 9465_

James H. Hohenstein, Esq.
Vincent J. Foley, Esq.
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007

RE:   In the Matter of Horizon Vessels, Inc., as owner, and Horizon Offshore Contractors, Inc., Horizon Offshore, Inc., and Texas Offshore Contractors Corp., as owners, operators, owners pro hac vice, of the L/B Gulf Horizon, praying for Exoneration from or Limitation of Liability Regarding the Incident of February 27, 2003
USDC, Southern District of Texas, Houston Division, H-03-3280
Our File No.: 5818-20

Dear Sirs:

On behalf of our clients, Horizon Vessels, Inc., Horizon Offshore Contractors, Inc., Horizon Offshore, Inc. and Texas Offshore Contractors Corp., we have filed an exoneration/limitation proceeding in connection with the alleged incident of February 27, 2003, which is more fully described in the complaint. In your capacity as counsel for New York Power Authority (NYPA) and Long Island Lighting Company (LIPA), and pursuant to Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, we are providing you with copies of the following exoneration/limitation pleadings that were filed on August 15, 2003 in the United States District Court for the Southern District of Texas, Houston Division:

1)   Plaintiffs' Verified Complaint for Exoneration from or Limitation of Liability;
2)   Declaration of Value Pursuant to 28 U.S.C. §1746;
3)   Letter of Undertaking;
4)   Notice of Claimants of Complaint for Exoneration From or Limitation of Liability;

**IRO/AE 00410**

Shell Square • 701 Poydras Street, Suite 4500 • New Orleans, Louisiana 70139 • (504) 581.3234 • Fax (504) 566.0210 • www.adamsandreese.com

*August 20, 2003*
*James H. Hohenstein, Esq.*
*Vincent J. Foley, Esq.*
*RE: In the Matter of Horizon Vessels, Inc., et al*
*Page 2 of 3*

    5)      Order Approving Plaintiffs' Declaration of Value Pursuant to 28 U.S.C. §1746, and Letter of Undertaking, Direction Issuance of Notice and Restraining Prosecution of Claims;
    6)      Motion to Enroll Charles A. Cerise, Jr. *Pro Hac Vice*; and
    7)      Motion to Enroll Edwin C. Laizer *Pro Hac Vice*

Please note that the "Order Approving Plaintiffs' Declaration of Value Pursuant to 28 U.S.C. §1746, and Letter of Undertaking, Directing Issuance of Notice and Restraining Prosecution of Claims" was signed by Magistrate Judge Johnson on August 18, 2003. November 12, 2003 has been set as the deadline for the filing of claims and answers in the exoneration/limitation proceeding, on penalty of default.

Also enclosed is a copy of the "Order for Conference and Disclosure of Interested Parties" that has been entered in this matter. You will note that Judge Lake has set an initial pre-trial and scheduling conference to be conducted on January 16, 2004 at 3:00 p.m. A joint discovery/case management plan is to be prepared and filed not less than ten (10) days before the conference.

Finally, enclosed is a copy of Judge Lake's court procedures. These are required to be served along with the enclosed pleadings and orders.

Should you have any questions, please do not hesitate to contact us. In the meantime, we remain

                     Very truly yours,

                     ADAMS AND REESE LLP

                     Edwin C. Laizer, APLC

ECL/wj
Enclosures

cc:    New York Power Authority (NYPA)
       Through its agent for process of service:
       Arthur T. Cambouris, Esq.
       123 Main Street
       White Plains, NY 10601
       *VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED #7002 2410 0000 2660 9489*

*August 20, 2003*
*James H. Hohenstein, Esq.*
*Vincent J. Foley, Esq.*
*RE: In the Matter of Horizon Vessels, Inc., et al*
*Page 3 of 3*

✓ Long Island Lighting Company
Through its agent for process of service:
New York Department of State
Division of Corporations, State Records, and Uniform Commercial Code
41 State Street
Albany, NY 12231-0001
*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED #7002 2410 0000 2660 9533*

✓ Long Island Lighting Company
Attn: Secretary, Suite 403
333 Earle Ovington Blvd.
Uniondale, New York 11553
*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED #7002 2410 0000 2660 9496*

IRO/AE 00412

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 1 6 2003
Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN THE MATTER OF HORIZON VESSELS, INC., AS OWNER, and HORIZON OFFSHORE CONTRACTORS, INC., HORIZON OFFSHORE, INC., and TEXAS OFFSHORE CONTRACTORS CORP., AS OWNERS, OPERATORS, OWNERS PRO HAC VICE, OF THE L/B GULF HORIZON, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY REGARDING THE INCIDENT OF FEBRUARY 27, 2003 | § § § § § § § § § § § § § | CIVIL ACTION<br><br>NO. H-03-3280<br><br><br><br><br><br><br><br>(ADMIRALTY) |
| Plaintiffs | § | Rule 9(h) |

## PLAINTIFFS' VERIFIED AMENDED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

To the Honorable Judge of the United States District Court:

Upon representing: (1) that to date, no pleadings have been filed in response to "Plaintiffs' Verified Amended Complaint for Exoneration From or Limitation of Liability" (the "Original Complaint"), which was filed on August 15, 2003; (2) that the Original Complaint has not previously been amended; and (3) that plaintiffs wish to correct certain allegations contained in paragraphs 12, 16 and 24 of the Original Complaint; plaintiffs Horizon Vessels, Inc., as owner, and Horizon Offshore Contractors, Inc., Horizon Offshore, Inc., and Texas Offshore Contractors Corp., as owners, operators, owners pro hac vice, of the L/B GULF HORIZON (the "Horizon Interests"), pursuant to Rules 15(a) and 15 (c) of the Federal Rules of Civil Procedure,

IRO/AE 00413

hereby amend the Original Complaint as follows:

1.

