DONOVAN PARRY McDERMOTT & RADZIK
Edward C. Radzik (ER-2473)
Carolyn Elizabeth Meers (CM-1464)
Attorneys for Defendants, Lloyd's Underwriters
Wall Street Plaza
88 Pine Street - 21st Floor
New York, NY 10005-1801
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IROQUOIS GAS TRANSMISSION                    **ECF CASE**
SYSTEM L.P.,

                          Plaintiff,          05 CV 2149 (JSR)

          - against -

ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LTD.,
Hamilton, Bermuda; CERTAIN
UNDERWRITERS AT LLOYD'S; AON
RISK SERVICES OF TEXAS, INC.; and
AMERICAN HOME ASSURANCE CO.,

                          Defendants.
------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS, LLOYD'S UNDERWRITERS', MOTION FOR
SUMMARY JUDGMENT FOR LACK OF NOTICE**

## Table of Contents

Preliminary Statement .................................................... 1

Statement of Facts ...................................................... 1

Argument ............................................................... 3

I.    The Formation of the Construction Contract *is* the Event Giving Rise to Iroquois' Cause of Action Against Lloyd's ........................ 3

II.   The Additional Insured Cases Cited By Iroquois Are Incongruent ............ 4

III.  New York and Federal Choice of Law Principles Do Not Follow the Interest Analysis Applied in Some Other Jurisdictions .................. 5

IV.  Coverage With Respect to Iroquois is Geographically Limited to New York ........................................................... 7

V.   The Contacts of Non-Parties Cannot Affect Choice of Law .................... 7

VI.  Texas Law Does Not Require Hull Insurers to Show Prejudice ............... 8

VII.  Iroquois' Involvement in the Limitation Action is Prejudicial to Lloyd's Underwriters ................................................. 8

VIII. There Are no Material Issues of Fact: Iroquois Failed to Satisfy the Notice Requirement ........................................... 9

IX.  Iroquois Has No Excuse ............................................... 9

Conclusion ........................................................... 10

i

## Table of Authorities

### Federal Cases

*Advani Enters., Inc. v. Underwriters at Lloyd's*, 345 F.3d 157 (2d Cir. 1998) . . . . . . . . . . . 3,4,6

*AGIP Petroleum Co., Inc. v. Gulf Island Fabrication Inc.*, 920 F. Supp. 1318
    (S.D.Tx. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . 5

*American Gulf VII, Inc. v. Otto Candies, Inc.*, 1997 U.S. Dist. LEXIS 13414
    (E.D.La. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*American Gulf VII, Inc. v. Otto Candies, Inc.*, 1997 U.S. Dist. LEXIS 20224
    (E.D.La. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Am. S.S. Owners Mut. Protection & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, 2005
    AMC 1498 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Assicurazioni Generali, SpA v. Pipe Line Valve Specialties Co.*, 935 F. Supp.
    879 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Baza v. Chevron Oil Serv. Co.*, 972 F. Supp. 375 (E.D.La. 1996) . . . . . . . . . . . . . . . . . 5

*Comm'l Union Ins. Co. v. Horne*, 787 F. Supp. 337 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . 7

*Crocker v. Nat'l Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2806
    (W.D.Tx. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Crosson v. N.V. Stoomvaart Mij "Nederland"*, 409 F.2d 865 (2d Cir. 1969) . . . . . . . . . . 4

*Clayton Williams Energy, Inc. v. Nat'l Union Fire Ins. Co.*, 2004 U.S. Dist.
    LEXIS 22094 (E.D.La. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Genny Indus. Corp. v. Alliance General Ins. Co.*, 190 F. Supp. 2d 915
    (N.D.Tx. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Int'l Multifoods Corp. v. Commercial Union Ins., Co.*, 98 F. Supp. 2d 498
    (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 7

*Nat'l Union Fire Ins. Co. v. Travelers Indem. Co.*, 210 F. Supp. 2d 479
    (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ridglea Estate Condo Assoc. v. Lexington Ins. Co.*, 2005 WL
    1899375 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Royal Ins. Co. of Am. v. Deep Sea Int'l*, 2004 U.S. Dist. LEXIS 5948
    (S.D.N.Y. Mar. 15, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**State Cases**

