NOURSE & BOWLES, LLP
Attorneys for Defendant
ASSOCIATED ELECTRIC &
GAS INSURANCE SERVICES LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IROQUOIS GAS TRANSMISSION SYSTEM L.P.,       :

                Plaintiff,       :       05 Civ. 2149 (JSR)

    - against -       :       **ECF CASE**

ASSOCIATED ELECTRIC & GAS INSURANCE       :       **AFFIDAVIT IN RESPONSE TO**
SERVICES LTD., Hamilton, Bermuda (AEGIS), and :       **CROSS-MOTION OF IROQUOIS**
CERTAIN UNDERWRITERS AT LLOYD'S; AON       :       **GAS TRANSMISSION SYSTEM L.P.**
RISK SERVICES OF TEXAS, INC.; and
AMERICAN HOME ASSURANCE CO.,       :

                Defendants.       :
------------------------------------------------------------------X

STATE OF NEW YORK       )
                       ) ss:
COUNTY OF NEW YORK       )

    JOHN P. VAYDA, being duly sworn, deposes and says:

    1. I am a member of the firm of Nourse & Bowles, LLP, attorneys for ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED ("AEGIS") in this matter and am fully familiar with all the facts and proceedings had herein up to the time that the matter was stayed against AEGIS pending London arbitration (July 22, 2005). I am less familiar, and only generally familiar, with the proceedings thereafter.

    2. This Affidavit has been read and edited by counsel for AMERICAN HOME ASSURANCE CO. ("American Home"), who agrees with and adopts this Affidavit.

3. We take this opportunity to advise the Court of points which have not been brought to the Court's attention in either the cross-motion of IROQUOIS GAS TRANSMISSION SYSTEM L.P. ("Iroquois") for judgment against Lloyd's, nor addressed by Lloyd's, and which may seriously and negatively impact the rights of the parties against whom this proceeding has been stayed. We also note that the issues raised in this affidavit are only germane if the Court accepts Iroquois' request to hear and/or grant its cross-motion for judgment against Lloyd's. If the Court finds that Iroquois' cross-motion is subject to the stay, then these issues are not relevant to the late notice defense raised by Lloyds and opposed by Iroquois.

4. Iroquois has cross-moved for judgment against Lloyd's. In order to reach such a decision and/or judgment, the Court would have to find that Iroquois is an additional assured under the Lloyd's policy. We are concerned that such a determination by the Court may, at a later date, be found to be binding on AEGIS and/or American Home even though they would not have had the opportunity to contest such findings.

5. Substantial litigation has been going forward since August 2003 in the United States District Court for the Southern District of Texas, Houston Division, concerning the merits of claims for damage to electrical cables on the bottom of Long Island Sound. The matter before this Court seeks insurance monies from policies covering the different entities who are involved in that accident.

6. It has, from the beginning of this matter, been AEGIS's and American Home's position that several issues must be decided by the Houston Court in the underlying litigation before the matters before this Court can be decided. For present purposes, the principal point which cannot be decided at this time is whether or not Iroquois is an additional assured.

7. Iroquois can only be an additional assured under any/all of the insurance policies before this Court based on the terms of those policies. Each of those policies provides, in essence, that the named assured (Horizon) can add additional assureds (i.e., Iroquois) pursuant to the terms of a contract to which the named assured (Horizon) may be a party. Lloyd's has brought this point to the attention of the Court with point "12" of its Statement of Facts. Iroquois has "admitted" such facts, but denied any inference that Iroquois' claim is based on the construction contract.

8. However, neither Iroquois or Lloyd's has brought to the Court's attention the limitation on additional assured status contained in the Horizon-Iroquois contract. That is the contract to which the insurance contracts point to determine additional assured status. The relevant language of the Horizon-Iroquois contract is set out as paragraphs 101-102 of AEGIS's Second Amended Answer[1] to the Amended Complaint as follows:

> 101. Construction Contract No. 02-12 between Plaintiff and Horizon Offshore Contractors, Inc. dated April 12, 2002 ("Construction Contract")[2] provided:
>
>> 11.1.3 The Contractor [Horizon] shall indemnify, hold harmless and release the Company [Iroquois] and its affiliates, and its and their officers, contractors, employees and agents from and against all liabilities or causes of action, demands, suits, damages, judgments, fees, fines, penalties, costs and expenses resulting from injury to or death of third parties and from any damage to property or any losses of any kind suffered by third parties, due to or caused by the breach of the Contractor of its obligations hereunder, or the willful misconduct or <u>negligence of the Contractor or its Subcontractors in carrying out its responsibilities under this Agreement</u>, except and to the extent such injury, death, damage or loss is caused by the negligence or willful misconduct of the

---

[1] This matter is raised in American Home's Answer as an affirmative defense at ¶¶137-141.
[2] Document 7 attached to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.