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Horizon Interests adopt by reference the allegations of the preamble, paragraphs 1-11, paragraphs 13-15, paragraphs 17-23, paragraph 25, and the prayer of the Original Complaint in their entirety.

2.

The allegations of Paragraph 12 of the Original Complaint are amended to read as follows:

12.

On February 27, 2003, while engaged in that work, an anchor of the L/B GULF HORIZON allegedly snagged and damaged an electric cable in or near the East River and/or Long Island Sound. It is not believed that the L/B GULF HORIZON sustained damage.

3.

The allegations of Paragraph 16 of the Original Complaint are amended to read as follows:

16.

By virtue of a letter dated March 13, 2003, Iroquois Gas Transmission System, LP and Iroquois Pipeline Operating Company Limited made written demand upon the Horizon Interests for defense and indemnity with respect to the aforesaid alleged incident. By virtue of a letter dated March 25, 2003, the New York Power Authority and the Long Island Power Authority made written demand upon the Horizon Interests for damages with respect to the aforesaid alleged incident. Additionally, the Horizon Interests anticipate that other persons or entities may assert or attempt to assert claims or suits against them, alleging property damages, financial losses, and/or the right to

2

indemnity/contribution in connection with the aforesaid alleged incident. It is expected that the claims already asserted, and those which may be asserted, will exceed the value of the interest that the Horizon Interests held in the L/B GULF HORIZON and her pending freight.

4.

The allegations of Paragraph 24 of the Original Complaint are amended to read as follows:

24.

Except as noted in Paragraph 16 above, the Horizon Interests have not received any other claims in writing relative to the alleged incident described herein. This Complaint is being filed by the Horizon Interests less than six (6) months after receipt of the first claim in writing and less than six (6) months from the date of the alleged incident. Accordingly, the Complaint is filed timely.

WHEREFORE, the Horizon Interests pray:

A. That plaintiffs' Original Complaint and this, the "Plaintiffs' Verified Amended Complaint for Exoneration From or Limitation of Liability," ("Amended Complaint") be deemed good and sufficient;

B. That this Court adjudge that the Horizon Interests and the L/B GULF HORIZON are not liable to any extent whatsoever for any alleged losses, damages or injuries or for any claims therefore, in any way allegedly arising from or in consequence of the subject voyage, or in consequence of or in connection with the matters and happenings referred to in the Original Complaint and this Amended Complaint;

C. Or, strictly in the alternative, if this Court should adjudge that any of the Horizon Interests are liable in any amounts whatsoever as a consequence of their relationship to and the fault of the L/B GULF HORIZON, that said liability be limited to NINETEEN MILLION THREE HUNDRED TWENTY THOUSAND AND NO/100 ($19,320,000) DOLLARS, the

3.

IRO/AE 00415

## VERIFICATION

STATE OF TEXAS  §
                §
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, personally came and appeared William L. Arnold II who, being duly sworn deposed and said:

1. That he is over the age of 18 and is fully qualified to make this verification;

2. That he is the Director of Insurance and Risk Management for Horizon Offshore Contractors, Inc.

3. That he has read the above and foregoing Amended Complaint and knows the contents thereof; and

4. That all allegations and facts contained therein are true and based on his own personal knowledge and that the sources of his information are documents of and communications with the corporation and/or its employees.

_/s/ William L. Arnold II_
WILLIAM L. ARNOLD II

SWORN TO AND SUBSCRIBED BEFORE ME on this 15th day of September, 2003.

_/s/ Phyllis LaFleur_
NOTARY PUBLIC, STATE OF TEXAS

PHYLLIS LAFLEUR
MY COMMISSION EXPIRES
September 24, 2003

5

IRO/AE 00416

*August 20, 2003*
*James H. Hohenstein, Esq.*
*Vincent J. Foley, Esq.*
*RE: In the Matter of Horizon Vessels, Inc., et al*
*Page 3 of 3*

✓ Long Island Lighting Company
Through its agent for process of service:
New York Department of State
Division of Corporations, State Records, and Uniform Commercial Code
41 State Street
Albany, NY  12231-0001
*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED #7002 2410 0000 2660 9533*

✓ Long Island Lighting Company
Attn: Secretary, Suite 403
333 Earle Ovington Blvd.
Uniondale, New York 11553
*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED #7002 2410 0000 2660 9496*

IRO/AE 00417