*Kimble v. Aetna Cas. and Sur. Co.*, 767 S.W.2d 846 (Tex. Ct. App. 1989) . . . . . . . . . . . . . . . 8

*Lennar Corp. v. Great Am. Ins. Co.*, 2005 Tex. App. LEXIS 4214
    (Tex. Ct. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2 (Tex. Civ. App. 1979) . . . . . . . . . . . . . . . . . . . . 8

**Preliminary Statement**

Defendants, Underwriters at Lloyd's and Certain Insurers subscribing to policy number LE0280715 ("Lloyd's Underwriters"; the "Lloyd's Policy"), submit this Reply Memorandum of Law in support of its Motion for Summary Judgment for Lack of Notice dated August 26, 2005. Iroquois has failed to raise any material issues of fact to preclude entry of summary judgment in favor of Lloyd's Underwriters. Thus, Lloyd's Underwriters' Motion for Summary Judgment should be granted and Iroquois' claims against Lloyd's Underwriters' should be dismissed.

**Statement of Facts**

The facts of this case were fully stated in Lloyd's Underwriters' Rule 56.1 Statement of Material Facts, dated August 26, 2005; Lloyd's Underwriters' Response to Iroquois' Rule 56.1 Statement, dated September 9, 2005; Affidavit of Edward C. Radzik, dated August 26, 2005 and Exhibits "A" through "FF"; and in all other documents and memoranda submitted by Lloyd's Underwriters in this Action. Notwithstanding, some of the facts alleged in Iroquois' Memorandum of Law in Opposition to Defendants Lloyd's Underwriters' Motion for Summary Judgment, dated September 9, 2005 ("Iroquois Opposition"), are misleading and require clarification.

Iroquois states that AON "advised Iroquois that it had notified 'all appropriate insurers'" of this Incident. Iroquois' Opp., p.3. However, AON never stated that the notices were made on behalf of Iroquois. Montano Depo., Ex. 38, attached to Iroquois' Ex. 2. Further, AON advised Iroquois to have its own insurance department and brokers independently review Iroquois' potential coverage under Horizon's policies. *See id.* Thus, Iroquois had no basis to rely upon AON's statement without making its own independent coverage evaluation. Regardless, the fact that Iroquois undertook to independently notify Horizon's insurers, as Iroquois specifically

admits, illustrates that Iroquois did not rely on AON to provide notice for Iroquois. Iroquois' R. 56.1 Resp., ¶ 83.

Similarly, Iroquois' statement that McGriff "told [Iroquois] that [its] claim had already been reported," is misleading. McGriff may have stated that AON notified Lloyd's Underwriters of the Incident, however, no statement was made that such notice was made on behalf of Iroquois. Further, the "Report of Loss" provided to Iroquois by McGriff made no reference to Iroquois. Radzik Aff., Ex. "J", containing Ex. 26 marked at Wieler Depo. Thus, Iroquois had no reason to believe that its independent notice obligation had been satisfied.

Iroquois' statement that "[t]he only way to 'notify' Lloyd's is to transmit a message to Aon, who then transmits the message to JLT Risk Solutions (a London broker), who then carries the notice to Lloyd's by hand," is wholly unsupported. Iroquois Opp., p. 4. Notwithstanding, Iroquois did not attempt to use this chain of communication, or any other, as it never sent notice to Lloyd's Underwriters c/o AON, JLT, or otherwise. Iroquois' statement that it "instructed Aon to provide notice to Lloyd's" is unsupported and false.[1]

Finally, Iroquois argues that a letter, dated October 25, 2005 (Iroquois' Exhibit 23) that Iroquois' attorneys sent to AON, constitutes notice to Lloyd's because it was later transmitted to Lloyd's by JLT. This argument is surprising given that the referenced letter makes absolutely no mention of Lloyd's Underwriters. This document does not establish notice to Lloyd's on behalf of Iroquois.

Notwithstanding the spin that Iroquois has placed on the above facts, none of the disputed facts are relevant. Even if the asserted facts could establish that notice was made on Iroquois' behalf, it is undisputed that notice of any kind was not transmitted to Lloyd's Underwriters until

---

[1] The May 17, 2004 "Report of Loss" sent by AON to JLT was sent at the request of one of Horizon's other insurers. Iroquois' Ex. 2 and 15, p. A 0084. This request cannot be imputed to Iroquois.