>   Company or its affiliates, and its or their officers, employees, agents and contractors.
>
>   (underscore added)

102.   Exhibit G to that Construction Contract, "Schedule of Insurance Requirements", provided:

> 2.4   **Additional Terms**. All insurance policies provided by the Contractor [Horizon] and Subcontractors shall be endorsed to provide that:
>
> 2.4.1   the Company [Iroquois] and its parental, partner, divisional, affiliate or subsidiary companies and all employees thereof shall be included as additional insured (as respects General Liability coverage, Company will be included as an additional insured pursuant to a CG 20 10 (11 85) endorsement to Contractor's and Subcontractors CGL policies) except Worker's Compensation insurance;
>
> 2.4.2   Contractor will waive insurers rights of subrogation and the insurers will include blanket waivers of subrogation on all policies and the insurers will have no right of recovery or subrogation against the Company or its parental, partner, divisional, affiliate, or subsidiary companies, and all employees thereof it being the intention of the parties that the insurance so effected shall protect all parties, and the Contractor's carrier shall be primarily liable for any and all losses covered by the above described insurance <u>for the risks assumed by Contractor herein</u>; and
>
> * * *
>
> 2.4.4   Any requirement to name Company and its parent, partner, divisional, affiliate or subsidiary companies as an additional insured or waive subrogation on any of Contractor's policies or that contractor's policies shall be primary to those of company and its parent, partner, divisional, affiliate or subsidiary companies and that the company's and its parent, partner, divisional, affiliate or subsidiary companies' policies shall be excess and non-contributing to any other policies Contractor <u>shall be limited to those risks covered by Contractor's insurances for which Contractor has agreed under the terms of the contract to assume responsibility or indemnify Company</u> and

> it's parents, partner, divisional, affiliate or subsidiary companies.
>
> * * *
>
> 2.9   **Other Insurance Provisions.**
> . . . Any requirement to name Company and its parent, partner, divisional, affiliate or subsidiary companies as an additional insured or waive subrogation on any of Contractor's policies or that contractor's policies shall be primary to those of the company and its parent, partner, divisional, affiliate or subsidiary companies and that company's and its parent, partner, divisional, affiliate or subsidiary companies' policies shall be excess and non-contributing to any other policies of Contractor <u>shall be limited to those risks covered by Contractor's insurances for which Contractor has agreed under the terms of the contract to assume responsibility or indemnify Company</u> and it's parents, partner, divisional, affiliate or subsidiary companies.
>
> (underscore added)

9. Accordingly, it is AEGIS's and American Home's view that a Court must determine if Horizon has been negligent as a condition precedent to determination whether Iroquois is as an additional assured. This in turn is a condition precedent to entry of judgment against Lloyd's as requested in Iroquois' cross-motion.

10. There is no evidence whether Horizon was or was not negligent before this Court. Neither I nor counsel for American Home have been involved in any of the litigation going forward in the United States District Court for the Southern District of Texas, Houston Division. However, it is our understanding the negligence or lack of negligence of Horizon and/or its barge GULF HORIZON is one of the central points being litigated in that Court. Indeed, as counsel for Iroquois has stated "[t]he liability of the GULF HORIZON is an issue (*the* issue) in the

Limitation Proceeding" before the Houston Court.[3] It therefore seems appropriate that such determination of negligence (or lack thereof) should precede the relief requested in Iroquois' cross-motion now before this Court. Further, from our limited knowledge of the proceedings in the United States District Court for the Southern District of Texas, Houston Division, it appears that that is the proper Court to make such determination.

11. We and counsel for American Home are concerned that if this Court enters judgment on Iroquois' cross-motion against Lloyd's, then Iroquois might seek to use that judgment (or the findings thereunder) as judicial determinations that Iroquois is an additional assured under the AEGIS and American Home policies, and seek to block AEGIS or American Home from raising the above arguments. That would be unfair.

12. Accordingly, we ask the Court to deny Iroquois' cross-motion if it rules that the cross-motion is not stayed.

```
                                    _____
                                           JOHN P. VAYDA
```

Sworn to before me this
23rd day of September, 2005.

_____
           Notary Public

CORINE M. COLLIGAN
Notary Public, State of New York
No. 01CO6014998
Qualified in Richmond County
Commission Expires 10/19/2006

---

[3] Reply Memorandum of Law in Further Support of Iroquois' Motion for Summary Judgment, p. 3.