May 17, 2004, nearly fifteen (15) months after the incident.   This fact alone is sufficient to support summary judgment in favor of Lloyd's Underwriters.

**Argument**

### I.   The Formation of the Construction Contract *is* the Event Giving Rise to Iroquois' Cause of Action Against Lloyd's

Iroquois' attempts to undermine Lloyd's Underwriters' choice of law analysis by citing a surplus of cases fails because not a single case cited by Iroquois invalidates Lloyd's Underwriters' position.

Iroquois relies heavily on language in the case of *Advani Enters., Inc. v. Underwriters at Lloyd's*, 345 F.3d 157 (2d Cir. 1998), to support its contention that the Construction Contract has no bearing on the choice of law analysis. Iroquois' Opp., pp. 7-8. In particular, Iroquois argues that the Court's focus in determining the applicable law must be "the transaction [giving rise to the cause of action]." Iroquois' Opp., p. 7. Thus, according to Iroquois, the Court's analysis is limited the to the circumstances surrounding the issuance of the Lloyd's Policy. Iroquois' Opp., p. 8. This argument however ignores the fact that the Construction Contract *is* the transaction giving rise to Iroquois' cause of action. Iroquois is not listed as an additional insured on the Lloyd's Policy, or in an endorsement to the Lloyd's Policy. Thus, if the Construction Contract did not include the Hull and Machinery requirement, Iroquois would have no claim. Nothing in *Advani* precludes the Court from taking into consideration the document forming the basis of Iroquois' claim, i.e. the Construction Contract. Conversely, *Advani* mandates that the Construction Contract be the focus of the analysis, because it is the transaction giving rise to the claim.

Contrary to Iroquois' cavalier assumption, *Advani* does not "focus on the location of the named insured and the place where the policy was negotiated, issued, and delivered to the

3

insured". Iroquois' Opp., p. 10. In *Advani*, the Court relied predominately on the English choice of law clause in the policy and ignored the location of the primary insured. *Advani Enters., Inc. v. Underwriters at Lloyd's*, 345 F.3d 157, 162 (2d Cir. 1998). Other cases cited by Iroquois to support this proposition, only address choice of law in a very cursory matter and do not limit the scope to the extent asserted by Iroquois. *See e.g.*, *Crosson v. N.V. Stoomvaart Mij "Nederland"*, 409 F.2d 865 (2d Cir. 1969)(*Crosson* Court made no choice of law analysis); *Am. S.S. Owners Mut. Protection & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, 2005 AMC 1498 (S.D.N.Y. 2005)(minimal choice of law analysis in asbestos claimant case). Similarly, Iroquois cites *Royal Ins. Co. of Am. v. Deep Sea Int'l*, 2004 U.S. Dist. LEXIS 5948 (S.D.N.Y. Mar. 15, 2004) for the proposition that a choice of law analysis is limited to the policy and its underwriting. Iroquois' Opp., p. 8. However, the language quoted by Iroquois pertains to only one factor of the Court's analysis. *Royal Ins.*, 2004 U.S. Dist. LEXIS 5948 at *16-7. Furthermore, Royal asserted that New York law was applicable and no adverse party contended otherwise. *Id.* Thus, Iroquois' reliance is both misplaced and misleading. The typical choice of law analysis focuses on five (5) factors. *Advani*, 345 F. 3d at 162. Nothing cited by Iroquois precludes the Court from looking outside of the policy for the contacts giving rise to the policy being extended to an additional insured, here Iroquois, by way of the Construction Contract.

## II.    The Additional Insured Cases Cited By Iroquois Are Incongruent

The most significant distinction between this case, and many of the cases cited by Iroquois, is that a determination of coverage in this case requires the parties, and the Court, to look outside the policy. Iroquois argues that courts analyzing coverage for additional insureds do not consider the contracts between additional insureds and primary insureds when determining what state's law to apply. Iroquois' Opp., pp. 12-4. This argument ignores one

4

major distinction between this case and the cases cited. In the cases cited, the additional insured was specifically named either in the policy or by endorsement. *See e.g., Int'l Multifoods Corp. v. Commercial Union Ins., Co.*, 98 F. Supp. 2d 498 (S.D.N.Y. 2000)(additional insured added by policy endorsement); *American Gulf VII, Inc. v. Otto Candies, Inc.*, 1997 U.S. Dist. LEXIS 20224 (E.D.La. 1997)(additional assured named in policy and primary assured was a party); *American Gulf VII, Inc. v. Otto Candies, Inc.*, 1997 U.S. Dist. LEXIS 13414 (E.D.La. 1997)(application of Louisiana choice of law rules); *Clayton Williams Energy, Inc. v. Nat'l Union Fire Ins. Co.*, 2004 U.S. Dist. LEXIS 22094 (E.D.La. 2004)(additional insured named in policy, and primary insured party to action); *Baza v. Chevron Oil Serv. Co.*, 972 F. Supp. 375 (E.D.La. 1996)(additional insured named in policy and both insureds were parties to the action).[2] Thus, in the cited cases the Court did not have to look outside the four corners of the policy to determine coverage. Here, because Iroquois is not named in the Lloyd's Policy, the Court must look outside the Policy to the Construction Contract. The Construction Contract is highly relevant to this Courts choice of law analysis, because without it, Iroquois would have no basis for its claim.

**III.  New York and Federal Choice of Law Principles Do Not Follow the Interest Analysis Applied in Some Other Jurisdictions**

Some courts, including the Fifth Circuit, apply an interest analysis when reviewing choice of law, for or example, *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882 (5th Cir. 1991),

---

[2]      Once case cited by Iroquois that does not involve a named additional insured, *AGIP Petroleum Co., Inc. v. Gulf Island Fabrication Inc.*, 920 F. Supp. 1318 (S.D.Tx. 1996), however, still fails to upset Lloyd's Underwriters' position. Iroquois' reliance on *AGIP* is misplaced. Iroquois asserts that one of the parties in *AGIP* argued that the subject matter of a construction contract should be considered when determining choice of law and that the Court rejected the argument. Iroquois' Opp., p. 15. However, nothing in *AGIP* supports this statement. Lloyd's argument in this case was not raised in *AGIP*. This court is not precluded from considering an argument in this case merely because it was not raised in another similar case. Further, choice of law in *AGIP*, contrary to Iroquois' contention, was ultimately determined by the choice of law clause contained in that policy. *AGIP*, 920 F. Supp. at 1324. Finally, the *AGIP* Court applied the interest choice of law analysis, which is not applicable in this case. *AGIP* does not support Iroquois' argument.

cited by Iroquois. Iroquois' Opp., p. 9. However, because this Circuit has not adopted that approach, the interest analysis is inapplicable. Iroquois' suggestion that the *Albany* interest analysis embodies the rationale in *Advani* is unsupported. Iroquois' Opp., p. 9. Even if an interest approach were applicable, it would favor application of New York law under the present circumstances.

Texas has no interest in protecting a foreign corporation such as Iroquois from the notice requirement of a policy issued by a foreign insurance company such as Lloyd's. Iroquois' attempt to argue that Texas' police power somehow changes this fact is unsupported. Iroquois' Opp., p. 9. The policy specifically states that it is not regulated by any of the United States. Radzik Aff., Ex. "F" ("U.S. Classification: Non Regulated"). Iroquois' argument that Texas has asserted its police power to regulate "late notice" provisions is not persuasive. It is irrelevant to the interpretation of a Hull and Machinery policy that the Texas Insurance Board has enacted a prejudice requirement for late notice of commercial general liability (CGL) and automobile policies governed by Texas law. The Lloyd's Policy is neither governed by Texas law, nor is it a CGL or auto policy. Additionally, the Texas Insurance Code provision cited by Iroquois is a choice of law statute not applicable in this Court's analysis.[3] Iroquois' Opp., p. 9. Texas has no interest in this policy as it applies to Iroquois, nor any control over its contents.

New York arguably does not have much interest in protecting a foreign insurance company from prejudice resulting from late notice. However, New York does have an interest in ensuring the proper enforcement of contracts executed for the sole purpose of work to be performed within its boundaries. Thus, if any state has an interest in the outcome of this dispute, it is New York.

---

[3]    *See also*, Lloyd's Underwriters' Opposition Memorandum, p. 7.

**IV.    Coverage With Respect to Iroquois is Geographically Limited to New York**

Iroquois cites *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145 (2d Cir. 2003) and *Comm'l Union Ins. Co. v. Horne*, 787 F. Supp. 337 (S.D.N.Y. 1992) for the proposition that if the location of the insured property is relevant to the choice of law analysis, Texas law should apply. Iroquois ignores however, that coverage as to Iroquois is limited to the Eastchester Extension project. Thus, the primary location of the insured vessel is New York. The geographical extent of coverage afforded to Horizon under the Lloyd's Policy and Horizon's "home base" of the vessel is irrelevant. The "home base" of the GULF HORIZON during the Eastchester Extension project was New York. This factor weighs in favor of application of New York law.

**V.    The Contacts of Non-Parties Cannot Affect Choice of Law**

Iroquois argues that New York law cannot apply to Iroquois' claim because a claim brought by Horizon would be governed by Texas law. Iroquois' Opp., p. 16. This argument is unsupported and not persuasive. Horizon is not a party to this action; thus, this Court is not in a position to determine what law would apply to Horizon if it were to make a claim under the policy. Further, it is not appropriate for the Court to consider the interests or contacts of non-parties when determining choice of law. *See Nat'l Union Fire Ins. Co. v. Travelers Indem. Co.*, 210 F. Supp. 2d 479 (S.D.N.Y. 2002). This Court must focus on the claim before it. Iroquois is the party seeking coverage and Iroquois' claim only arises via the Construction Contract, which extends coverage to Iroquois for purposes of the Eastchester Extension project only and contains a New York forum selection clause. Thus, New York law must govern its application.

## VI.     Texas Law Does Not Require Hull Insurers to Show Prejudice

Not a single case in Texas, cited by Iroquois or otherwise, has held that the prejudice requirement is applicable to every type of insurance policy under Texas law.[4]  The cases cited by Iroquois involve only commercial general liability (CGL) or auto policies, which fall under the mandate of the Texas Insurance Board, and are thus, unpersuasive.  *See e.g., Crocker v. Nat'l Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 2806 (W.D.Tx. 2005)(prejudice required for general liability policy); *Kimble v. Aetna Cas. and Sur. Co.*, 767 S.W.2d 846 (Tex. Ct. App. 1989)(prejudice required for general liability insurance); *Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2 (Tex. Civ. App. 1979)(auto endorsement requiring prejudice not applicable as policy pre-dated applicability); *Lennar Corp. v. Great Am. Ins. Co.*, 2005 Tex. App. LEXIS 4214 (Tex. Ct. App. 2005)(prejudice required for general liability insurer to succeed on late notice defense). Since none of these cases concern a marine policy or policies other than CGL or auto, it cannot be conclusively held that prejudice is required for all insurers to succeed in a defense of late notice under Texas law.

## VII.     Iroquois' Involvement in the Limitation Action is Prejudicial to Lloyd's Underwriters

Regardless of what law applies, Iroquois' involvement in the Texas Limitation action is palpably prejudicial to Lloyd's Underwriters.  The prejudice suffered by Lloyd's Underwriters is highlighted by the relief sought in Iroquois' improper motion for summary judgment filed in this Action.  Iroquois seeks indemnity for costs incurred in its participation in the Texas Limitation Action.  However, as fully discussed in Lloyd's Opposition to Iroquois' Motion, the clause

---

[4]     *See Ridglea Estate Condo Assoc. v. Lexington Ins. Co.*, 2005 WL 1899375, n. 4 (5th Cir. 2005)("We do not read *Hernandez* as necessarily creating a prejudice requirement for all insurance policies issued in Texas"); *Genny Indus. Corp. v. Alliance General Ins. Co.*, 190 F. Supp. 2d 915, 921 (N.D.Tx. 1998)("There is no prejudice requirement under Texas law with respect to coverage for advertising injury"); *Assicurazioni Generali, SpA v. Pipe Line Valve Specialties Co.*, 935 F. Supp. 879 (1996)(Texas insurance statutes must be enforced as written and are therefore are inapplicable to surplus lines insurers).

8

pursuant to which Iroquois makes this claim (clause "b") mandates written permission from Underwriters, which Iroquois indisputably did not obtain. Further, coverage under clause "b" is limited to parties seeking to defend or limit the vessels' liability. Iroquois' failures to provide notice or seek written consent to participate have created a situation whereby Lloyd's Underwriters are exposed to claims by two different insureds (Iroquois and Horizon) that are seeking to establish the other's fault in the same proceeding. Undoubtedly, had Lloyd's Underwriters been consulted and notified at an earlier date, they would not have allowed Iroquois and Horizon to square off against one another in the Texas Limitation Action, both incurring substantial attorneys fees, and then seeking to recover from Lloyd's for their respective costs. Lloyd's was foreclosed from early involvement necessary to resolve this conflict.

## VIII.   There Are no Material Issues of Fact: Iroquois Failed to Satisfy the Notice Requirement

Iroquois' argument that it did provide notice to Lloyd's Underwriters is superfluous. Even if, Horizon's notice to Underwriters or Iroquois' defense demand sent to AON could be considered notice on behalf of Iroquois, both "notices" were untimely as a matter of law. Horizon's notice was not sent until fifteen (15) months after the Incident, and Iroquois' demand was sent to AON twenty (20) months after the Incident. Thus, while it is still Lloyd's position that Iroquois never gave notice, even if it did, it was late.

## IX.   Iroquois Has No Excuse

One fact alone precludes Iroquois from arguing that its delay, or failure, to provide notice was excusable. That fact is, that Iroquois admits that it never reviewed the insurance requirements of its own Construction Contract, which specifically called for Hull and Machinery coverage to include collision liability, to determine which of Horizon's insurers to notify. Iroquois' Resp. R. 56.1, No. 86. It is unreasonable as a matter of law that Iroquois entered into a

9

contract with Horizon, which required Horizon to obtain a certain type of coverage, for Iroquois to argue that it did not know that such coverage existed. Iroquois is a sophisticated corporation. *See* http://www.iroquois.com/new-Internet/igts/index.asp. It is inexcusable for a party such as Iroquois to blame others for not telling them that the Lloyd's Policy potentially covered its losses when the information was contained in a construction contract containing standard insurance requirements mandated by Iroquois in all of its contracts. Radzik Aff., Ex. "BB", p. 25. Iroquois was careless and failed to exercise even minimal due diligence and thus has no excuse for its failure to notify Lloyd's of the Incident. Iroquois' argument that it was not aware of coverage is disingenuous and inexcusable.

## <u>Conclusion</u>

For the reasons set forth herein and in Lloyd's Underwriters' Motion for Summary Judgment, Lloyd's Underwriters' Motion should be granted and Iroquois claims against Lloyd's should be dismissed for failure to comply with the Lloyd's Policy notice requirement.

Dated:        New York, New York
                 September 16, 2005

                                DONOVAN PARRY McDERMOTT & RADZIK
                                Attorney for Defendants, Lloyd's Underwriters

                        BY:     _Edward C. Radzik_
                                EDWARD C. RADZIK (ER-2473)
                                CAROLYN ELIZABETH MEERS (CM-1464)
                                Wall Street Plaza
                                88 Pine Street – 21ST Floor
                                New York, New York  10005-1801
                                (212) 376-6400

10

TO:    Richard V. Singleton, Esq.
John C. Koster, Esq.
David Jensen, Esq.
HEALY & BAILLIE, LLP
*Attorneys for IROQUOIS GAS TRANSMISSION
  SYSTEM L.P.*
61 Broadway, 32nd Floor
New York, New York, 10006

John P. Vayda, Esq.
NOURSE & BOWLES, LLP
*Attorneys for ASSOCIATED ELECTRIC & GAS
  INSURANCE SERVICES LTD.*
One Exchange Plaza
55 Broadway – 30th Floor
New York, New York  10006-3030

Rodney M. Zerbe, Esq.
James Tolan, Esq.
Dechert LLP
*Attorneys for AON RISK SERVICES
  OF TEXAS, INC.*
30 Rockefeller Plaza – Room 2305
New York, New York  10112

Charles E. Schmidt, Esq.
KENNEDY LILLIS SCHMIDT & ENGLISH
*Attorneys for AMERICAN HOME
  ASSURANCE COMPANY*
75 Maiden Lane
New York, New York  10038